**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| CONGHUA YAN,<br>THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS,<br>LESLIE STARR BARROWS, in individual capacity,<br>WILLIAM ALBERT PIGG in individual capacity,<br>LORI L DEANGELIS in individual capacity,<br>    and official capacity as associated judge,<br>PANOPYRA PLLC, a private company,<br>FUYAN WANG in individual capacity,<br>YUANLI TANG in individual capacity,<br>JIAYIN ZHENG in individual capacity,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. [4:24-cv-00579-O-BP]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT FOR CIVIL RICO, FALSE CLAIM ACT AND 1983 ETC.,
DEMAND DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGE RELIEF,
AND JURY DEMAND**

Come Now, Plaintiff, Conghua Yan, respectfully moves this Honorable Court first amended complaint for the following causes:

- Civil RICO complaints is lodged against the *Panopyra PLLC*, its associates who are on the Defendants list herein, alleging a pattern of racketeering activity, by alleged violations of the Racketeer Influenced and Corrupt Organizations Act (*RICO*), a chapter of the Organized Crime Control Act of 1970.

- Civil complaints under *The False Claims Act* are lodged against *Leslie Starr Barrows*, *William Albert Pigg*, and *Lori L. DeAngelis* at issue, by alleged false claim related to Federal Title IV-D fund, including but not limited to violation of 31 U.S.C. § 3729-3733.

- Civil complaints under *42 U.S.C. § 1983* are lodged against Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis at issue, by alleged multiple violations of various Federal constitutions and statutes, including but not limited to Fifth and Fourteenth Amendments.

- Civil complaints under Texas civil causes of action fraud are lodged against Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis at issue, by alleged multiple violations of various Texas state statutes.

- Civil complaints under Texas civil causes of action civil conspiracy are lodged against Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis at issue, by alleged multiple violations of various Texas state statutes.

- Civil complaints under Texas civil causes of action civil malpractice, breach of fiduciary duty, breach of contract, negligent misrepresentation, deceptive trade practices, act aiding and abetting fraud, abuse of process are lodged against William Albert Pigg at issue, by alleged multiple violations of various Texas state statutes.

- Civil complaints under Minnesota civil causes of action fraud are lodged against Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis at issue, by alleged multiple violations of various Minnesota state statutes.

Pursuant to FRCP Rule 15(a)(1) and 21, Plaintiff requests that this Honorable Court consider and grant this first amended complaint, along with declaratory and injunctive relief, damage claims, and related matters.

Plaintiff requests a jury trial.

In support of this complaint, Plaintiff states as follows:

## I.   INTRODUCTION

1.        This civil RICO complaint arise from a pattern of predicate acts between 2018 to present. Defendant Fuyan Wang is a massage therapist who operates Panopyra PLLC. The civil RICO complaints arise from her predicate acts under *18 U.S.C. § 1956*, committed between 2018 and the present, involving amounts exceeding $100,000 in cash and more than 50 counts of structuring transactions, under the concealing instructions from attorney Leslie Starr Barrows, and the co-conspirators named herein within a Dallas, Fort Worth based money laundering network.

2.        The *42 U.S.C. § 1983*, and other various complaints arise from a fraudulent temporary restraining order (TRO) with controlling date of June 21, 2022, fabricated by Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis with forged signatures. This fraudulent TRO falsely stated that, pursuant to a Motion for TRO filed by Respondent Fuyan Wang, the associate judge's court held a hearing and issued a TRO. However, **no such Motion for TRO was ever filed** by Respondent Fuyan Wang in the case. It is evident from the case's docket record that, no controversy was pending to be tried in the associate judge's court on June 21, 2022. To conceal the conspiracy, this fraudulent TRO was secretly signed and entered into the docket without being served to Plaintiff. Plaintiff did not become fully aware of this fraudulent TRO until March 2024.

3.        Plaintiff alleges that this fraudulent TRO was entered meets **zero element** of minimum *Procedural Due Process*[1] requirements, which are **notice**[2], **the opportunity to be heard**[3], and **a**

---

[1] ""due process"… traditionally includes at least the right after notice to be heard before an impartial tribunal. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed.2d 158 (1932)." *J.L. v. Parham*, 412 F. Supp. 112, 137 (M.D. Ga. 1976)

[2] "The notice of hearing is … essential to constitute due process of law." *Pennoyer v. Neff*, 95 U.S. 714, 742 (1877)

[3] "[T]he fundamental requisite of due process of law is the opportunity to be heard," *Grannis v. Ordean*, 234 U.S. 385, (1914)

decision by a neutral decision-maker[4]. There was **no notice** because **no** *Motion for TRO filed by Respondent Fuyan Wang* **was filed**. There was **no hearing** because **no** *Motion for TRO filed by Respondent Fuyan Wang* **was filed**. There was obviously **no neutral decision-maker** because **no ruling was pronounced in open court** and the associate judge had **no controversy pending** in the associate judge's court on that date when she signed the fraudulent TRO. This fraudulent TRO is merely a creation of two attorneys who drafted an order with a forged signature of the Plaintiff, and an associate judge's collusion in signing it, falsely indicating that proper due process was followed before entering it into the case docket.

4.      Plaintiff alleges that the fraudulent TRO restrained Plaintiff's liberty of living in his own marital home, and subsequently led to the issuance of a writ of garnishment withholding Plaintiff's income for child support, which is another under-the-table relief that was never rendered in open court by the associate judge.

