IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN,<br>THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS,<br>LESLIE STARR BARROWS, in individual capacity,<br>WILLIAM ALBERT PIGG in individual capacity,<br>LORI L DEANGELIS in individual capacity,<br>    and official capacity as associated judge,<br>PANOPYRA PLLC, a private company,<br>FUYAN WANG in individual capacity,<br>YUANLI TANG in individual capacity,<br>JIAYIN ZHENG in individual capacity,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. [4:24-cv-00579-O-BP]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

## AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff, Conghua Yan("Yan"), and respectfully moves this Honorable Court for a Motion for Reconsideration and Brief In Support. The Plaintiff requests that this Honorable Court consider and grant this Motion for Reconsideration and Brief In Support, pursuant to FRCP 59(e) and FRCP 21.

In support of this motion, the Plaintiff states as follows:

### I. INTRODUCTION

1.    On June 20, 2024, Yan filed his original complaint (ECF No. 1), followed by the First Amended Complaint, filed on July 9, 2024 (ECF No. 4). Yan is representing himself pro se.

2. On September 9, 2024, this Court ordered Yan to either file a Second Amended Complaint that does not allege a violation of the solely as relator for another non-intervening party, or obtain a licensed and qualified attorney to pursue actions under the False Claims Act on or before October 10, 2024.

### III. Brief in Support of Motion for Reconsideration

3. Yan agreed with this Court that a pro se litigant cannot act solely as a relator for another non-intervening party in a False Claims Act claim.

4. However, Yan's case is premised on a distinguishable ground at this moment.

5. SCOTUS stated, "the relator is no ordinary civil plaintiff, he is immediately subject to special restrictions. … The Government then has 60 days (often extended for "good cause") to decide whether to "intervene and proceed with the action." §§3730(b)(2)-(3). If the Government, during that so-called seal period, elects to intervene, the relator loses control: The action then "shall be conducted by the Government," though the relator can continue as a party in a *secondary role*. §§3730(b)(4)(A), (c)(1). **Only if** the Government **passes** on intervention does the relator "have the right to conduct the action."  §3730(b)(4)(B)." *United States v. Exec. Health Res.*, No. 21-1052, 7 (U.S. Jun. 16, 2023). (emphasis added).

6. In the James Brooks case, *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356 (5th Cir. 2017), Brooks was also pro se. He did not serve the government, and later, when the government discovered the case on its own, they chose not to intervene, which made Brooks the primary party responsible for conducting the action. He continued pro se, despite the court's instruction to hire an attorney. Yan did not.

7. Yan timely served the government on July 10; however, due to a USPS delay, the letter did not reach the government until July 19. [ECF. No. 5] SCOTUS's controlling precedent states that when the

government has not decided on intervention, Yan *has no right to pursue any action* at this time. would be a waste of Yan's money if he hires someone and later loses control of the case.

8. This Court's order [ECF. No. 7] is premature at this moment.

9. Yan requests this Court withhold or withdraw this order until government responded. Yan does not have to hire a counsel if he ends up as a secondary role.

### V. Prayer for Relief

1. Based on the foregoing, Plaintiff prays for granting the following relief:

    A. **Withhold,** amend or revoke the Order, ECF No. 7, issued on September 9th, 2024, pursuant to FRCP 59(e).

Respectfully submitted,

```
                                        /s/ Conghua Yan
```
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]

### CERTIFICATE OF SERVICE

On (September 12, 2024) I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

```
                                        /s/ Conghua Yan
```
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]