IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONGHUA YAN** <br> *Plaintiff*, <br><br> v. <br><br> **THE STATE OF TEXAS, Et Al.** <br> *Defendant.* | § § § § § § § § § § § | Case No. 4:24-cv-00579 |

---

**STATE OF TEXAS MOTION TO DISMISS**
**[CORRECTED]**

---

TO THE HONORABLE JUDGE REED C. O'CONNOR:

COMES NOW, Defendant, the State of Texas, files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), requesting the Court to dismiss Plaintiff's Complaint against the State of Texas for lack of subject matter jurisdiction and failure to state a claim upon which a relief can be granted. This Court should dismiss Plaintiff's claims because Plaintiff has not demonstrated any applicable waiver of sovereign immunity.

### I.   BACKGROUND

This is not Plaintiff's first lawsuit, on July 21, 2023, Plaintiff sued a small army of defendants[1]. In his original complaint, he alleged various constitutional and civil rights violations, fraud, and conspiracy (among other more nebulous causes of action). His lawsuit originates from allegations against certain family court attorneys/judges implicated in his 2021 divorce. Amidst a contentious divorce, Plaintiff incurred significant attorneys' fees, which he argues the family court

---

[1] *See* Dkt. 148 where the court dismissed Plaintiff's previous lawsuit.
https://ecf.txnd.uscourts.gov/doc1/177116787651 (Last visited on October 30, 2024)

had no authority to order. He further claims a conspiracy involving the Texas State Bar and judiciary members. After three amended complaints, Plaintiff seeks declaratory and injunctive relief, though his allegations remain unclear. The court has since dismissed all claims.

Here, similar to the previous lawsuit, Yan has sued a small army of defendants, including the State of Texas. To the extent that Plaintiff is asserting additional claims against other individual defendants, he alleges violations of Section 1983 under the Fourteen and Fifteen Amendments against the State of Texas. Dkt. 9 at 2, 12. He alleges that Attorney Defendants involved in his child support proceedings violated his rights. Specifically, he claims they fraudulently obtained a temporary restraining order (TRO) and subsequent writ of garnishment against him, which deprived him of access to his marital home and garnished his wages. He argues these actions lacked procedural due process, as there was no notice, opportunity to be heard, or decision by a neutral party. Dkt. 9 at 12-14. He is seeking equitable relief (declaratory and injunctive) and monetary damages. Dkt. 9 at 2. The Court should dismiss Plaintiff's claim(s) because they are barred by sovereign immunity, lack of standing, and failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

### A. Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

B.  **Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

### III.  ARGUMENTS AND AUTHORITIES

A.  **Sovereign immunity bars Plaintiff's claim(s), depriving this Court of subject matter jurisdiction.**

Sovereign immunity is a jurisdictional bar. *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. Const. amend. XI). The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, its agencies, and its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

To the extent that Plaintiff intended to bring federal claim(s), the State of Texas has not waived its Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983. *Id.*, citing *Cox v. Texas*, 354 Fed. App'x 901, 903 (5th Cir. 2009). The Supreme Court has expressly held that § 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

To the extent Plaintiff alleges that there is a waiver of sovereign immunity under the *Ex Parte Young Doctrine*, the *Doctrine* does not apply to the State of Texas. The *Ex parte Young* exception is "focused on cases in which a violation of federal law by a state official, [not the state itself], is ongoing . . . ." *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023). Thus, the Court should dismiss Yan's claim(s).

**B.     Plaintiff lacks standing to bring claims against the State of Texas.**

Even if Plaintiff's claims against the State of Texas are not barred by sovereign immunity, which they are, he still lacks standing to bring those claims. To establish standing, Plaintiff must show: (1) an actual or imminent, concrete and particularized injury-in-fact; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

Plaintiff cannot show a connection between his alleged injury and the actions of the State of Texas. His claim is speculative at best and fails to trace the alleged harm to any specific, actionable conduct by the State of Texas. Indeed, Plaintiff alleges NO ACTIONS performed by the State of Texas. Dkt. 9.  Instead, Plaintiff's claim(s) center on purported actions by OTHER defendants. *Id.*

For these reasons, Plaintiff fails to meet the requirements for standing, and this Court should dismiss his lawsuit for lack of standing.

**C.      Plaintiff has failed to state a claim for which relief can be granted.**

As a matter of law, Plaintiff has failed to state a claim against the State of Texas. At most, Plaintiff's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to the State of Texas. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). These claims must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Here, Plaintiff does not set forth enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *Plotkin*, 407 F.3d at 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**1.   No Inference of Liability.**

Plaintiff's Complaint is 25 pages long that is hard to read and follow. Plaintiff also keeps referencing Minnesota law. Dkt. 9 at 2, 5, 23. In his Complaint, Plaintiff does not allege facts from which the Court could infer liability on the part of the State of Texas.

**2.   The State of Texas is not a "person" within the meaning of § 1983.**

Plaintiff brings claims against the State of Texas under 42 U.S.C. § 1983. Dkt. 9 at 2. "States and their officials are not 'persons' under Section 1983." *Daves v. Dallas Cty., Texas,* 22 F.4th 522, 532 (5th Cir. 2022), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, Plaintiff's claim(s) cannot apply to the State of Texas.

## IV. CONCLUSION

For all the foregoing reasons, this Court should dismiss Plaintiff's lawsuit in its entirety.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General
Texas Bar No. 24133175
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
roy.adams@oag.texas.gov
**LEAD COUNSEL FOR DEFENDANT THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

      I certify that on November 6, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record. Also, a certified copy of this Motion was mailed to Plaintiff. Tracking number: 7020 1290 0000 7442 0866

**Conghua Yan**
2140 E Southlake Blvd Suite L-439
Southlake, TX 76092
214-228-1886
Email: arnold200@gmail.com

**PLAINTIFF PRO SE**

                                   */s/ Roy Adams*
                                   **ROY ADAMS**
                                   Assistant Attorney General