IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN,<br>    Plaintiff,<br><br>v.<br><br>THE STATE OF TEXAS, et al.<br>    Defendants. | Case No. [4:24-cv-00579-O-BP] |

**PLAINTIFF'S BRIEF OF OBJECTION AND RESPONSE TO DEFENDANT THE STATE OF TEXAS' MOTION TO DISMISS WITH MEMORANDUM IN SUPPORT**

TO THE HONORABLE JUDGE REED C. O'CONNOR:

Come Now, Plaintiff Conghua Yan (hereinafter "Mr. Yan", "Plaintiff") respectfully submits this brief of objection to the Defendant, the State of Texas' Motion to Dismiss. The Motion lacks merit under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff requests this Court deny the Motion and allow the case to proceed for the reasons set forth below:

## I. Background

The State of Texas is being sued under state actor Lori Deangelis' official capacity pursuant to a § 1983 claim.

There is another pending federal case in the Fifth Circuit[1] involving federal offenses mainly under RICO for pension fund embezzlement due to **altered** interlocutory QDROs. It is evident that the State of Texas was aware of the allegation that the state courts are accused of

---

1  24-10543.

using **altered** and unlawful QDRO to embezzle out-of-state ERISA funds. Instead of filing an amicus brief to defend the state courts, the State of Texas chose to appear before this Court, an improper forum, and irresponsibly presented some frivolous arguments concerning another case. The due date has not passed, and the State of Texas is welcome to exercise its right to litigate against Mr. Yan in the Fifth Circuit, though it has chosen not to do so.

If the State of Texas believes neither this Court nor the Fifth Circuit is the proper forum to assert its legal position concerning ERISA funds embezzlement, Mr. Yan offers another opportunity. He currently has a petition for certiorari docketed in the U.S. Supreme Court[2], with a December 18, 2024, deadline for amicus briefs. Hereby, Mr. Yan invites the State of Texas to litigate against him in the Supreme Court of the United States.

In this Court, Mr. Yan files this objection and response to address the State of Texas's motion to dismiss. Why has Mr. Yan filed suits against so many state court personnel? Because Mr. Yan, an ordinary individual has been treated like prey: his salary was garnished, and his expulsion from the marital home under a secretly entered temporary restraining order **without** any pleading filed against him. Without pleading, notice, a hearing, or proper service of a signed order, the state court acted like a lynch mob. Merely because one of the defendant attorneys, Leslie Barrows, made political contributions to the associate judge's campaign, the state court delegated her—a counsel—the privilege to initiate all these conspiracies. At this stage, the factual allegations show that what happened to Mr. Yan lies outside the constitutional legal framework of this country. State actors cannot, under the color of law, deprive Mr. Yan of his procedural due

---

[2] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/24-554.html

process, liberty, or property. This Court has a duty to address his grievances under a section 1983 claim.

## II. Standard of Review

""Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations,") … (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely.") … "[A] plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.""[3].

"A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is **rarely** granted." … The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true. … The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim. … Therefore, this court **will not** dismiss a plaintiff's claim, "**unless** the plaintiff will not be entitled to relief under **any set of facts** or **any possible theory** that he could prove consistent with the allegations in his complaint.""[4]

"[A] court "must examine the complaint to determine if the allegations provide for relief on any possible theory." … "So long as a pleading alleges facts upon which relief can be granted, it states a claim even if it fails to categorize correctly the legal theory giving rise to the claim.""[5]

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 563 (2007).
[4] *Priester v. Lowndes County*, 354 F.3d 414, 418-19 (5th Cir. 2004).
[5] *Shaikh v. Tex. A&M Univ. Coll. of Med.*, No. 16-20793, 13 n.7 (5th Cir. Jun. 20, 2018).

""A motion to dismiss may be granted **only if** it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." "We construe all of the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint.""[6]

### III.   Authorities

A.   Sovereign Immunity Does Not Bar Claims

- *Ex parte Young*, 209 U.S. 123 (1908).
- *Saltz v. Tennessee Department of Employment Security*, 976 F.2d 966 (5th Cir. 1992).
- *City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019).
- *Calhoun v. Collier*, 78 F.4th 846 (5th Cir. 2023).

B.   Mr. Yan Has Standing and He Adequately States a Claim

- *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).
- *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

C.   Will Barrier Does Not Apply

- *Lapides v. Board of Regents of University System,* 535 U.S. 613 (2002).
- *Hafer v. Melo*, 502 U.S. 21 (1991).
- *Dobbin Plantersville Water Supply Crop. v. Lake*, 108 F.4th 320 (5th Cir. 2024).
- *James v. Hegar*, 86 F.4th 1076 (5th Cir. 2023).
- *Torres v. Tex. Dep't of Pub. Safety*, 142 S. Ct. 2455 (2022).
- *Richardson v. Texas*, No. 23-40526 (5th Cir. Mar. 4, 2024).

