IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONGHUA YAN,** *Plaintiff*, | § § § § § | |
| v. | § § | Case No. 4:24-cv-00579 |
| **THE STATE OF TEXAS,** *et al.*, *Defendant.* | § § § § | |

### STATE OF TEXAS REPLY IN SUPPORT OF MOTION TO DISMISS

TO THE HONORABLE JUDGE REED C. O'CONNOR:

COMES NOW, the State of Texas and files this Reply in Support of its Motion to Dismiss (Dkt. 16) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) requesting the Court to dismiss Plaintiff's claims against the State of Texas for lack of subject matter jurisdiction, lack of standing, and failure to state a claim upon which a relief can granted. Simply put, nothing in Plaintiff's Response demonstrates that this Court has subject matter jurisdiction, that the State of Texas is connected to Plaintiff's allegations, or that he stated a viable claim.

**A. Plaintiff failed to show that he had standing.**

Plaintiff asserts that he has established standing by explaining that he suffered an injury, stating that "Mr. Yan has clearly demonstrated an injury-in-fact resulting from the garnishment of ongoing wages, various continuing financial damages, and expulsion from the marital home." Dkt. 25 at 7. However, Plaintiff fails to demonstrate how these alleged injuries are causally connected to the actions of the State of Texas, as required to establish the traceability element of standing. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000). Without

such a showing, he lacks standing to assert his claim(s) against the State of Texas.

### B. Plaintiff's claim(s) are barred by the Eleventh Amendment.

Sovereign immunity is a jurisdictional bar. *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. Const. amend. XI). The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, its agencies, and its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). *See also Howlett v. Rose*, 496 U.S. 356, 364 (1990) ("*Will* [*v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Plaintiff has not demonstrated that the State of Texas' sovereign immunity has been waived for any of his claims, and this suit should be dismissed for lack of subject matter jurisdiction.

### 1. Entitlement to Sovereign Immunity.

Plaintiff asserts that the State of Texas is being sued based on actions taken by state actor Judge Lori DeAngelis in her official capacity pursuant to § 1983 claim. Dkt. 25 at 1.

Plaintiff's lawsuit against the State of Texas through Judge DeAngelis in her official capacity fails under the doctrine of sovereign immunity. Judge DeAngelis is a state official of Texas, specifically Associate Judge DeAngelis is a member of the 324th District Court in Tarrant County.[1] The 324th District Court of Tarrant County, Texas is itself a state entity created by

---

[1] The State of Texas asks this Court to take judicial notice that Judge DeAngelis is an Associate Judge in Tarrant County. Courts may judicially notice facts that "[are] generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). https://www.tarrantcountytx.gov/en/family-courts/324th-district-court.html (last visited November 27, 2024).

statute. *See* GOV'T CODE § 24.632. As a state official, Judge DeAngelis in her official capacity is entitled to Texas' sovereign immunity under the Eleventh Amendment, as is the 324th District Court itself.

Even though the State of Texas has sovereign immunity from suit, Plaintiff still asks this Court to waive that immunity. Federal courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute," "which is not to be expanded by judicial decree." *Kokkonen v. Guardian of Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (*citing American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)). The burden is on Plaintiff to demonstrate that sovereign immunity is waived or abrogated in this case – Plaintiff failed to carry his burden.

### 2. Plaintiff's claim(s) under 42 U.S.C. § 1983 are Barred by Sovereign Immunity.

Plaintiff's federal constitutional claim(s) are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D. Tex. 1996).

"A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). These protections extend to the State of Texas and his employees. See, e.g., *Thomas v. Tex. Dep't of Family and Protective Servs.*, 427 F. App'x 309, 312-13 (5th Cir. 2011) (holding that suits against employees of the state entities in their official capacity run afoul of the Eleventh Amendment).

No exception to Texas' sovereign immunity is presented because Plaintiff has not alleged that the State of Texas is involved in an *ongoing* constitutional violation of his rights. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Indeed, Plaintiff's state court case related to child support and garnishment was disposed of, there is no potential for *ongoing* federal law violations, even if alleged.

