IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:24-CV-579-O |
| | § | |
| THE STATE TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S
MOTION TO DISMISS, MOTION FOR PRE-FILING INJUNCTION,
AND BRIEF IN SUPPORT**

---

**KATHERINE E. OWENS**
State Bar No. 24081683
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233–Telephone /817-884-1675–Facsimile
E-Mail: keowens@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
ASSOCIATE JUDGE LORI DEANGELIS**

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF CONTENTS............................................................................................. ii

TABLE OF AUTHORITIES ...................................................................................... iii

I.    Introduction And Summary of Relief  ............................................................1

II.   Motion To Dismiss and for Pre-Filing Injunction to Deter Future Frivolous Filings .........2

    A.  Factual and Procedural Background .............................................................2

    B.  Grounds for Relief .....................................................................................3

III.  BRIEF IN SUPPORT OF MOTION TO DISMISS ...............................................4

    A.  Plaintiff lacks standing to bring claims against Associate Judge DeAngelis, a state-appointed associate judge in Plaintiff's ongoing divorce case ...........................................4

        1.  Standards for Rule 12(b)(1) Motions ...................................................4
        2.  Plaintiff lacks standing to sue Associate Judge DeAngelis ...................4

    B.  This Court should abstain from deciding issues pending in state court............................6

    C.  Plaintiff has not stated a claim against Associate Judge DeAngelis...................................7

        1.  Standards for Rule 12(b)(6) Motions ...................................................8
        2.  Plaintiff's claims against Associate Judge DeAngelis are barred by judicial Immunity...................................................................................9
        3.  Plaintiff's official capacity claims against Associate Judge DeAngelis are barred by Eleventh Amendment Immunity...................................10
        4.  Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity......................................................11

IV.   Brief:  This Court should issue a pre-filing injunction ...................................12

V.    Prayer .........................................................................................................15

    Certificate of Service..................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Agustin v. Cnty. of Alameda,*
 234 Fed. App'x 521 (9th Cir. 2007) ............................................................................ 7

*Ashcroft v. al-Kidd,*
 563 U.S. 731 (2011) ...................................................................................................... 11

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ....................................................................................................... 8

*Bauer v. Tex.,*
 341 F.3d 352 (5th Cir. 2003) ...................................................................................... 5, 6

*Baum v. Blue Moon Ventures, LLC,*
 513 F.3d 181 (5th Cir. 2008) ............................................................................ 12, 13, 14

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ....................................................................................................... 8

*Boyd v. Biggers,*
 31 F.3d 279 (5th Cir. 1994) ........................................................................................... 9

*Cinel v. Connick,*
 15 F.3d 1338 (5th Cir. 1994) ......................................................................................... 2

*Collins v. Morgan Stanley Dean Witter,*
 224 F.3d 496 (5th Cir. 2000) ......................................................................................... 1

*Cromer v. Kraft Foods N. Am., Inc.,*
 390 F.3d 812 (4th Cir. 2004) ....................................................................................... 13

*Cty. Ct. of Ulster Cty., N.Y. v. Allen,*
 442 U.S. 140 (1979) ....................................................................................................... 5

*Day v. Allstate Ins. Co.,*
 788 F.2d 1110 (5th Cir. 1986) ..................................................................................... 12

*Delaney v. Dist. of Columbia,*
 659 F. Supp. 2d 185 (D.D.C. 2009) ........................................................................... 6, 7

*DeSpain v. Johnston,*
 731 F.2d 1171 (5th Cir. 1984) ....................................................................................... 6

*Dixon v. Kuhn*,
    257 F. App'x 553 (3d Cir. 2007)................................................................. 6, 7

*Edelman v. Jordan*,
    415 U.S. 651 (1974) ........................................................................... 11

*Farguson v. MBank Houston, N.A.*,
    808 F.2d 358 (5th Cir. 1986)................................................................. 12

*Ford Motor Co. v. Dep't of Treasury*,
    323 U.S. 459 (1945) ........................................................................... 10

*Forrester v. White*,
    484 U.S. 219 (1988) ........................................................................... 9

*Friends of the Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.*,
    528 U.S. 167 (2000) ........................................................................... 5

*Great W. Energy Corp.*,
    896 F.2d 170 (5th Cir. 1990)................................................................. 4

*Hans v. Louisiana*,
    134 U.S. 1 (1890) ............................................................................. 10

