IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CONGHUA YAN,** | § | CIVIL ACTION 4-24 CV-00579-O-BP |
| | § | |
| **Plaintiff** | § | |
| | § | |
| Versus | § | |
| | § | |
| **THE STATE OF TEXAS, et al.** | § | |

### DEFENDANT WILLIAM ALBERT PIGG'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

### INTRODUCTION

Plaintiff CONGHUA YAN (aka "Arnold Yan," hereinafter, collectively, "Yan") filed an Original Complaint in this matter on June 20, 2024 [Doc. 1], an Amended Complaint on July 9, 2024 [Doc. 4], and a Second Amended Complaint on October 10, 2024 [Doc. 9].[1] Defendant WILLIAM ALBERT PIGG (hereinafter, "Pigg") was neither served with nor requested to waive service of Yan's Original Complaint and his Amended Complaint.

Pigg received a request for Waiver of Service of Yan's Second Amended Complaint on or about October 29, 2024. Pigg executed the waiver and filed it for record on October 30, 2024 [Doc. 13].

In his Second Amended Complaint, Yan alleges the following causes of action against Pigg:

**Federal Causes of Action (Second Claim for Relief)[2]**

1. Violation of 42 U.S.C. § 1983; and

---

[1] *See* Appendix at pp. 2-26.
[2] n.b. Pigg is not a named Defendant in Yan's First Claim for Relief

2. Violations of Plaintiff's rights under the 5th and 14th Amendments to the U.S. Constitution.[3]

**State Causes of Action (Third, Fourth, Fifth and Sixth Claims for Relief)[4]**

3. Fraud, and Conspiracy under Texas law;

4. Violations of various unspecified Texas state statutes related to Legal Malpractice, Breach of Contract, Negligent Misrepresentation, Breach of Fiduciary Duty, Deceptive Trade Practices, aiding and abetting fraud, and abuse of process; and

5. "Civil complaints under Minesota civil causes of action fraud" [sic] and violations of various unspecified Minnesota state statutes.

## BACKGROUND AND PROCEDURAL HISTORY

This matter stems from Pigg's representation of Yan in Yan's divorce action.[5] Yan fired his first attorney and hired Pigg in November 2021.

The divorce action was contentious and Yan was a challenging client, rarely following Pigg's advice and believing among other things that the 325th District Court was biased against him. Nonetheless, by early September 2022, Pigg was able to steer Yan's case toward a proposed resolution that would have inured to Yan's ultimate benefit as it would have given Yan most of what Yan professed to want. Yan categorically and unequivocally refused to negotiate the proposed settlement put forth by his then wife's attorney (Defendant herein Leslie Starr Barrows, referred to hereinafter as "Ms. Barrows"), reiterating his desire to punish his wife for her alleged criminal activity and stating there was "NO WAY" he would sign anything in the 325th District Court.[6]

---

[3] Appendix at 13-18.
[4] Appendix at 18-26.
[5] Conghua Yan v. Fuyan Wang; Cause No. 325-707596-21; 325th District Court; Tarrant County.
[6] Appendix at 27-30.

At that time, the Associate Judge in the 325th District Court was Defendant herein Lori L. DeAngelis (hereinafter "Judge DeAngelis").

Given what Pigg perceived to be Yan's intractable position and his continued unwillingness to follow Pigg's advice, Pigg withdrew from Yan's representation. Pigg's withdrawal was "by the book" in conformity with the Texas Rules of Civil Procedure on attorney withdrawals and Pigg returned the entirety of Yan's file to him.[7] The Court signed off on Pigg's withdrawal on September 21, 2022, and Yan secured other counsel.[8]

Yan filed a grievance against Pigg with the Texas State Bar on or about January 23, 2023, which the Bar dismissed on or about February 13, 2023. Yan appealed the Bar's decision and the Bar's Appellate Board classified his grievance as a Complaint. Pigg responded to the Complaint as directed by the Bar and Yan's Complaint was summarily dismissed on July 13, 2023.

Yan then filed another grievance with the Bar against Pigg on or about November 17, 2023, alleging, as in this action, that Pigg forged his signature on a temporary restraining order.[9] Pigg duly responded and the Bar dismissed Yan's grievance on or about March 11, 2024.[10]

Assuming Yan does not seek to amend his Complaint herein yet again, the operative pleading in this matter is Yan's Second Amended Complaint [Doc. 9].[11]

Yan's Federal causes of action for Pigg's alleged violations of 42 U.S.C. § 1983 and Yan's 14th Amendment rights set forth above were also alleged by Yan against Pigg in his Third Amended Complaint in an earlier proceeding in this Federal District in the action bearing the caption "Conghua Yan vs. The State Bar of Texas, et al." Cause Number 4:23-cv-00758-P

---

[7] *See* Tex.R.Civ.Pro Rule 10.
[8] Yan either fired his subsequent attorneys or they withdrew from his representation. Regardless, Yan represented himself *pro se* when his divorce was finalized on October 1, 2024 – on far worse terms than those proposed two years earlier. Yan is now appealing his divorce judgment.
[9] Appendix at 13, 32.
[10] Appendix at 34-45. n.b. Exhibits referenced on pp. 34-44 that are irrelevant to this matter are omitted.
[11] Appendix at 2-26.

