# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN,<br>     Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Case No. [4:24-cv-00579-O-BP] |
| THE STATE OF TEXAS, et al.<br>     Defendants. | )<br>)<br>)<br>) |

**PLAINTIFF'S BRIEF OF OBJECTION AND RESPONSE TO DEFENDANT WILLIAM PIGG'S MOTION TO DISMISS WITH MEMORANDUM IN SUPPORT**

| | | |
|---|---|---|
| I. | Background | 3 |
| II. | Standard of Review | 4 |
| III. | Authorities, Arguments and Memorandum in Support | 5 |
| | A.   Common-law *res judicata*. | 5 |
| | B.   Standard for Applying *Res Judicata* or *Claim Preclusion* | 7 |
| | C.   Analysis | 8 |
| IV. | Conclusion | 9 |
| V. | Relief Requested | 10 |

TO THE HONORABLE JUDGE REED C. O'CONNOR:

Come Now, Plaintiff Conghua Yan (hereinafter "Mr. Yan", "Plaintiff") respectfully submits this brief of objection and response to the Defendant, William Albert Pig (hereinafter "Mr. Pigg", "William Pig")'s Motion to Dismiss. The Motion lacks merit under Federal Rules of Civil Procedure 12 and common law. Plaintiff requests this Court deny the Motion and allow the case to proceed for the reasons set forth below:

## I. Background

On October 10, 2024, Yan filed a Second Amended Complaint against Defendant William Pigg in this case. William Pig is being sued pursuant to a federal cause of action *§ 1983* claim (Second Claim for Relief) and various state causes of actions (Third, Fourth, Fifth and Sixth Claims for Relief).

The Defendant William Pigg filed Motion to Dismiss on December 15 (Dkt 33-35) and a redacted Appendix (Dkt 42) on December 17.

In the Motion to Dismiss (Dkt. 34), at 5, Mr. Pigg asserted *res judicata* to preclude the *§ 1983* claim and also argued lack of subject matter jurisdiction, attempting to dismiss the remaining state causes of action, presuming he prevailed on the federal claim.

In the Motion to Dismiss (Dkt. 34), at 4, under the section *APPLICABLE LEGAL PRINCIPLES*, Mr. Pigg asserted that he pleaded defense pursuant to Rule 12(b)(1) and (6). However, the term "Rule 12" never appeared in the subsequent argument. Mr. Yan argued that Mr. Pigg had abandoned the Rule 12 related argument.

## II.     Standard of Review

""Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations,") … (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely.") … "[A] plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.""[1].

"A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is **rarely** granted." … The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true. … The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim. … Therefore, this court **will not** dismiss a plaintiff's claim, "**unless** the plaintiff will not be entitled to relief under **any set of facts** or **any possible theory** that he could prove consistent with the allegations in his complaint.""[2]

"[A] court "must examine the complaint to determine if the allegations provide for relief on any possible theory." … "So long as a pleading alleges facts upon which relief can be granted, it states a claim even if it fails to categorize correctly the legal theory giving rise to the claim.""[3]

""A motion to dismiss may be granted **only if** it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." "We construe all of the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint.""[4]

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 563 (2007).
[2] *Priester v. Lowndes County*, 354 F.3d 414, 418-19 (5th Cir. 2004).
[3] *Shaikh v. Tex. A&M Univ. Coll. of Med.*, No. 16-20793, 13 n.7 (5th Cir. Jun. 20, 2018).
[4] *Moore v. Allstate Tex. Lloyd's*, No. 17-10904, 3 (5th Cir. Jul. 19, 2018).

### III.     Authorities, Arguments and Memorandum in Support

Mr. Pigg asserted common-law res judicata doctrine under the federal § 1983 claim and argued that this Court lacks subject matter jurisdiction over the state causes of action if the federal cause of action is dismissed.

A.     Common-law *res judicata*.

"By preventing relitigation of issues, res judicata conserves judicial time and resources." *Seaboard Coast Line R. Co. v. Union Camp Corp.*, 613 F.2d 604, 607-608 (5th Cir. 1980).