5.      The *False Claims Act* complaint arise from that fraudulent TRO which used to claim Federal Titil IV-D fund, for a writ of garnishment withhold Plaintiff's income for child support since June 2022 until present. Under Title IV-D, *42 U.S.C. § 655* - Payments to States and *42 U.S.C. § 658a* - Incentive Payments to States, these financial arrangements allow the State of Texas to receive $66 for every $100 collected in child support as part of the federal funding mechanism to incentivize effective child support enforcement. Plaintiff alleges that, at Plaintiff's current income garnishment rate, Defendants Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis have knowingly conspired to incur loss of $920 from the Federal Title IV-D fund since June 2022 and ongoing, used false or fraudulent claim, record or statement, in violation of *31 U.S.C. § 3729*.

6.      Other various state civil cause of action complaints arise from that fraudulent TRO as well.

7.      Plaintiff is a pro se litigant, Federal Circuits has ruled that, "[i]n any case, the Rules **do not require a plaintiff to plead the legal theory, facts, or elements underlying his claim**. *See Higgs v. Carver,*286 F.3d 437, 439 (7th Cir. 2002); *In re Initial Public Offering Secs. Litig.,*241 F.Supp.2d

---

[4] "procedural due process, which requires the federal government to give persons denied of life, liberty, or a property interest proper notice, the opportunity to be heard, and a decision by a neutral decision-maker." *Joyner v. Del Rio Border Control Station*, CIVIL DR-22-CV-0013-AM, 11 (W.D. Tex. Oct. 2, 2023)

281, 323 (S.D.N.Y. 2003). **This is <u>especially true</u> in the case of *pro se* <u>litigants</u>**, who cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were **injured**, and that their allegations can conceivably give rise to a viable claim, *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229; *see also* Fed.R.Civ.P. Forms 4-11 (giving examples of complaints that do not provide explicit legal theories for recovery)." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

8.      "**Pro se** lawsuits present district judges and magistrates with a **special dilemma**. On the one hand, they represent the work of an untutored hand requiring **special judicial solicitude**. On the other, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. In Gordon v. Leeke, 574 F.2d 1147, cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), this circuit detailed steps district courts may usefully take to **assist** pro se litigants in the presentation of their grievances. Gordon expressed the indisputable desire that those litigants with meritorious claims **should not be tripped up in court** on technical niceties. 574 F.2d at 1151." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

9.      "Thus, the **liberal construction rule** means a judge **should not ignore any obvious possible cause of action** or defense suggested by the **facts alleged** in the pleadings **even if the litigant does not expressly invoke that theory**." Cynthia Gray, *Reaching out or Overreaching: Judicial Ethics and Self-Represented Litigants* , 27 J. Nat'l Ass'n Admin. L. Judiciary Iss. 1 (2007).

## II.   JURISDICTION AND VENUE

1.      This Court has jurisdiction under *18 U.S.C. § 1595*, *18 U.S.C. § 1964, 31 U.S.C. 3732* and *28 U.S.C. § 1331* because the essential substantive violation of Federal law arises under *18 U.S.C. § 1961-1968*, *18 U.S.C. § 4*, *18 U.S.C. § 1341*, *18 U.S.C. § 1343*, *18 U.S.C. § 1345*, *18 U.S.C. § 1349*, *18 U.S.C. § 1956*, *18 U.S.C. § 1027*, *31 U.S.C. § 3730* and *42 U.S.C. § 1983* etc.

2.      Additionally, This Court has supplemental jurisdiction under *28 U.S.C. § 1367*, because this action also states claims for violating the multiple Texas and Minnesota statues.

3.      This Court is allowed to award the requested declaratory relief, injunctive relief, compensatory damages relief, punitive damages relief, treble damages relief, fees relief and expense

relief under the Declaratory Judgment Act, *28 U.S.C. §§ 2201-2202*, *15 U.S.C. § 15*, *15 U.S.C. § 26*, *18 U.S.C. § 1964*, and by its general legal and equitable powers.

4.       Venue is proper in the Northern District of Texas pursuant to *28 U.S.C. § 1391(b)*, *18 U.S.C. § 1965*, and *15 U.S.C. § 22*, as Plaintiff resided in Tarrant County, Texas for over 10 years before filing this lawsuit. One Defendant, the main actor, Leslie Starr Barrows, is a resident of Tarrant County. Several RICO racketeering activities performed by Leslie Starr Barrows occurred in Tarrant County, which falls within the jurisdiction of the Northern District of Texas. Therefore, the Northern District of Texas is the proper venue for this action.

# III.   PARTIES

5.       Plaintiff Conghua Yan is a natural person and a resident of Tarrant County for more than 10 years. Plaintiff works as a professional IT expert for the banking sector. For almost 30 years, Plaintiff has devoted his entire professional life to the banking sector. Plaintiff built a solid reputation for himself throughout his career. Plaintiff doesn't have a criminal record.

6.       Plaintiff the United State of American is the United States Government, a party brought under *31 U.S.C § 3730*.

7.       Defendant Leslie Starr Barrows, member of the State Bar of Texas, Bar Card Number:24048343, is a natural person and a resident of Tarrant County for more than 10 years.

8.       Defendant William Albert Pigg, member of the State Bar of Texas, Bar Card Number:24057009, is a natural person and a resident of Dallas County for more than 10 years.

9.       Defendant Lori L. DeAngelis, aka Lori DeAngelis Griffith, member of the State Bar of Texas, Bar Card Number:05624250. She is being sued in her official capacity and in her individual capacity. Defendant Lori L. DeAngelis' official capacity is being sued under ultra vires doctrine, for her ultra vires acts. Defendant Lori L. DeAngelis' individual capacity is being sued for her alleged activities in the clear absence of all jurisdictions.