---

[6] *Moore v. Allstate Tex. Lloyd's*, No. 17-10904, 3 (5th Cir. Jul. 19, 2018).

## IV. Arguments and Memorandum in Support

A. *Ex Parte Young* Permits Prospective Relief.

*Ex parte Young*, 209 U.S. 123 (1908), established that the Eleventh Amendment does not shield a state official from claims of depriving a federal right under color of state law. "The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect."[7]

The State of Texas asserts sovereign immunity as a jurisdictional bar. However, in the second claim at ¶¶ 74-82, Plaintiff seeks injunctive and declaratory relief, which is permissible under the *Ex parte Young* doctrine. The doctrine permits suits against state officials acting in violation of federal law. This exception applies because Plaintiff alleges **ongoing violations** of rights guaranteed by the Fourteenth and Fifteenth Amendments through procedural abuses and deprivation of due process.

"The Supreme Court's recent *Ex parte Young* jurisprudence explains that the inquiry into whether a suit is subject to the *Young* exception does not require an analysis of the merits of the claim. … Rather, "a court need **only** conduct a 'straightforward inquiry into whether [the] complaint alleges an **ongoing** violation of federal law and seeks **relief** properly **characterized as prospective**.' ""[8] (emphasis added)

---

[7] *Saltz v. Tennessee Department of Employment Security*, 976 F.2d 966, 968 (5th Cir. 1992).
[8] *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019). (citation omitted) (citing *Verizon Maryland Inc. v. Public Service Commission*, 535 U.S. 635 (2002)).

B.  The Defendant Committed Bad Faith in its Citation.

In the last paragraph of Section A of the motion to dismiss, the defendant used the following citation:

> "To the extent Plaintiff alleges that there is a waiver of sovereign immunity under the Ex Parte Young Doctrine, The Doctrine does not apply to the State of Texas. The Ex parte Young exception is "focused on cases in which a violation of federal law by a state official, **[not the state itself],** is ongoing . . . ." Calhoun v. Collier, 78 F.4th 846, 851 (5th Cir. 2023)." (emphasis added)

The defendant acted in extreme bad faith by attempting to mislead the court through an altered quotation that distorts its original meaning. Below is the full quotation text of the cited precedent:

> "The *Ex parte Young* exception is "focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ." […] "Plaintiffs must allege that 'the defendant is *violating* federal law, not simply that the defendant has done so' at some point in the past[.]"[9]

*Calhoun* clearly establishes that the *Ex parte Young* Doctrine applies to ongoing violations, not one-time or past violations. It addresses the timing of the violation, focusing on whether an actual threat of continued violation exists. However, this precedent does not state that *Ex parte Young* applies only to state officials and not the state itself.

Adding the words "[not the state itself]" constitutes a false statement of law. This Court should permit zealous advocacy but must sanction the fabrication or misrepresentation of case law. This Court should dismiss the whole motion.

---

[9] *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023).

C.  **Mr. Yan Has Standing Due to Alleged Injuries and He Adequately States a Claim.**

The State of Texas argues that Mr. Yan lacks standing. Contrary to this assertion, in the second claim at ¶¶ 60-70. Mr. Yan has clearly demonstrated an injury-in-fact resulting from the garnishment of ongoing wages, various continuing financial damages, and expulsion from the marital home. This harm is directly attributable to the alleged procedural deficiencies in the state court actions and is redressable through declaratory and injunctive relief from this Court.

The Motion erroneously concludes that Mr. Yan's allegations lack plausibility under *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly*. Mr. Yan's complaint contains specific factual allegations regarding the fraudulent procurement of a temporary restraining order, wage garnishment, expulsion from the marital home, and the compulsion to pay all associated fees. These allegations support claims of due process violations under 42 U.S.C. § 1983 and are sufficient to withstand a Rule 12(b)(6) motion.

D.  **The State Is a Proper Defendant for Prospective Relief. *Will* Barrier Does Not Apply.**

The Motion erred by stating that:

> "Plaintiff brings claims against the State of Texas under 42 U.S.C. § 1983. Dkt. 9 at 2. "States and their officials are not 'persons' under Section 1983." *Daves v. Dallas Cty*., Texas, 22 F.4th 522, 532 (5th Cir. 2022), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, Plaintiff's claim(s) cannot apply to the State of Texas." (emphasis added)

If this out-of-context *Daves* quotation is applied as interpreted by the Defendant, neither states nor their state actors would be suable as persons under § 1983—a conclusion that is incorrect.