Even if Plaintiff's child support case remains pending in state court, federal courts should abstain from intervening in such matters. The U.S. Supreme Court has consistently recognized that "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Similarly, in *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992), the Court reiterated that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States." (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). This firmly establishes the principle that domestic relations, including child support matters, fall squarely within the jurisdiction of state courts.

Federal courts should also decline to exercise jurisdiction over challenges to state court orders involving family matters while state proceedings remain ongoing, particularly where "the state proceedings afford an adequate opportunity to raise the constitutional claims . . . ." *Moore*, 442 U.S. at 430. This deference ensures respect for state authority in family law and avoids unnecessary interference in matters traditionally entrusted to the states.

Thus, Plaintiff's claim(s) under section 1983 are barred by sovereign immunity.

### 3. State of Texas is not a person under section 1983.

In Plaintiff's Original Complaint, he requested that "the Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $100,000, pursuant to 42 USC § 1983." Dkt. 1 at 5. To support his position, Plaintiff cited Wikipedia as a

4

source for the proposition that the State of Texas is not a "person" within the meaning of Section 1983. Dkt. 25 at 8. However, in Plaintiff's response to Defendant's Motion to Dismiss, he entirely disregards his original request for both compensatory and punitive damages. Dkt. 25. Instead, Plaintiff shifts his focus to the argument that state officials sued in their official capacity for prospective relief are not treated as actions against the State. Dkt. 25 at 8.

To the extent Plaintiff attempts to frame his claim(s) as seeking injunctive relief against the State of Texas through Judge DeAngelis's actions, his argument fails. Plaintiff relies on footnote 14 in *Kentucky v. Graham* to assert that "official capacity actions for prospective relief are not treated as actions against the state." Dkt. 25 at 8. However, the complete footnote reads as follows: "Implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). This principle allows a plaintiff to challenge the enforcement of an unconstitutional law or policy by suing a state official in their official capacity. Such lawsuits, as established in *Ex parte Young*, are treated as actions against the official's authority to enforce the law, not as actions against the State itself. Plaintiff has failed to identify any specific law or policy that is unconstitutional. As explained in *Harris Cnty. v. Coats*:

> [W]hen a municipal official follows or executes an unconstitutional municipal policy and thereby causes injury, section 1983 municipal liability may result; whereas, when a municipal official causes injury by violating a person's constitutional rights, but does so contrary to a constitutional municipal policy, section 1983 municipal liability will rarely if ever result.

607 S.W.3d 359, 373 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Moreover, Section 1983 plaintiff must do more than simply identify conduct attributable to a municipality. As held in *City of El Paso v. Tom Brown Ministries*:

5

> "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."
>
> 505 S.W.3d 124, 143 (Tex. App.—El Paso 2016, no pet.).

Should Plaintiff seek to maintain his claim that he is entitled to monetary damages, such a claim is without merit and cannot succeed. Plaintiff's claim(s) under 42 U.S.C. § 1983 against the State of Texas are barred as a matter of law. It is well established that "States and their officials are not 'persons' under Section 1983." *Daves v. Dallas Cty., Texas*, 22 F.4th 522, 532 (5th Cir. 2022), citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Finally, Plaintiff's reliance on a federal claim under Section 1983 of the Civil Rights Act is misguided. The United States Supreme Court has held that neither a state nor its officials acting in their official capacities are "persons" under Section 1983. *Terrell v. Sisk*, 111 S.W.3d 274, 282 (Tex. App.—Texarkana 2003, no pet.). The *Terrell* Court noted, "As such, [a suit against an official in their official capacity] is no different from a suit against the State itself." Therefore, Plaintiff's attempt to impute liability to the State of Texas through Judge DeAngelis in her official capacity under Section 1983 is without merit. *Terrell v. Sisk*, 111 S.W.3d 274, 282 (Tex. App.—Texarkana 2003, no pet.)