*Harmon v. City of Arlington, Tex.*,
    478 F. Supp. 3d 561 (2020)................................................................. 8

*Holloway v. Walker*,
    765 F.2d 517 (5th Cir. 1985)................................................................. 9

*Howery v. Allstate Ins. Co.*,
    243 F.3d 912 (5th Cir. 2001)................................................................. 4

*James v. Tex. Collin Cty.*,
    535 F.3d 365 (5th Cir. 2008)................................................................. 11

*Kentucky v. Graham*,
    473 U.S. 159 (1985) ........................................................................... 10

*Kirkendall v. Grambling & Mounce, Inc.*,
    4 F.3d 989 (5th Cir. 1993)................................................................... 9

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1991) ........................................................................... 4

*Machetta v. Moren*,
    726 F. App'x 219 (5th Cir. June 4, 2018) ................................................. 5

*Marlett v. Heath*, No.
  2018 WL 5723163 (N.D. Tex. Oct. 23, 2018) ................................................................ 6, 7

*Martin–Trigona v. Lavien (In re Martin–Trigona)*,
  737 F.2d 1254 (2d Cir. 1984) ......................................................................... 12, 13

*Matter of Carroll*,
  850 F.3d 811 (5th Cir. 2017) ................................................................................ 12

*McCoy v. McCormick*,
  No. CV 22-443-BAJ-RLB, 2023 WL 3010215 (M.D. La. Feb. 15, 2023) ................................ 9

*Menchaca v. Chrysler Credit Corp.*,
  613 F.2d 507 (5th Cir. 1980) .................................................................................. 4

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
  457 U.S. 423 (1982) ............................................................................................. 6

*Mireless v. Waco*,
  502 U.S. 9 (1991) ................................................................................................. 9

*Mitchell v. PHH Mortgage Corp.*,
  No. 4:21-CV-1258-P, 2022 WL 6950351 (N.D. Tex. Oct. 12, 2022) .................................. 14

*Moore v. Willis Indep. Sch. Dist.*,
  233 F.3d 871 (5th Cir. 2000) ................................................................................. 11

*Morgan v. City of Fort Worth, Tex.*,
  2013 WL 3196580 (N.D. Tex. June 25, 2013) ............................................................... 9

*Morgan v. Swanson*,
  659 F.3d 359 (5th Cir. 2011) ................................................................................. 11

*Pearson v. Callahan*,
  555 U.S. 223 (2009) ........................................................................................... 11

*Pennhurst State Sch. & Hosp. v. Halderman*,
  465 U.S. 89 (1984) ....................................................................................... 10, 11

*Ramirezv. Abdal-Khallaq*,
  2019 WL 764420 (N.D. Tex. Feb. 21, 2019) ................................................................ 9

*Ruiz v. Estelle*,
  161 F.3d 814 (5th Cir. 1998) .................................................................................. 5

*Si mon v. Wal-Mart Stores, Inc.*,
  193 F.3d 848 (5th Cir. 1990) .................................................................................. 4

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
  509 F.3d 673 (5th Cir. 2007)..................................................................................... 8

*Sparks v. Duval Ranch Co.*,
  604 F.2d 976 (5th Cir. 1979)..................................................................................... 9

*Spencer v. Kemna*,
  523 U.S. 1 (1998) ...................................................................................................... 5

*Spencer v. McNamara*,
  No. 10-1678, 2010 WL 3168435 (E.D. La. July 16, 2010)....................................... 9

*Stewart v. Wells*,
  No. 4:19-CV-00598-P-BP, 2020 WL 3146866 (N.D. Tex. May 26, 2020)........... 6, 7

*Stump v. Sparkman*,
  435 U.S. 349 (1978) .................................................................................................. 9

*Tindall v. Wayne Cnty. Friend of Court*,
  269 F.3d 533 (6th Cir. 2001)..................................................................................... 7

*Williamson v. Tucker*,
  645 F.2d 404 (5th Cir. 1981)..................................................................................... 4

*Yan v. State Bar of Texas, et al.*,
  No. 4:23-CV-00758-P, 2023 WL 8649817 (N.D. Tex. December 13, 2023)............ 2

*Yan v. Taylor*,
  No. 4:23-cv-0288-P, 2024 WL 1173737 (N.D. Tex. March 19, 2024)...................... 2

*Younger v. Harris*,
  401 U.S. 37 (1971) .................................................................................................... 6