**MEMO IN SUPPORT OF DEFENDANT WILLIAM ALBERT PIGG'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**      Page 3

(hereinafter, "Lawsuit 1").[12] In that action, Judge Pittman entered a Final Judgment of Dismissal on April 23, 2024.[13] Yan filed a timely notice of appeal of Judge Pittman's decision and as of this writing, that case is currently pending in the U.S. 5th Circuit Court of Appeals in Cause No. 24-10543.[14]

Pigg conferred with Yan regarding an extension of time to file a responsive pleading herein until 30 days after final disposition of Yan's appeal. Yan had no opposition and Pigg filed a motion to that effect on November 6, 2024 [Doc. 17]. Magistrate Ray denied Pigg's Motion on November 7, 2024 [Doc. 19]. Therefore, a responsive pleading by Pigg to Yan's Second Amended Complaint in this matter is due on or before December 16, 2024 [Doc. 19]. Accordingly, Pigg files this Motion to Dismiss Yan's Second Amended Complaint on grounds that Yan has failed to state a claim upon which relief can be granted.

## APPLICABLE LEGAL PRINCIPLES

1. Federal Rule of Civil Procedure 12(b) states the following, in relevant part:

    A "party may assert the following defenses by motion:

    (1) lack of subject-matter jurisdiction; . . . [and]

    (6) failure to state a claim upon which relief can be granted.

    A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

2. The term *"res judicata"* is from the Latin, meaning "a thing adjudged;" the consequence of which is that once a lawsuit is decided, the same issue or an issue arising from the first issue cannot be contested again.

---

[12] Appendix at 111-113.
[13] Appendix at 128.
[14] Appendix at 129-133.

**PLAINTIFF'S SECOND AMENDED COMPLAINT**                                                                                   **Page 4**

3. Subject matter jurisdiction requires either a Federal Question or diversity of citizenship between the parties. 28 U.S.C. § § 1331, 1332.

## SUMMARY OF THE ARGUMENT

Yan alleges three Federal causes of action against Pigg - Violation of 42 U.S.C. § 1983 and violations of his 5th and 14th Amendment rights under the U.S. Constitution.[15] Two of those causes of action were alleged against Pigg in Lawsuit 1.[16] In that matter, Judge Pittman entered a Final Judgment of Dismissal on April 23, 2024.[17] Those same causes of action are set forth in Yan's Second Claim for Relief in this matter (hereinafter "Lawsuit 2") and are therefore barred on grounds of *res judicata* because two of them were dismissed by Judge Pittman in Lawsuit 1[18] and Yan could have raised the third therein[19] because it arises from the same issues – namely, Pigg's alleged dishonesty in connection with his representation of Yan in Yan's divorce proceeding. Yan failed to raise his 5th Amendment claim against Pigg in Lawsuit 1 and it cannot therefore be contested in Lawsuit 2 – the present matter.

The remainder of Yan's allegations in Lawsuit 2 herein are matters of either Texas or Minnesota state law. Since Yan's Federal causes of action are barred by the doctrine of *res judicata*, this Court is therefore without subject matter jurisdiction to decide the state causes of action as Yan and Pigg are not diverse nor do those causes of action implicate a Federal Question.

For the foregoing reasons, Yan's Second through Sixth Claims for Relief against Pigg in his Second Amended Complaint herein (Lawsuit 2) should be dismissed.

---

[15] Appendix at 13-18.
[16] Yan's claim for violation of 42 U.S.C. § 1983 and his claim for violation of his 14th Amendment rights; *See* Appendix at 111-113.
[17] Appendix at 128.
[18] Yan's claim for violation of 42 U.S.C. § 1983 and his claim for violation of his 14th Amendment rights.
[19] His claim for violation of his 5th Amendment rights.

## ARGUMENT

1. *Res Judicata*

The doctrine of *res judicata* is a civil litigation principle that means "a thing adjudicated" which bars relitigating the same issue or an issue arising therefrom in a subsequent lawsuit by the same parties (or their privies) once the first lawsuit has been decided by a court of competent jurisdiction.[20]

As Chief Justice Rehnquist succinctly stated: "There is little to be added to the doctrine of res judicata as developed in the case law of this Court. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (and cases cited therein).

Accordingly, "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.,* 510 F.2d 272, 273 (5th Cir.1975) (per curiam); *Comer v. Murphy Oil USA, Inc.,* 718 F.3d 460, 467 (5th Cir. 2015); 18A CHARLES A. WRIGHT & ARTHUR D. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4427 (2d ed. 2012) ("[R]es judicata ordinarily attaches to a final lower-court judgment even though an appeal has been taken and remains undecided.")."