> This Court stated:
>> "The relitigation exception is grounded in principles of *res judicata* … The test for the relitigation exception is the same test used to determine claim preclusion or *res judicata:* "(1) the parties in a later action must be identical to (or at least in privity with) the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action **must have concluded** with a **final judgment** on the merits; and (4) the **same claim** or **cause of action must** be involved in both suits." *Regions Bank v. Rivet,* 224 F.3d 483, 488 (5th Cir. 2000) (internal quotation marks and citation omitted); *N.Y. Life Ins. Co. v. Gillispie,* 203 F.3d 384, 387 (5th Cir. 2000). In *Next Level Communications LP v. DSC Communications Corp.,* 179 F.3d 244, 250 (5th Cir. 1999), we recognized that the relitigation exception also applies where issue preclusion, or collateral estoppel, exists. The district court sought to protect its f.n.c. dismissal — a judgment — so we **must decide whether it is *res judicata* for purposes of the relitigation exception**."(emphasis added) *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675-76 (5th Cir. 2003).

Other Federal Circuit "have adopted the "transactional approach" to defining a "cause of action." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

>> ""Under this approach, **a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence**. All claims arising out of the transaction **must** therefore be presented in one suit or be barred from subsequent litigation." *Id.* What constitutes "the same transaction" must be "determined pragmatically, giving weight to such

considerations as whether the facts are related in **time**, **space**, **origin**, or **motivation**, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.""*MacGowan v. Town of Castle Rock*, No. 22-1061, 4 (10th Cir. Nov. 23, 2022).

This Court stated:

> "Discussing the "preclusion" doctrines of res judicata … in a recent case, the Supreme Court observed:
>> A fundamental precept of common-law adjudication, embodied in the related doctrines of … res judicata, is that a "right, question or fact **distinctly** put in issue and **directly** determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the **same** parties or their privies . . ." *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 [ 18 S.Ct. 18, 27, 42 L.Ed. 355] (1897) … To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." (emphasis added) *Key v. Wise*, 629 F.2d 1049, 1061 (5th Cir. 1980).

In ascertaining whether the doctrine of res judicata is applicable here, this Court must see whether (a) the parties are the **same**; (b) whether the question of fact involved in [this Court ] was **distinctly** put in issue before [another court in the suit] and, if so, whether it was **directly determined** by the court." (emphasis added) See *Otis Co. v. Securities and Exchange Comm*, 176 F.2d 34, 37 (D.C. Cir. 1949).

> Other Circuit set forth similar triggers:

>> "There are three elements necessary to trigger claim preclusion by res judicata: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990).

>> ""No simple test exists to determine whether causes of action are identical" in the res judicata analysis, "and each case must be determined separately within the conceptual framework of the doctrine." … The conceptual framework we operate under is a transactional one, as we ask "whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions

as the claim resolved by the prior judgment' " and whether "the claims could have been brought in the earlier action."'" *Sas Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017).

B.   Standard for Applying *Res Judicata* or *Claim Preclusion*

This Court had set forth a perfect standard for applying res judicata in *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, Civil Action No. 3:12-CV-4746-L, 13 (N.D. Tex. Sep. 30, 2013), stated following:

""Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). "The test for claim preclusion has **four elements**: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." Duffle v. United States, 600 F.3d 362, 372 (5th Cir. 2010) (citation omitted). "In order to determine whether both suits involve the same cause of action, this [c]ourt uses the **transactional test**." Singh, 428 F.3d at 571 (citation omitted). The Fifth Circuit has also explained the transactional test:

> Under the transactional test, a prior judgment's preclusive effect extends to **all rights of the plaintiff** with respect to all or any part of the **transaction**, or **series of connected transactions**, out of which the **original action arose**. What **grouping of facts** constitutes a "**transaction**" or a "**series of transactions**" must be determined pragmatically, giving wright to such considerations as whether the **facts** are **related** in **time**, **space**, **origin**, or **motivation**, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (emphasis added).