10.       Defendant, the State of Texas, is being sued in Defendant Lori L. DeAngelis' official capacity.

11.      Defendant, the Panopyra PLLC, is a private company operated by Defendant Fuyan Wang. The Panopyra PLLC is being sued as an enterprise under *18 U.S.C. § 1962(a) (c)*.

12.      Defendant, Fuyan Wang a natural person and a resident of Tarrant County for more than 7 years. Fuyan Wang is being sued as a person under *18 U.S.C. § 1962(a) (c) and 18 U.S.C. § 1962(d)*.

13.      Defendant, Yuanli Tang a natural person and a resident of Texas. Yuanli Tang is being sued as a person under *18 U.S.C. § 1962(a) (c) and 18 U.S.C. § 1962(d)*.

14.      Defendant, Jiayin Zheng a natural person and a resident of Texas. Jiayin Zheng is being sued as a person under *18 U.S.C. § 1962(a) (c) and 18 U.S.C. § 1962(d)*.

## IV.   First Claim for Relief / *RICO*
### *Compensatory, punitive and treble damages*

15.      Plaintiff incorporates by reference the sections "INTRODUCTION" as if fully set forth herein.

16.      Plaintiff refers to every paragraph herein as Plaintiff's allegation.

17.      Plaintiff refers to every paragraph herein where the name of a person or entity is mentioned and its attachment as factual statements.

18.      Plaintiff refers to every sentence herein where the U.S. Code is mentioned as an allegation to its related party.

19.      Culpable Person:
   - Defendant Leslie Starr Barrows.
   - Defendant, Fuyan Wang.
   - Defendant, Jiayin Zheng.
   - Defendant, Yuanli Tang.

20.      Enterprise
   - Panopyra PLLC

21.      Racketeering Activities
   - 18 U.S.C. § 1343
   - 18 U.S.C. § 1956

- 31 U.S.C. § 5324

22.   RICO offenses

    a.   18 U.S.C. § 1962(a)
    b.   18 U.S.C. § 1962(c)
    c.   18 U.S.C. § 1962(d)

23.   Scheme

    a.   Money laundering cash income obtained from tax evasion *§ 1956*
    b.   Deposit cash into financial institution under structuring *§ 5324*
    c.   Transferring money laundering cash oversea via wire *§ 1343*
    d.   Conspire to conceal money laundering via perjury
    e.   Conspire to conceal money laundering via cash payment through other conspirators

24.   Plaintiff alleges that, since 2018 to present, Defendants Fuyan Wang has committed a pattern of tax evasion under RICO enterprise Panopyra PLLC, through her business of massage, violations of section 7201 or 7206 of the Internal Revenue Code of 1986, obtained more than $100,000 cash income, constituted violation of 18 U.S.C. § 1962(a)(c).

25.   Plaintiff alleges that, between 2018 and 2021, Defendant Fuyan Wang committed no less than five counts of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343). She transmitted at least **$15,000 in cash** to an overseas China account possessed by co-conspirator, Changgui Wang, using **Western Union** financial services, without disclosing the true source of the income. She made false disclosures and used structuring tactics (31 U.S.C. § 5324) to avoid detection and financial regulations. Each of her transaction was exactly below $3000, to avoid ID claim requirement of Western Union. Her acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

26.   Plaintiff alleges that, between 2018 and 2021, Defendant Fuyan Wang committed no less than two counts of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343). Her attorneys, including but not limited to co-Defendant Leslie Starr Barrows has laundered no less than **$10,800 in cash**, using account under attorney's possession, without disclosing the true source of the income. She made false disclosures and used structuring tactics (31 U.S.C. § 5324) to avoid detection and financial regulations. Despite of knowing that Defendant Fuyan Wang is being alleged of tax evasion and money laundering, Leslie Starr Barrows and Fuyan Wang intentionally concealed all of these incurred cash transactions during whole disclosure and discover stage. Furthermore, Defendants Leslie Starr Barrows and Fuyan Wang committed additional acts to further conceal and proceed

money laundering cash using attorney's account. All of these alleged acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

27.    Plaintiff alleges that, between 2021 to 2022, Defendants Leslie Starr Barrows and Fuyan Wang submitted multiple perjury statement under sworn in affidavits, claiming that Defendant Fuyan Wang do not possess any meaningful financial assets and concealed about her cash possession. All of these acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

28.    Plaintiff alleges that, between 2018 to 2021, Defendants Fuyan Wang committed no less than twenty counts of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343) by deposition of **cash** into financial account, in an amount no less than **$20,000**, under structuring tactics (31 U.S.C. § 5324) to avoid detection and financial regulations. All of these acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

29.    Plaintiff alleges that, in August 2021, Defendants Fuyan Wang committed one count of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343) by deposition of **cash** to acquire a K1 investment property in Dallas, in an amount of **$50,000**. Defendants Fuyan Wang forged and signature and made false statement. All of these acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

30.    Plaintiff alleges that, between 2021 to 2022, Defendants Fuyan Wang under the instruction of Defendant Leslie Starr Barrows, opened no less than 3 new bank accounts in 2021, committed no less than thirty counts of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343) by deposition of **cash** into her account, in an amount no less than **$30,000**, under structuring tactics (31 U.S.C. § 5324) to avoid detection and financial regulations. Leslie Starr Barrows and Fuyan Wang intentionally concealed all of these subsequent cash money laundering transactions during whole disclosure and discovery stage. All of these acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