Under *Ex parte Young*, the *Will* barrier to a § 1983 suit does not apply when Mr. Yan seeks prospective relief against state officials in their official capacities. The Fifth Circuit has never dismissed the State of Texas under Rule 12(b)(6) based on the *Will* barrier. The defendant

misquoted *Will* precedent out of context and failed to cite any authority or precedent supporting dismissal on this basis.

The Supreme Court had clarified that, "we have held that a State is not a "person" against whom a § 1983 claim **for money damages** might be asserted. *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)." (emphasis added) *Lapides v. Board of Regents of University System*, 535 U.S. 613, 617 (2002). See also Wikipedia[10].

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "**official-capacity** actions for **prospective relief** are **not** treated as **actions against the State**." *Kentucky* v. *Graham*, 473 U.S., at 167, n. 14; *Ex parte Young*, 209 U.S. 123, 159-160 (1908)." *Will* at 71 n.10 (1989).

The Supreme Court also "hold that state officials sued in their individual capacities are "persons" for purposes of § 1983." *Hafer v. Melo*, 502 U.S. 21, 23 (1991).

The Supreme Court further explained that:

> "We emphasized that official-capacity suits "`generally represent only another way of pleading an action against an entity of which an officer is an agent.'"[…] A suit against a state official in her official capacity therefore should be treated as a suit against the State. […] Indeed, when an official sued in this capacity in federal court dies or leaves office, her **successor** automatically **assumes** her **role** in the litigation. […] Because the real party in interest in an official-capacity suit is the governmental entity, and not the named official, "the entity's `policy or **custom**' must have **played a part** in the violation of federal law." […] For the same reason, the **only immunities available** to the defendant in an **official-capacity action** are those that the **governmental entity possesses**." (emphasis added) *Hafer* at 25.

---

[10] https://en.wikipedia.org/wiki/Will_v._Michigan_Department_of_State_Police (quoting "*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), was a case decided by the United States Supreme Court, in which the Court held that States and their officials acting in their official capacity are not persons when sued for monetary damages under the Civil Rights Act of 1871.")

Everything that the Defendant argued has been rejected in *Hafer*:

> *"*Most certainly, *Will*'s holding does not rest directly on the Eleventh Amendment. […] Will arose from a suit in state court. […] "it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law." […] While the doctrine of *Ex parte Young* does not apply where a plaintiff seeks damages from the public treasury, damages awards against individual defendants in federal courts "are a permissible remedy in some circumstances notwithstanding the fact that they hold public office.""* (citation omitted) *Hafer* at 30.

The Fifth Circuit reaffirmed,

> "Case law establishes that "PUC officials [sued in their official capacities] are not proper § 1983 defendants." […] *see Will v. Michigan Dep't of State Police*, […] ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Under *Ex parte Young*, of course, this barrier to suit does **not** apply when the plaintiff seeks prospective relief against state officials in their official capacities. *Will*, 491 U.S. at 71 n.10, [...]("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are **not** treated as actions against the State.' " (citation omitted))."[11] (emphasis added)

In *James v. Hegar*, 86 F.4th 1076 (5th Cir. 2023), where the State of Texas was sued twice as a defendant under a § 1983 claim, the Fifth Circuit addressed only that "Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court," without asserting *Will* barrier.

Controlling precedents only establish that a state is not a "person" for § 1983 claims seeking money damages in an official capacity, with the *Will* barrier strictly limited to such claims. When addressing claims for prospective relief, both the Supreme Court and the Fifth Circuit have consistently applied sovereign immunity and *Ex parte Young* analyses, as demonstrated in *Torres*

---

[11] *Dobbin Plantersville Water Supply Crop. v. Lake*, 108 F.4th 320, 328 (5th Cir. 2024).

*v. Tex. Dep't of Pub. Safety*, 142 S. Ct. 2455 (2022), and have noted that "§ 1983 is the proper vehicle by which to bring those claims."[12], disregarding this inapplicable *Will* barrier.

## V.   Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss should be denied. The Plaintiff has adequately demonstrated that subject matter jurisdiction exists, standing is satisfied, and claims for relief are plausible. The Plaintiff's allegations of constitutional violations warrant adjudication on the merits.

## VI.   Relief Requested

The Plaintiff respectfully requests that the Court:

**1.**   Deny the Defendant's Motion to Dismiss in its entirety.

**2.**   Allow the case to proceed to discovery and subsequent stages of litigation, as the Plaintiff has sufficiently alleged claims for relief.

Respectfully submitted,

                                    /s/ Conghua Yan

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]

November 25, 2024

---

[12] *Richardson v. Texas*, No. 23-40526, at 7 n.6 (5th Cir. Mar. 4, 2024).