Accordingly, Plaintiff's claims under Section 1983 cannot be maintained against the State of Texas, and dismissal is warranted.

### C. Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff's assertion that he alleged sufficient facts to survive a Rule 12(b)(6) motion by stating that "Mr. Yan's complaint contains specific factual allegations regarding the fraudulent procurement of a temporary restraining order, wage garnishment, expulsion from the marital home, and the compulsion to pay all associated fees." Dkt. 25 at 7. This generates more questions than answers. For example, what specific facts does Plaintiff allege to demonstrate that the temporary restraining order was fraudulently procured? How does Plaintiff connect the wage garnishment or expulsion from the marital home to any unconstitutional conduct by the State of Texas? Does Plaintiff identify any actionable misconduct or unconstitutional policy, or are these merely conclusory allegations unsupported by detail? Without clear factual allegations explaining how these claims plausibly implicate the State of Texas, Plaintiff's statement leaves critical gaps that fail to satisfy the pleading standards under *Twombly* and *Iqbal*.

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must set forth enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 570 (2007). A claim is factually plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

Here, Plaintiff's ten-page response to the State of Texas's five-page motion to dismiss fails to address the fundamental deficiencies in his claims. Despite the length and convoluted nature of

7

his response, Plaintiff does not demonstrate that he has standing to sue the State of Texas. He provides no evidence or explanation to establish any connection between the State of Texas and the alleged misconduct, assuming such misconduct occurred. Plaintiff also fails to address the well-established principle that the State of Texas is not a "person" under Section 1983.

Additionally, in his Original Complaint, Plaintiff explicitly seeks $100,000 in compensatory damages as well as punitive damages. Dkt. 1 at 5, 6. However, in his response to the Motion to Dismiss, Plaintiff pivots to seeking injunctive relief. Dkt. 25 at 5. Plaintiff fails to articulate with clarity and specificity what action he expects this Court to take. Such vague and inconsistent pleading does not satisfy the requirements necessary to state a claim. Plaintiff failed to provide any coherent explanation of the relief sought, coupled with the inconsistent nature of his demands undermines the legitimacy of his alleged claim(s).

In the same vein, he entirely ignores the substantive arguments raised by the State of Texas in its motion to dismiss. Instead, Plaintiff's response focuses on his grievances regarding his child support obligations, which he alleges are fraudulent or unlawfully imposed. These irrelevant assertions do nothing to remedy the deficiencies in his pleading. Consequently, Plaintiff's response (Dkt. 25) is insufficient to overcome the State of Texas's Rule 12(b)(6) motion to dismiss.

Therefore, the Court should dismiss Plaintiff's claims under Rule 12(b)(6).

## CONCLUSION

Plaintiff's lawsuit is riddled with insurmountable jurisdictional barriers, including a lack of standing, sovereign immunity, and the inapplicability of Section 1983 claims against the State of Texas. Despite the State's clear arguments outlining these fundamental defects, Plaintiff has failed to address—let alone overcome—any of these barriers in his response. Instead, he relies on irrelevant assertions and vague allegations that do not remedy the deficiencies in his claims.

Accordingly, this Court should grant the State of Texas's motion and dismiss Plaintiff's lawsuit in its entirety.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General
Texas Bar No. 24133175
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
roy.adams@oag.texas.gov
**LEAD COUNSEL FOR DEFENDANT THE STATE OF TEXAS**

## **CERTIFICATE OF SERVICE**

      I certify that on December 6, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record. Also, a certified copy of this Motion was mailed to Plaintiff. Tracking number: 7020 1290 0000 7442 0958

**Conghua Yan**
2140 E Southlake Blvd Suite L-439
Southlake, TX 76092
214-228-1886
Email: arnold200@gmail.com

**PLAINTIFF PRO SE**


                */s/ Roy Adams*
                **ROY ADAMS**
                Assistant Attorney General