**Statutes**

28 U.S.C. § 1651.......................................................................................................... 12

42 U.S.C. § 1983.......................................................................................................... 11

Tex. Fam. Code Ann. § 201.005 .................................................................................. 10

Tex. Fam. Code Ann. § 201.017 .................................................................................. 10

Tex. Fam. Code Ann. § 262.601 .................................................................................. 10

Tex. Fam. Code §155.001 .............................................................................................. 1

Tex. Gov't Code Ann. § 24.633.................................................................................... 10

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................. 8

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 4, 6, 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 7, 8, 11, 12

Fed. R. Civ. P.  12(h)(3) ........................................................................................................ 4

Fed. R. Civ. P 5 ................................................................................................................ 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:24-CV-579-O |
| | § | |
| THE STATE TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S MOTION TO DISMISS, MOTION FOR PRE-FILING INJUNCTION, AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE REED O'CONNOR:

### I. Introduction and Summary of Relief

Plaintiff and state family court litigant Conghua Yan is again suing Associate Judge Lori DeAngelis in her individual and official capacities. ECF No. 9, ¶¶ 2-5, 8, 9.[1] Plaintiff's claims against Associate Judge DeAngelis arise entirely out of Associate Judge DeAngelis's judicial rulings in Plaintiff's ongoing state divorce proceeding. ECF No. 9, ¶¶ 2, 8 (describing the underlying family court proceeding) & Exhs. 1-2 (the challenged judicial rulings); *see generally* Tex. Fam. Code §155.001 (establishing the continuing, exclusive jurisdiction of a Texas district court over matters in connection with a child).[2] Plaintiff states that he is suing Associate Judge

---

[1] On September 10, 2024, the Court ordered Plaintiff to either obtain duly licensed and qualified legal counsel to proceed on his allegations under the False Claims Act (unrelated to Associate Judge DeAngelis) or file a second Amended Complaint that does not allege violations of this Act. ECF 7; *compare* ECF Nos. 1 & 9. This motion is targeted at the live complaint.

[2] Plaintiff appears to intentionally avoid mentioning that the basis of this suit arises from the Temporary Orders and Writ of Garnishment Plaintiff references throughout his complaint as a "TRO" and thereby challenges in this action. Certified copies are included in a supporting appendix at Exhs. 1-2, DA 1. These documents are public record, are repeatedly referenced by Plaintiff in his complaint, and are central to Plaintiff's claims in this lawsuit. The document is properly before the court at the 12(b)(6) stage. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (stating that documents attached to a rule 12(b)(6) that "are referred to in the plaintiff's complaint and are

1

DeAngelis for alleged constitutional violations under section 1983 and for alleged violations of Texas and Minnesota law. *Id*., ¶¶ 8, 49-87 (1983 claim), 88-102 (Texas fraud claim), 103-118 (Texas conspiracy claim), 136-151 (Minnesota common law fraud claim). This is not the first time Plaintiff has sued Judge DeAngelis or other official actors for alleged violations of law stemming from his divorce proceedings.[3]

In this current case (as with the prior case against Judge DeAngelis), Plaintiff lacks standing to sue Associate Judge DeAngelis, who is otherwise immune from Plaintiff's claims. Moreover, Plaintiff has not stated a claim against Associate Judge DeAngelis. Accordingly, this Court should dismiss Plaintiff's claims against Associate Judge DeAngelis.

## II. Motion to Dismiss and for Pre-filing Injunction to Deter Future Frivolous Filings

### A.    Factual and Procedural Background

This lawsuit arises out of ongoing family court litigation between Plaintiff and his ex-wife. ECF No. 9. Chief among Plaintiff's complaints, Plaintiff alleges that both the Temporary Orders Associate Judge DeAngelis entered and subsequent Writ of Garnishment were fraudulent. *Id*., ¶¶ 59 (alleging Associate Judge DeAngelis committed an ultra vires act), 61 (alleging a conspiracy

---

central to [his] claim[s]" are properly before a court); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."). Defendant respectfully requests that, if the Court determines that consideration of the attached state court order and writ would necessarily convert this 12(b)(1) and (6) motion into a motion for summary judgment, the Court exclude the document from its consideration of this 12(b)(6) motion, rely solely on the allegations in Plaintiff's complaint about the court orders, and not convert this motion.