In Yan's Second Claim for Relief herein (Lawsuit 2), Yan sued Pigg for violations of 42 USC § 1983 and violations of his rights under the 5th and 14th Amendments to the U.S. Constitution.[21] The gravamen of Yan's allegations is that Pigg, Ms. Barrows and Judge

---

[20] https://www.trans-lex.org/100700; Black, Henry Campell, BLACK'S LAW DICTIONARY, 6th Edition, St. Paul 1990.
[21] n.b. Yan's Fifth Amendment Claim is not identified in the heading of his Second Claim for Relief, but he references it on pages 13-15 in paragraphs 54-56, and 63.

DeAngelis colluded to enter a fraudulent temporary restraining order on which Pigg forged Yan's signature resulting in a garnishment of Yan's wages – the same allegation that Yan alleged in his second grievance against Pigg with the Texas State Bar which the Bar summarily dismissed.[22]

In Lawsuit 1, Yan sued Pigg for violations of 42 USC § 1983 and violations of his rights under the 14th Amendment to the U.S. Constitution.[23] The gravamen of Yan's allegations in that suit are difficult to ascertain in the eighty-two pages of his Third Amended Complaint, but essentially Yan alleges that Pigg conspired with Ms. Barrows and Judge DeAngelis to enter into a fraudulent Qualified Domestic Relations Order resulting in an order entitling Yan's wife to a portion of his retirement.[24]

When one compares Yan's allegations in Lawsuit 1 to those alleged herein in Lawsuit 2, it becomes clear that Yan alleges Pigg, Ms. Barrows, and Judge DeAngelis conspired to enter into fraudulent domestic relations orders that deprived him of a portion of his income. In both Lawsuits, Yan alleges Pigg violated 42 USC § 1983 and a violation of his rights under the 14th Amendment to the U.S. Constitution; the only difference between the two being an additional allegation herein in Lawsuit 2 that Pigg violated his 5th Amendment rights.

If Yan believes Pigg violated his 5th Amendment rights, he could have alleged that violation in Lawsuit 1 because it springs from the same issue for which Yan is suing Pigg herein in Lawsuit 2; namely, alleged dishonesty during the term of his representation of Yan in Yan's divorce proceeding. Yan did not do that. Instead, Yan did what he has done for nearly the past two years - throughout the entirety of his two Bar Complaints and his two Federal lawsuits which comprise a total of five amendments - namely, when there is a judgment in one forum that is not

---

[22] Appendix at 31-33, and 45.
[23] Appendix at 111-113.
[24] Appendix at 63-74.

**MEMO IN SUPPORT OF DEFENDANT WILLIAM ALBERT PIGG'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**  Page 7

to his liking, Yan slightly alters the allegations in a new forum by bringing up issues he could have raised in the previous proceeding.

At some point, Yan should be stopped. His repeated concoctions of ludicrous and fantastical conspiracy theories that have no basis in fact is an abuse of the judicial process, a waste of this Court's time, and is harassment of Pigg and the other Defendants.

Yan could have alleged a 5th Amendment violation in Lawsuit 1. He did not do that and Lawsuit 1 was dismissed. The case law cited above makes clear that Yan's Federal allegations herein in Lawsuit 2 are *res judicata* and he should not be allowed a second, or more accurately, a ninth bite at the apple.[25]

2. *<u>Subject Matter Jurisdiction</u>*

Since Yan's Second Claim for Relief is *res judicata*, there only remains allegations of Texas and Minnesota state law violations in the remainder of his claims for relief against Pigg herein. Since no Federal Question is involved, this Court is without subject matter jurisdiction to decide the remainder of Yan's claims against Pigg on those grounds under 28 U.S.C. § 1331.

Similarly, Yan is a citizen of Texas. Pigg is a citizen of Texas. Therefore, there is no diversity of citizenship and this Court is likewise without subject matter jurisdiction under 28 U.S.C. § 1332 to decide the remainder of Yan's claims against Pigg.

## CONCLUSION

The foregoing makes clear that Yan's Federal allegations against Pigg are *res judicata* and the remainder of Yan's allegations against Pigg are all predicated on state law. Accordingly, this Court is without subject matter jurisdiction to rule on Yan's allegations herein and his Second Amended Complaint against Pigg must be dismissed.

---

[25] Two Bar grievances, an Original Complaint and three amendments in his previous lawsuit, and an Original Complaint with two amendments herein.

For the foregoing reasons, Yan has failed to state any claim upon which this Court can grant him relief and his Second Amended Complaint against Pigg herein should be dismissed in its entirety.

Respectfully Submitted

WILIAM A. PIGG, PLLC

*s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on Plaintiff Conghua Yan on December 15, 2024, via the Court's electronic filing system.

*/s/ William A. Pigg*