C.   Analysis

Opposing counsel and Defendant William Pigg failed to apply any legal analysis to adequately brief the **four elements** application required to demonstrate why claim preclusion should apply to this case (referred to as Lawsuit 1). Instead, he merely stated conclusively that there is another lawsuit, referred to as Lawsuit 2, leaving this Court or Mr. Yan to bear the burden of proof.

Contradictorily, Defendant William Pigg's own statement demonstrates that these two suits are not the same under considerations of **time**, **space**, **origin**, or **motivation**. (Defendant William Pigg's Motion to Dismiss at 5–6, stating, "In Yan's Second Claim for Relief herein (**Lawsuit 2**), Yan sued Pigg … [t]he gravamen of Yan's allegations is that Pigg, Ms. Barrows and Judge DeAngelis colluded to enter a **fraudulent temporary restraining order** on which Pigg f**orged Yan's signature** resulting in a **garnishment of Yan's wages**, " and "In Lawsuit 1, Yan sued Pigg …alleges that Pigg conspired with Ms. Barrows and Judge DeAngelis to enter into a **fraudulent Qualified Domestic Relations Order** resulting in an order entitling Yan's wife to a **portion of his retirement**."

Mr. Yan has listed the facts of two Lawsuits side by side for this Court's review. Mr. Yan only listed the facts concerning the federal *§ 1983* claim, which Mr. Pigg is sued under.

| Facts | This suit (Lawsuit 2) | Another suit (Lawsuit 1) |
|---|---|---|
| Damage | Ongoing salary garnishment and expulsion from the marital home since Nov 2021. | $25000 ERISA pension fund loss in Sep 2022 |
| Involved court instrument | June 2022 Temporary Restraining Order | April 2022 and May 2022 Qualified Domestic Relation Order("QDRO"). |

| | | |
|---|---|---|
| Alleged Conduct | Forging signature; no TRO petition filed in associated judge court; no such hearing heard. | No spousal support petition filed; the QDRO itself was altered. |
| **Case status** | Active | Appealing in Fifth Circuit, no final judgment made. |

Supreme Court of Texas recently ruled that, "[a] long and unbroken line of our precedent answers this question clearly and unequivocally: **an appeal is simply the "continuation of the action in suit brought in the trial court**."" *Serafine v. Crump*, 691 S.W.3d 917, 922 (Tex. 2024).

The Supreme Court of the United States similarly stated: "An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below, or, as this court has recently said, "a proceeding in the original cause and the suit is pending until the appeal is disposed of."" *Gulf Refining Co. v. U.S.*, 269 U.S. 125, 137 (1925).

It is evident that there is no final judgment on the merits of Lawsuit 1, as Mr. Pigg referred, and these two referred lawsuits involve facially distinct transactions or series of connected transactions. Mr. Pigg's res judicata argument is meritless and should be entirely denied.

Subsequently, Mr. Pigg's argument that this court lacks subject matter jurisdiction over the state civil causes of action is meritless and should be entirely denied.

### IV.   Conclusion

For the foregoing reasons, William Pigg's Motion to Dismiss should be denied. The Plaintiff has adequately demonstrated that *Res Judicata* is not applicable, subject matter jurisdiction on state cause of actions exists, standing is satisfied, and claims for relief are plausible. The Plaintiff's allegations of constitutional violations warrant adjudication on the merits.

## V.   Relief Requested

The Plaintiff respectfully requests that the Court:

**1.**   Deny William Pigg's Motion to Dismiss in its entirety.

**2.**   Allow the case to proceed to discovery and subsequent stages of litigation, as the Plaintiff has sufficiently alleged claims for relief.

Respectfully submitted,

```
        /s/ Conghua Yan
```

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]

December 19, 2024

**Unsworn Declarations**

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2024.

/s/ Conghua Yan

### CERTIFICATE OF SERVICE

On (December 19, 2024) I, Conghua Yan, hereby certify that I have served the forgoing document on all parties and/or counsels of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] [arnold200@gmail.com]