31.    Plaintiff alleges that, between 2021 and 2024, Defendants Jiayin Zheng and Fuyan Wang committed no less than five counts of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343) in an amount no less than **$3,000** in cash**.** Despite of knowing that Defendant Fuyan Wang is being alleged of tax evasion and money laundering, Defendants Jiayin Zheng and Fuyan Wang intentionally concealed all of these incurred cash transactions during whole disclosure and discovery stage. Defendants Jiayin Zheng and Fuyan Wang committed additional acts to further proceed money

laundering cash using Jiayin Zheng's account. All of these alleged acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

32.     Plaintiff alleges that, between 2021 and 2024, Defendants Yuanli Tang and Fuyan Wang committed no less than one count of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343) in an amount no less than **$40,000** in **cash**. Despite of knowing that Defendant Fuyan Wang is being alleged of tax evasion and money laundering, Defendants Yuanli Tang and Fuyan Wang intentionally concealed all of these incurred cash transactions during whole disclosure and discovery stage. Defendants Yuanli Tang and Fuyan Wang committed additional acts to further proceed money laundering cash using Yuanli Tang's account. All of these alleged acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

33.     Plaintiff alleges that, Defendants Fuyan Wang has received instructions from a Dallas Fort Worth based money laundering network, which helped her to obtain sufficient knowledge of structing tactic. She was able to succeed of money laundering cash of more than **$100,000** without triggering the alarm by deploying structing tactic using multiple person's accounts. Plaintiff alleges that, all the Defendants named herein received financial benefits by helping Defendants Fuyan Wang to conceal her cash possession from actual source of tax evasion. All of these alleged acts constituted violation of 18 U.S.C. § 1962(a)(c)(d).

**Injuries**

34.     Plaintiff alleges that the Defendants' RICO predicate activities and their concealment conspiracy through fraud and perjury have caused him a direct injury, resulting in the loss of more than $150,000 in unnecessary attorney fees and expenses while pursuing the exposure of the truth in a suit in the state family court.

35.     Plaintiff alleges that by concealing cash income obtained from tax evasion and transferring cash assets overseas and to various accounts under fraud and perjury, Defendant Fuyan Wang succeeded in falsely claiming and portraying herself of being a victim of financial abuse and control. This portrayal led to the expulsion of Plaintiff from his marital home and granted Defendant Fuyan Wang exclusive possession of all community properties since 2021. As a result, Plaintiff incurred a direct injury of more than $100,000 in unnecessary living expenses and was subsequently

indirectly injured by being compelled to subsidize Defendant Fuyan Wang living expenses amounting to $100,000 or more.

36.      Plaintiff alleges that, these unlawful RICO racketeering activities have caused Plaintiff many sleepless nights and significant emotional distress. Plaintiff also experienced endocrine and metabolic disorders due to emotional distress.

**Reliefs**

37.      Plaintiff is entitled to receive vicarious liability relief, pursuant to *18 U.S.C. § 1964*. "With this in mind, we find no barrier to vicarious liability in this case as such liability has been found to be available under subsections (a) and (b) when the principal has **derived** some **benefit** from the agent's wrongful acts. Landry, 901 F.2d at 425; Liquid Air Corp. v. Rogers,834 F.2d 1297, 1307 (7th Cir. 1987), cert. denied, 492 U.S. 917, 109 S.Ct. 3241, 106 L.Ed.2d 588 (1989)." *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995).

38.      For the foregoing reasons,

39.      The Court should hold *Defendant names herein* are vicariously and derivatively liable, pursuant to *18 U.S.C. § 1964*.

40.      The Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $350,000, pursuant to *18 U.S.C. § 1964*.

41.      The Court should reward Plaintiff punitive damages pursuant to the claims herein, in an amount of no less than $1,050,000, pursuant to *18 U.S.C. § 1964*.

42.      The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $1,050,000, pursuant to *18 U.S.C. § 1964*.

43.      The Court should reward Plaintiff's expenses and costs, pursuant to *42 U.S.C. § 1988*, *28 U.S.C. § 1920*, *18 U.S.C. § 1964* and Fed. R. Civ. P. 54.

44.      The Court should reward any and all other such relief that the Court deems just and proper.

## *V.*   Second Claim (qui tam) for Relief *False Claim Act*
### *Compensatory, punitive and treble damages*

45.     Plaintiff incorporates by reference the sections "INTRODUCTION" as if fully set forth herein.

46.     Plaintiff refers to every paragraph herein as Plaintiff's allegation.

47.     Plaintiff refers to every paragraph herein where the name of a person or entity is mentioned and its attachment as factual statements.

48.     Plaintiff refers to every sentence herein where the U.S. Code is mentioned as an allegation to its related party.

49.     Plaintiffs named herein: Conghua Yan (*qui tam*), the United State of America.

50.     Defendant named herein: Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis.

51.     Plaintiff alleges that, on June 21, 2022, Defendant Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis colluded to enter a fraudulent temporary restraining order (TRO) with forged signature of his, followed with an income withhold garnishment. There was no Motion for TRO filed by Respondent Fuyan Wang filed to the case and Defendant Lori DeAngelis' ministerial signing act is an ultra vires act. There was **no controversy pending** in the associate judge's court on June 21, 2022, the associate judge's court clear absence of all jurisdiction.