[3] On March 22, 2023, Plaintiff sued the Tarrant County Sheriff's Office, Tarrant County District Attorney's Office, and specific employees for allegedly failing to investigate and prosecute Plaintiff's claims of perjury against witnesses in his divorce case. This case was subsequently dismissed with prejudice. *Yan v. Taylor,* No. 4:23-cv-0288-P, 2024 WL 1173737 (N.D. Tex. March 19, 2024) (Pittman, J.) (accepting magistrate's recommendation that Plaintiff's claims against various county and state actors be dismissed for lack of standing), *aff'd* No. 24-10288, 2024 WL 4579606 (5th Cir. October 25, 2024). Then, on July 21, 2023, Plaintiff filed a nearly identical suit to this current suit against Associate Judge DeAngelis and Tarrant County, Texas, among other defendants. This case was also subsequently dismissed with prejudice. *Yan v. State Bar of Texas, et al.,* No. 4:23-CV-00758-P, 2023 WL 8649817*, at *4* (N.D. Tex. December 13, 2023) (Pittman, J.) (accepting magistrate's recommendation that Plaintiff's claims against DeAngelis and other defendants be dismissed for lack of standing), *aff'd* No. 24-10036, 2024 WL 3421940 (5th Cir. March 6, 2024).

between Defendants Pigg, Barrow, and DeAngelis); *see also* Exhs. 1-2 (the challenged judicial rulings).

Rather than challenge these rulings in state court, Plaintiff has again filed a federal action, alleging a mass conspiracy among his former lawyer (Pigg), his ex-wife's former lawyer (Barrows), Associate Judge DeAngelis, the State of Texas, his ex-wife's company, and various other individuals. *Id.*, ¶¶ 54-65. Plaintiff seeks to recover over $28 million in compensatory and punitive damages from Associate Judge DeAngelis for alleged damages arising out of her judicial rulings in Plaintiff's ongoing divorce proceeding. *Id.*, ¶¶ 83-87, 98-102, 114-118, 147-151.

## B.     Grounds for Relief

This action involves Plaintiff's improper collateral attacks on state family law court Associate Judge Lori DeAngelis's judicial rulings. Under rules 12(b)(1) and (6), the above-styled action should be dismissed for any or all of the following reasons:

(1)     Plaintiff lacks standing to sue the state court associate judge, who is presiding over his ongoing family law proceeding;

(2)     This Court should abstain under the *Younger* abstention doctrine;

(3)     Plaintiff's claims are barred by judicial immunity;

(4)     Plaintiff's official capacity claims against Associate Judge DeAngelis are barred by Eleventh Amendment immunity;

(5)     Plaintiff has not stated a claim under either section 1983 or other law; and

(6)     Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity.

In sum, this Court should dismiss Plaintiff's claims against Associate Judge DeAngelis.

### III. Brief in Support of Motion to Dismiss

**A.    Plaintiff lacks standing to bring claims against Associate Judge DeAngelis, a state-appointed associate judge in Plaintiff's ongoing divorce case.**

#### 1.    Standards for Rule 12(b)(1) Motions

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the United States Constitution, are without power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3). "The issue [of subject matter jurisdiction] may be raised by parties, or by the court *sua sponte*, at any time." *MGG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Jurisdiction may not be presumed and may not be gained by consent, inaction, or stipulation. S*imon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990).

When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

#### 2.    Plaintiff lacks standing to sue Associate Judge DeAngelis.

In his Complaint, Plaintiff requests injunctive relief to redress alleged harm arising out of his domestic relations proceedings. ECF No. 9, ¶¶ 74-82. This Court does not have jurisdiction to issue such rulings or any other relief that Plaintiff has requested in this action.

Article III of the Constitution limits federal court jurisdiction to live "case[s] or controversies]." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that Plaintiff must show that he and "the defendants have adverse legal interests." *See Bauer v. Tex.*, 341 F.3d 352, 358-59 (5th Cir. 2003). Specifically, Plaintiff's underlying dispute concerning the payment of the temporary orders and writ of garnishment in connection with his ongoing divorce proceeding does not lie against the judges hearing or ruling on his case. Plaintiff's dispute is with his wife.

Plaintiff has no case or controversy with Associate Judge DeAngelis. If Plaintiff disagrees with a ruling over his ongoing disputes with his wife, Plaintiff can appeal any such ruling in state court. Plaintiff, however, does not have a remedy in federal court directly against a state judge for damages or injunctive relief.