52.     Plaintiff alleges that, Defendant Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis colluded to enter a fraudulent (TRO) lacking of actual "controversies" when no actual motion named in the TRO filed into the associate judge's court.

53.     Therefore, entering this fraudulent temporary restraining order led to collect unwarranted Title IV-D fund is a fraudulent claim act.

54.     Under Title IV-D, *42 U.S.C. § 655* - Payments to States and *42 U.S.C. § 658a* - Incentive Payments to States, these financial arrangements allow the State of Texas to receive $66 for every $100 collected in child support as part of the federal funding mechanism to incentivize effective child

support enforcement. Plaintiff alleges that, at Plaintiff's current income garnishment rate, the 325th State Court and the State of Texas have knowingly conspired to collect $920 per month from the Federal Title IV-D fund since June 2022 and ongoing, used false or fraudulent claim, record or statement, in violation of *31 U.S.C. § 3729(a)(1)*.

### Injuries

55.     Plaintiff alleges that the direct injury from the Defendant's acts is the $920 monthly loss of the Federal Title IV-D fund since June 2022 and ongoing, used false or fraudulent claim, record or statement, in violation of *31 U.S.C. § 3729*, in an amount of no less than $20,000.

### Reliefs

56.     For the foregoing reasons,

57.     The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $60,000, pursuant to *31 U.S.C. § 3729*.

58.     The Court should reward Plaintiff reward pursuant to the claims herein, in an amount of no less than $15,000, pursuant to *31 U.S.C. § 3730(d)*.

59.     The Court should reward Plaintiff's expenses and costs, pursuant to *42 U.S.C. § 1988*, *28 U.S.C. § 1920*, *18 U.S.C. § 1964* and Fed. R. Civ. P. 54.

60.     The Court should reward any and all other such relief that the Court deems just and proper.

## VI.   Third Claim for Relief *42 U.S.C. § 1983*
### <u>U.S. Const. amend. XIV</u>
### <u>42 U.S.C. § 1983</u>
### <u>Compensatory, punitive and treble damages</u>

61.     Plaintiff incorporates by reference the sections "INTRODUCTION" as if fully set forth herein.

62.     Plaintiff refers to every paragraph herein as Plaintiff's allegation.

63.　　　Plaintiff refers to every paragraph herein where the name of a person or entity is mentioned and its attachment as factual statements.

64.　　　Plaintiff refers to every sentence herein where the U.S. Code is mentioned as an allegation to its related party.

65.　　　Defendant named herein: Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis, the State of Texas.

66.　　　Plaintiff alleges that, on June 21, 2022, Defendant Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis colluded to enter a fraudulent temporary restraining order (TRO) with forged signature of his. There was no Motion for TRO filed by Respondent Fuyan Wang filed to the case. Therefore, entering this fraudulent temporary restraining order violates *Procedural Due Process* of Fifth and Fourteenth Amendment.

67.　　　Plaintiff alleges that, subsequently, Defendant Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis colluded to enter a writ of garnishment to his case under the alleged fraudulent TRO. This writ of garnishment is used to withhold his income for child support. Entering this writ of garnishment violated *Procedural Due Process* of Fifth and Fourteenth Amendment because the underline TRO is fraudulent and there was no rendition of this garnishment, therefore, there was no consent by both parties as well.

68.　　　Plaintiff alleges that by entering a fraudulent TRO on June 21, 2022, and an unlawful writ of income garnishment on June 22, 2022, Defendants Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis, under the color of law and without due process, deprived Plaintiff of rights and property. This directly violated the Procedural Due Process clause of the Fifth and Fourteenth Amendments, resulting in two counts of violation of 42 U.S.C. § 1983

69.　　　Additionally, these two acts deprived him of his **liberty to "live and work"** freely in his own marital home under the fraudulent TRO. Plaintiff alleges that he was deprived of **his liberty to "use [his income] in all lawful ways"** under the unlawful garnishment. Plaintiff further alleges that he was deprived of his **liberty to "enjoy [his income]"** and to "**pursue his livelihood**" under other clauses of the fraudulent TRO. These alleged acts constituted additional four counts of violation of *42 U.S.C. § 1983*.

70.     On June 21, 2022, Plaintiff still have a pending de novo hearing in the district court. Family court's associate judge position is a creature of statue[5] which only holds restricted statutory judicial power expressly granted by the statue[6] [7].

71.     Lori L. DeAngelis' ultra vires act of entering a fraudulent TRO on June 21, 2022, prejudiced and deprived Plaintiff of access to the de novo proceedings, violating the constitutional grant of powers to the judiciary. This act constituted additional one count of violation of *42 U.S.C. § 1983*.

72.     However, due to the repeated garnishment of income every two weeks since June 2022, Plaintiff alleges that there are ongoing violations of *42 U.S.C. § 1983* every two weeks when his payroll gets withheld.

73.     This secretly entered fraudulent TRO on June 21, 2022, lacking of notice, under conspiracy, prejudiced and deprived Plaintiff of right to access appellate review. Defendant William Albert Pigg never informed Plaintiff about this signed order. Pursuant to Texas Family Code § 201.016 Appellate Review, the date order signed is the controlling date for the purpose of an appeal to, or a request for other relief relating to the order from, a court of appeals or the supreme court. In the fact, without being told the signed date and the existence of a signed order, Plaintiff would have lost his right to access appellate review, which was exactly happened in his case.