To illustrate, in *Machetta v. Moren*, a disgruntled family court litigant sued the judges who had presided over his case, seeking injunctive and declaratory relief. 726 F. App'x 219, 219-20 (5th Cir. June 4, 2018). The Fifth Circuit affirmed the district court's dismissal of the case "because no case or controversy exists between 'a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'" *Id*. at 220 (quoting *Bauer*, 341 F.3d at 361). The Fifth Circuit further stated that "[w]ithout a case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Id*. (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)). This is so because the judge is not the cause of the statute being enacted or enforced. *Id*.

Moreover, a party lacks standing when he cannot establish an injury likely to be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). And, as a general rule, a plaintiff lacks standing to broadly challenge statutes in a manner that implicates legal interests that are not their own. *Cty. Ct. of Ulster Cty., N.Y. v. Allen*, 442 U.S. 140, 154-55 (1979).

Here, Associate Judge DeAngelis has no adverse legal interests to Plaintiff. Nor has Plaintiff shown that a favorable ruling by this Court can redress Plaintiff's claimed injuries. Because there is no case or controversy between Plaintiff and Associate Judge DeAngelis, and because Plaintiff lacks standing to sue Associate Judge DeAngelis, Plaintiff's claims against Associate Judge DeAngelis should be dismissed. *See* Fed. R. Civ. P. 12(b)(1); *Stewart v. Wells*, No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020) (recommending that a state family litigant's claims against Associate Judge DeAngelis be dismissed for lack of standing), *report and recommendation adopted*, No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020) (Pittman, J.).

**B.      This Court should abstain from deciding issues pending in state court.**

Because Plaintiff's claims against Associate Judge DeAngelis seek injunctive relief concerning pending divorce proceedings, this Court should abstain from exercising jurisdiction over any such claims. *See Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *2 (N.D. Tex. Oct. 23, 2018) ("But, even if jurisdiction exists, 'a federal court should abstain from interfering in an ongoing child support proceeding under *Younger v. Harris*, 401 U.S. 37 (1971).") (citing *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007); *Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009)). Under *Younger*, federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings. 401 U.S. 37 (1971); *Bauer*, 341 F.3d at 357.

This doctrine is grounded primarily on considerations of equity, comity, and federalism. *Younger,* 401 U.S. at 43–44; *DeSpain v. Johnston*, 731 F.2d 1171, 1175–76 (5th Cir. 1984). Abstention applies if three conditions are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *See Middlesex Cnty. Ethics*

*Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). As applied to child support proceedings,

> a party subject to a child support order is a party to an open case that does not terminate until the child support order is finally discharged. *Dixon*, 257 Fed. App'x at 555. States have an overriding interest in ordering and enforcing child support obligations. *Id*. And a party in a child support proceeding can raise any federal constitutional claims [s]he may have. *Id*. Accord *Agustin v. Cnty. of Alameda*, 234 Fed. App'x 521, 522 (9th Cir. 2007) (under *Younger*, federal district court properly dismissed suit challenging a state court action to collect child support); *Tindall v. Wayne Cnty. Friend of Court*, 269 F.3d 533, 538-40 (6th Cir. 2001) (district court must abstain under *Younger* from granting declaratory or injunctive relief sought by the plaintiff who claimed that the state's procedures for collecting child support were unconstitutional).

*Marlett*, 2018 WL 5723163, at *3 (quoting *Delaney*, 659 F. Supp. 2d at 194). This Court has previously abstained under *Younger* in an ongoing child custody/divorce dispute where a family court litigant had sued Associate Judge DeAngelis based on her judicial rulings. *See Stewart*, 2020 WL 3146866, at *6.

As is noted above, Plaintiff is requesting injunctive and declaratory relief in this action concerning his ongoing divorce proceeding, involving child support and child custody issues. State court provides a sufficient avenue for Plaintiff to raise his complaints. Under *Younger*, Plaintiff's injunctive relief claims arising out of ongoing domestic relations proceedings should all be dismissed under rule 12(b)(1). *See also id.* ("[A] federal action requesting an "injunction, whether preliminary or permanent, [that] falls squarely within the *Younger* abstention doctrine" has no "likelihood of success on the merits.") (citation omitted). This Court should abstain from exercising federal jurisdiction over Plaintiff's claims. *See Stewart*, 2020 WL 3146866, at *6.