---

[5] "However, the right to a trial **de novo** before an elected judge was **designed to conform the proceedings to the constitutional grant of powers to the judiciary**. *See In re D.L.M.*, 982 S.W.2d 146, 148 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Associate judges **are creatures of statute** and **are not vested with the authority to render** a final order under the Texas Constitution. *See* TEX. CONST. art. V, § 1; TEX. FAM. CODE ANN. § 201.104(b)." *In re L.D.C.*, NUMBER 13-17-00053-CV, 13-12 (Tex. App. Dec. 13, 2018).

[6] "In Texas, all trials are conducted before judges. TEX. CONST. art. V, § 1. **The Texas Constitution does not vest** masters, referees, or **associate judges with the authority to act as judges**. **Only when a statute permits** a litigant to waive his or her constitutional right to trial before a judge, may a person who is not a judge adjudicate the merits of the case." *In re D.L.M.*, 982 S.W.2d 146 (Tex. App. 1998).

[7] Tex. Fam. Code §201.007 clearly defined "Powers of Associate Judge" as:
(a)  Except as limited by an order of referral, an associate judge **may** (14) **without prejudice to the right to a de novo hearing before the referring court** under Section 201.015 and subject to Subsection (c), **render and sign**:(C) **a temporary order**

74.     Plaintiff alleges that, Defendant Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis colluded to enter a fraudulent (TRO) lacking of actual "controversies" when no actual motion named in the TRO filed into the associate judge's court.

75.     Plaintiff alleges that the fraudulent TRO entered violated Procedural Due Process of Fifth and Fourteen Amendment. In the absence of a motion filed, this order lacks the elements of notice, opportunity to be heard, impartial tribunal, and decision based on the record, among others. Plaintiff alleges that, on June 21, 2022, Defendant Lori DeAngelis' ministerial signing act is an ultra vires act, her associate judge's court clear absence of all jurisdiction.

76.     Plaintiff alleges that he was betrayed by his own attorney, Defendant Willaim Albert Pigg, the fraudulent TRO is a result of structural error and extrinsic fraud.

77.     Plaintiff alleges that he was deprived of the constitutional right to be heard in district court with a pending de novo hearing upon his timely filed objection, as a result of conspiracy of Defendant Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis.

### Injuries

78.     Plaintiff alleges that the direct injury from the Defendant's acts is the loss of his income every month due to the unlawful garnishment, amounting to $50,000 and ongoing.

79.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of living outside of his marital residential home, under the unlawful restraint, amounting to $100,000 and ongoing.

80.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of paying mortgage, insurance and propter tax for his marital residential home where he is enjoined to live, under the unlawful restraint, amounting to $150,000 and ongoing.

81.     Plaintiff alleges that, he suffered an intangible injury due to the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, introduced by these alleged acts which deprived of his liberties since June 2022 and ongoing.

82.       Before June 2022, Plaintiff had a perfect credit score and had never missed a payment in his lifetime. Plaintiff alleges that he has suffered tangible and intangible injuries due to the financial burden, stress, and struggle introduced by these alleged acts, which have deprived him of his liberties since June 2022 and are ongoing. Plaintiff alleges that he has accumulated a large amount of unpaid debt, missed various payments, incurred many penalty fees due to failure to make timely payments, and damaged his excellent credit score.

83.       For the foregoing reasons,

84.       The Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $1,000,000, pursuant to *42 U.S.C. § 1983*.

85.       The Court should reward Plaintiff punitive damages pursuant to the claims herein, in an amount of no less than $3,000,000, pursuant to *42 U.S.C. § 1983*.

86.       The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $3,000,000, pursuant to *42 U.S.C. § 1983*.

87.       The Court should reward Plaintiff's expenses and costs, pursuant to *42 U.S.C. § 1988*, *28 U.S.C. § 1920*, and Fed. R. Civ. P. 54.

88.       The Court should reward any and all other such relief that the Court deems just and proper.

### *VII.*    Fourth Claim for Texas civil causes of action fraud
#### *Compensatory, punitive and treble damages*

89.       Defendant named herein: Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis.

90.       Plaintiff alleged that on June 21, 2022, Defendants Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis jointly colluded to enter a fraudulent TRO, which was a material misrepresentation made recklessly and with knowledge of its falsity. Defendants engaged in this act to restrain Plaintiff and establish leverage against him, subsequently prejudicing him in the proceedings. Defendants named herein knew that there was no controversy pending to be tried in the associate

judge's court on that date. Defendants named herein knew that there was no Motion for TRO filed by Respondent Fuyan Wang. Defendants named herein knew that there was no salary garnishment ruled in the open court. Defendants named herein knew that Plaintiff objected to the restraining order in the district court and still had a pending de novo hearing.

91.    Plaintiff alleges that, on June 21, 2022, Defendant Lori DeAngelis' ministerial signing act is an ultra vires act, her associate judge's court clear absence of all jurisdiction.

92.    Plaintiff alleges that the direct injury from the Defendant's acts is the loss of his income every month due to the unlawful garnishment, amounting to $50,000 and ongoing.

93.    Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of living outside of his marital residential home, under the unlawful restraint, amounting to $100,000 and ongoing.

94.    Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of paying mortgage, insurance and propter tax for his marital residential home where he is enjoined to live, under the unlawful restraint, amounting to $150,000 and ongoing.

95.    Plaintiff alleges that, he suffered an intangible injury due to the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, introduced by these alleged acts which deprived of his liberties since June 2022 and ongoing.