**C.    Plaintiff has not stated a claim against Associate Judge DeAngelis.**

Further, and in the alternative, Associate Judge DeAngelis moves to dismiss this action under Rule 12(b)(6).

### 1.    Standards for Rule 12(b)(6) Motions

The federal pleadings standards are well settled. *See, e.g., Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 567 (2020). Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

Under these standards, Plaintiff fails to state a claim against Associate Judge DeAngelis.

**2.      Plaintiff's claims against Associate Judge DeAngelis are barred by judicial immunity.**

Repeatedly, district courts have stated that judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Ramirez v. Abdal-Khallaq*, 4:17-CV-093-Y, 2019 WL 764420, at *3 (N.D. Tex. Feb. 21, 2019); *Morgan v. City of Fort Worth, Tex.*, 4:13-CV-004-Y, 2013 WL 3196580, at *2 (N.D. Tex. June 25, 2013) (**involving, among others, a Tarrant County family law associate judge**); *see Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988) & *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Furthermore, judicial immunity applies in a civil RICO action. *See, e.g., Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well-established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.") (citing *Sparks v. Duval Ranch Co.*, 604 F.2d 976 (5th Cir. 1979); *McCoy v. McCormick*, No. CV 22-443-BAJ-RLB, 2023 WL 3010215, at *14–15 (M.D. La. Feb. 15, 2023) (citing *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989 (5th Cir. 1993) (judicial and quasi-judicial immunity apply in a civil RICO action); *Spencer v. McNamara*, No. 10-1678, 2010 WL 3168435, at *1 (E.D. La. July 16, 2010) (dismissing Section 1983 and RICO claims brought against federal judges on Section 1983 and RICO claims where "[d]espite the plethora of exclamation points and question marks in plaintiff's complaint, nothing in either the complaint or the motion reveals that any of the judges acted outside the scope

of their judicial capacity."), *report and recommendation adopted*, 2010 WL 3189974 (E.D. La. Aug. 10, 2010)).

Because the complained-of conduct by Associate Judge Lori DeAngelis was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 325th Judicial District Court, Associate Judge DeAngelis is entitled to absolute judicial immunity. *See* Tex. Fam. Code Ann. § 262.601 (jurisdiction of family district courts); Tex. Gov't Code Ann. § 24.633 (creating the 325th Judicial District Court in Tarrant County, Texas); Tex. Fam. Code Ann. § 201.005 (concerning nature of cases that can be referred to family law associate judges); TEX. FAM. CODE ANN. § 201.017 ("An associate judge … has the judicial immunity of a district judge."). Plaintiff's claims against Associate Judge DeAngelis, therefore, are not plausible and should be dismissed.

### 3. Plaintiff's official capacity claims against Associate Judge DeAngelis are barred by Eleventh Amendment Immunity.

The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This provision not only prohibits suits against States in federal court by citizens of other States, but also prohibits suits brought against a State in federal court by its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). Moreover, the Eleventh Amendment prohibits suits against state officials where the state is, in fact, the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). It also bars suit when state officials are named defendants if the state is the "real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of*

*Univ. Sys. of Ga.*, 535 U.S. 613 (2002). The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state, especially by imposing liability damages that must be paid out of the public fisc. *See, e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 & n.11 (1984*); Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Here, Associate Judge DeAngelis, acting in her judicial capacity, is an agent of the State of Texas. Plaintiff sued Associate Judge DeAngelis in her official capacity under section 1983. ECF No. 9, ¶ 8, 9. As such, Plaintiff's claims against Associate Judge Lori DeAngelis are barred by Eleventh Amendment immunity and must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

### 4. Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity.

Moreover, Associate Judge DeAngelis is entitled to qualified immunity from Plaintiff's individual capacity section 1983 claims. Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. § 1983. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000)).

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). Courts have discretion to consider either prong first. *Pearson v.*

*Callahan*, 555 U.S. 223, 236 (2009). Here, Plaintiff has failed to sufficiently plead either a constitutional violation or that Associate Judge DeAngelis acted unreasonably in light of clearly established law. Therefore, Plaintiff's individual capacity claims against Associate Judge DeAngelis should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

### IV. Brief: This Court should issue a pre-filing injunction.

Defendant also requests that this Court issue a pre-filing order, enjoining Plaintiff Conghua Yan from filing further frivolous, vexatious filings in the United States District Court for the Northern District of Texas. A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation under the All Writs Act, 28 U.S.C. § 1651. *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings) (citing *Martin–Trigona v. Lavien (In re Martin–Trigona)*, 737 F.2d 1254, 1261–62 (2d Cir. 1984))). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id*. (quoting *Farguson*, 808 F.2d at 360).