96.    Before June 2022, Plaintiff had a perfect credit score and had never missed a payment in his lifetime. Plaintiff alleges that he has suffered tangible and intangible injuries due to the financial burden, stress, and struggle introduced by these alleged acts, which have deprived him of his liberties since June 2022 and are ongoing. Plaintiff alleges that he has accumulated a large amount of unpaid debt, missed various payments, incurred many penalty fees due to failure to make timely payments, and damaged his excellent credit score.

97.    For the foregoing reasons,

98.    The Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $1,000,000.

99.     The Court should reward Plaintiff punitive damages pursuant to the claims herein, in an amount of no less than $3,000,000.

100.    The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $3,000,000.

101.    The Court should reward Plaintiff's expenses and costs.

102.    The Court should reward any and all other such relief that the Court deems just and proper.

### VIII.   Fifth Claim for Texas civil causes of action conspiracy
#### _Compensatory, punitive and treble damages_

103.    Defendant named herein: Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis.

104.    Plaintiff alleged that on June 21, 2022, Defendants Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis jointly conspired to enter a fraudulent TRO, which was a material misrepresentation made recklessly and with knowledge of its falsity. Defendants engaged in this act to restrain Plaintiff and establish leverage against him, subsequently prejudicing him in the proceedings. Defendant William Pigg forged Plaintiff's signature. Defendant Leslie Starr Barrows drafted the fraudulent TRO. Defendant Lori L. DeAngelis signed the fraudulent TRO. Defendant Leslie Starr Barrows entered the order into the docket through submission. Under conspiracy, Defendants never served the final signed copy to Plaintiff.

105.    Defendants named herein knew that there was no controversy pending to be tried in the associate judge's court on that date. Defendants named herein knew that there was no Motion for TRO filed by Respondent Fuyan Wang. Defendants named herein knew that there was no salary garnishment ruled in the open court. Defendants named herein knew that Plaintiff objected to the restraining order in the district court and still had a pending de novo hearing.

106.    Plaintiff alleges that, on June 21, 2022, Defendant Lori DeAngelis' ministerial signing act is an ultra vires act, her associate judge's court clear absence of all jurisdiction.

107.     Plaintiff alleges that the direct injury from the Defendant's acts is the loss of his income every month due to the unlawful garnishment, amounting to $50,000 and ongoing.

108.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of living outside of his marital residential home, under the unlawful restraint, amounting to $100,000 and ongoing.

109.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of paying mortgage, insurance and propter tax for his marital residential home where he is enjoined to live, under the unlawful restraint, amounting to $150,000 and ongoing.

110.     Plaintiff alleges that, he suffered an intangible injury due to the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, introduced by these alleged acts which deprived of his liberties since June 2022 and ongoing.

111.     Before June 2022, Plaintiff had a perfect credit score and had never missed a payment in his lifetime. Plaintiff alleges that he has suffered tangible and intangible injuries due to the financial burden, stress, and struggle introduced by these alleged acts, which have deprived him of his liberties since June 2022 and are ongoing. Plaintiff alleges that he has accumulated a large amount of unpaid debt, missed various payments, incurred many penalty fees due to failure to make timely payments, and damaged his excellent credit score.

112.     For the foregoing reasons,

113.     The Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $1,000,000.

114.     The Court should reward Plaintiff punitive damages pursuant to the claims herein, in an amount of no less than $3,000,000.

115.     The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $3,000,000.

116.     The Court should reward Plaintiff's expenses and costs.

117.     The Court should reward any and all other such relief that the Court deems just and proper.

## IX.   Sixth Claim for Texas civil causes of action: malpractice, breach of fiduciary duty, breach of contract, negligent misrepresentation, deceptive trade practices, act aiding and abetting fraud, abuse of process
### _Compensatory, punitive and treble damages_

118.     Defendant named herein: William Albert Pigg.

119.     Plaintiff acquired Defendant William Albert Pigg as his counsel since November 2021. Defendant withdrew in September 2022.

120.     Plaintiff alleged that on June 21, 2022, Defendant William Albert Pigg jointly colluded with Leslie Starr Barrows and Lori L. DeAngelis to enter a fraudulent TRO, which was a material and susceptible of knowledge fact. This false representation made recklessly with knowledge of its falsity. William Albert Pigg engaged in this act to restrain Plaintiff and establish leverage against him, subsequently prejudicing him in the proceedings. Defendant William Pigg forged Plaintiff's signature and signed for himself. Leslie Starr Barrows drafted the fraudulent TRO. Lori L. DeAngelis signed the fraudulent TRO. Leslie Starr Barrows entered the order into the docket through submission.

121.     This secretly entered fraudulent TRO on June 21, 2022, lacking of notice, under conspiracy, prejudiced and deprived Plaintiff of right to access appellate review. Under conspiracy, Defendant never informed the final signed copy to Plaintiff. Pursuant to Texas Family Code § 201.016 Appellate Review, the date order signed is the controlling date for the purpose of an appeal to, or a request for other relief relating to the order from, a court of appeals or the supreme court. In the fact, without being told the signed date and the existence of a signed order, Plaintiff would have lost his right to access appellate review, which was exactly happened in his case.

122.     Plaintiff alleged that, William Albert Pigg knew that there was no controversy pending to be tried in the associate judge's court on that date. William Albert Pigg knew that there was no Motion for TRO filed by Respondent Fuyan Wang. William Albert Pigg knew that there was no salary garnishment ruled in the open court. William Albert Pigg knew that Plaintiff objected to the restraining order in the district court and still had a pending de novo hearing.