In *Martin–Trigona*, the Second Circuit held that "[w]here the jurisdiction of the federal courts is in need of protection, [courts] need not await the arrival of a litigant able to show private relief .... A history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel is enough." 737 F.2d at 1262 (internal quotations omitted). In *Baum*, the Fifth Circuit observed that it had "previously cited *Martin–Trigona* in support of the proposition that the district court has authority to impose a

pre-filing injunction. 513 F.3d at 188-89 (citing *Day*, 788 F.2d at 1115). The court further stated that "[it] agree[d] with the Second Circuit's conclusion that a district court may sua sponte impose a pre-filing injunction to deter vexatious filings, and [it] agree[d] with its rationale for this conclusion:

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

*Id.* at 189 (quoting *Martin–Trigona*, 737 F.2d at 1261).

The Fifth Circuit instructs that, in determining whether to impose a pre-filing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:

> (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id*. (quoting *Cromer v. Kraft Foods N. Am., Inc*., 390 F.3d 812, 818 (4th Cir. 2004)). Further, "the traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Id*. (quoting *Martin–Trigona*, 737 F.2d at 1262). However, "[n]otice and a hearing are required if the district court sua sponte imposes a pre-filing injunction … to deter vexatious filings." *Id*.

Here, Defendant requests that this court issue a prefiling order against Plaintiff Yan. He has established a pattern of filing vexatious, harassing proceedings in this court (as well as in state courts in Tarrant County, Texas). Despite two prior dismissals with prejudice to suits involving the same or similar allegations as the suit at hand, Yan remains undeterred.

In sum, Plaintiff Yan does not have a good faith basis to pursue this action against Defendants, and this lawsuit is only designed to harass Defendants. Yan's filings have resulted in a waste of this Court's time and resources, as well as the Defendants' time and the taxpayers' resources. Alternative sanctions, such as monetary sanctions or the award of attorneys' fees, will likely not dissuade Yan, who appears to be undeterred in pursuing frivolous lawsuits, and who is also gainfully employed with financial resources. Defendant proposes that the Court issue a prefiling order containing language akin to the following:

> Conghua Yan is prohibited from proceeding with any miscellaneous action or civil action in the United States District Court for the Northern District of Texas ("this court") against Tarrant County, Texas (and any of its officials or employees, including but not limited to Tarrant County Associate Judge Lori DeAngelis) – whether he files such proceeding in this court, he files it in another court and it is removed to this court, or he files it in another federal court and it is transferred to this court – unless he first obtains from a district judge of this court leave to proceed in this court. If a miscellaneous action or civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Conghua Yan seeks, in writing, leave from a district judge of this court to proceed in this court.

*See, e.g., High v. Tarrant Cty. Justice Ct. Precinct One*, No. 4:19-mc-00019-O, Doc. 12 at pp. 6-7 (N.D. Tex. Dec. 26, 2019) (Order) (O'Connor, J.).

Defendant requests that this Court give Yan notice of its intent to issue a prefiling order and an opportunity to respond and then issue the above-stated prefiling injunction (or something akin to it). *See Baum*, 513 F.3d at 189; *see, e.g., Mitchell v. PHH Mortgage Corp.*, No. 4:21-CV-1258-P, 2022 WL 6950351, at *6 (N.D. Tex. Oct. 12, 2022) (warning litigant that filing future frivolous or repetitive filings would result in the imposition of severe sanctions, including monetary sanctions and restrictions on the ability to file pleadings or other documents in this Court), *appeal dismissed*, No. 22-11117, 2023 WL 3434770 (5th Cir. Jan. 18, 2023).

## V. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Associate Judge Lori DeAngelis prays that this Court grant this motion and dismiss this action, that Plaintiff take nothing by this suit, and that this Defendant be granted such other and further relief, both general and special, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

*/s Katherine E. Owens*
**KATHERINE E. OWENS**
State Bar No. 24081683
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: keowens@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT**
**ASSOCIATE JUDGE LORI DEANGELIS**

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on December 13, 2024.

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092

*/s/ Katherine E. Owens*
**KATHERINE E. OWENS**

16