123.     Plaintiff alleged that William Albert Pigg's acts constituted malpractice, breach of fiduciary duty, breach of contract, negligent misrepresentation, deceptive trade practices, act aiding and abetting fraud, abuse of process.

124.     Plaintiff alleges that this fraudulent TRO was the proximate cause of Plaintiff's income loss damages. Plaintiff alleges that the direct injury from the Defendant's acts is the loss of his income every month due to the unlawful garnishment, amounting to $50,000 and ongoing.

125.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of living outside of his marital residential home, under the unlawful restraint, amounting to $100,000 and ongoing.

126.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of paying mortgage, insurance and propter tax for his marital residential home where he is enjoined to live, under the unlawful restraint, amounting to $150,000 and ongoing.

127.     Plaintiff alleges that, he suffered an intangible injury due to the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, introduced by these alleged acts which deprived of his liberties since June 2022 and ongoing.

128.     Before June 2022, Plaintiff had a perfect credit score and had never missed a payment in his lifetime. Plaintiff alleges that he has suffered tangible and intangible injuries due to the financial burden, stress, and struggle introduced by these alleged acts, which have deprived him of his liberties since June 2022 and are ongoing. Plaintiff alleges that he has accumulated a large amount of unpaid debt, missed various payments, incurred many penalty fees due to failure to make timely payments, and damaged his excellent credit score.

129.     For the foregoing reasons,

130.     The Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $1,000,000.

131.     The Court should reward Plaintiff punitive damages pursuant to the claims herein, in an amount of no less than $3,000,000.

132.     The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $3,000,000.

133.     The Court should reward Plaintiff's expenses and costs.

134.     The Court should reward any and all other such relief that the Court deems just and proper.

## X.   Seventh Claim for Minnesota common law fraud action
### *Compensatory, punitive and treble damages*

135.     Defendant named herein: Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis.

136.     Plaintiff alleged that on June 21, 2022, Defendants Leslie Starr Barrows, William Albert Pigg, and Lori L. DeAngelis jointly colluded to enter a fraudulent TRO, which was a material and susceptible of knowledge fact. This false representation made recklessly by Defendants and with knowledge of its falsity. Defendants engaged in this act to restrain Plaintiff and establish leverage against him, subsequently prejudicing him in the proceedings. Defendant William Pigg forged Plaintiff's signature. Defendant Leslie Starr Barrows drafted the fraudulent TRO. Defendant Lori L. DeAngelis signed the fraudulent TRO. Defendant Leslie Starr Barrows entered the order into the docket through submission. Under conspiracy, Defendants never served the final signed copy to Plaintiff.

137.     Defendants named herein knew that there was no controversy pending to be tried in the associate judge's court on that date. Defendants named herein knew that there was no Motion for TRO filed by Respondent Fuyan Wang. Defendants named herein knew that there was no salary garnishment ruled in the open court. Defendants named herein knew that Plaintiff objected to the restraining order in the district court and still had a pending de novo hearing.

138.     Plaintiff alleges that, on June 21, 2022, Defendant Lori DeAngelis' ministerial signing act is an ultra vires act, her associate judge's court clear absence of all jurisdiction.

139.     Plaintiff alleges that this fraudulent TRO was the proximate cause of Plaintiff's income loss damages. Plaintiff alleges that the direct injury from the Defendant's acts is the loss of his income

from a Minnesota employer, U.S. Bancorp, every month due to the unlawful garnishment, amounting to $50,000 and ongoing.

140.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of living outside of his marital residential home, under the unlawful restraint, amounting to $100,000 and ongoing.

141.     Plaintiff alleges that the direct injury from the Defendant's acts is the incurring expense of paying mortgage, insurance and propter tax for his marital residential home where he is enjoined to live, under the unlawful restraint, amounting to $150,000 and ongoing.

142.     Plaintiff alleges that, he suffered an intangible injury due to the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, introduced by these alleged acts which deprived of his liberties since June 2022 and ongoing.

143.     Before June 2022, Plaintiff had a perfect credit score and had never missed a payment in his lifetime. Plaintiff alleges that he has suffered tangible and intangible injuries due to the financial burden, stress, and struggle introduced by these alleged acts, which have deprived him of his liberties since June 2022 and are ongoing. Plaintiff alleges that he has accumulated a large amount of unpaid debt, missed various payments, incurred many penalty fees due to failure to make timely payments, and damaged his excellent credit score.

144.     For the foregoing reasons,

145.     The Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $1,000,000.

146.     The Court should reward Plaintiff punitive damages pursuant to the claims herein, in an amount of no less than $3,000,000.

147.     The Court should reward Plaintiff treble damages pursuant to the claims herein, in an amount of no less than $3,000,000.

148.     The Court should reward Plaintiff's expenses and costs.

149.     The Court should reward any and all other such relief that the Court deems just and proper.

## XI.    Prayer for Relief

Based on the above, Plaintiff respectfully requests for the following relief:

1. For the first claim, grant all the reliefs Plaintiff requested.

2. For the second claim, grant all the reliefs Plaintiff requested.

3. For the third claim, grant all the reliefs Plaintiff requested.

4. For the fourth claim, grant all the reliefs Plaintiff requested.

5. For the fifth claim, grant all the reliefs Plaintiff requested.

6. For the sixth claim, grant all the reliefs Plaintiff requested.

7. For the seventh claim, grant all the reliefs Plaintiff requested.

8. The court should grant Plaintiff a jury trial on all appropriate issues.

Respectfully submitted,

`/s/ Conghua Yan`
_____

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]