**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CONGHUA YAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00579-O-BP** |
| | § | |
| **THE STATE OF TEXAS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT LESLIE STARR BARROWS' MOTION TO DISMISS

---

TO THE HONORABLE JUDGE OF THE COURT:

     Defendant Leslie Starr Barrows ("Barrows"), by and through her undersigned counsel, moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims alleged against Barrows in the Second Amended Complaint filed by Plaintiff Conghua Yan ("Plaintiff" or "Yan"). In support of this motion, Barrows states the following:

1

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ 2

INTRODUCTION AND SUMMARY OF RELIEF SOUGHT ............................................. 9

FACTUAL BACKGROUND .................................................................................... 9

ARGUMENTS AND AUTHORITIES ........................................................................ 10

    I.    Governing Standards ............................................................... 10

    II.    The Court should dismiss all claims asserted against Barrows in *Yan II*, which duplicates *Yan I* and is barred by *res judicata* ................. 10

        A.    Barrows requests the Court take judicial notice of the pleadings in *Yan I* ............................................................... 11

        B.    *Yan II* duplicates *Yan I* ............................................... 11

        C.    *Res judicata* also bars *Yan II* ...................................... 13

    III.    Alternatively, the Court should dismiss all claims against Barrows for failure to state a claim and for want of jurisdiction ................. 14

        A.    Yan fails to state cognizable RICO claims ....................... 15

            1.    Yan does not plausibly allege the commission of any RICO predicate crime ................................... 15

                a.    Yan does not plead the elements of money laundering and wire fraud ............................. 16

                b.    Adversarial litigation conduct is an improper foundation for RICO claims ..................... 17

            2.    Yan's RICO claims fail because he does not plead facts establishing continuity ......................... 18

            3.    Yan's 1962(d) claim fails because Yan failed to plead sufficient factual matter in support of the claimed conspiracy ................................................. 19

            4.    Yan's 1962(a) claim fails because Yan has not pleaded any injury resulted from the use or investment of racketeering income ......................... 19

            5.    Conclusion .......................................................... 20

B.    Yan fails to state cognizable § 1983 claim against
Barrows because she is a private actor ............................................. 20

IV.    The Court should decline to exercise supplemental jurisdiction
over the common-law claims ........................................................................ 22

V.    If the Court exercises jurisdiction over the common-law claims,
they should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) ............... 23

A.    The doctrine of attorney immunity deprives the Court
of jurisdiction over the common-law fraud claim and
the claim is otherwise insufficiently pleaded ..................................... 23

B.    The common law conspiracy claim is barred by attorney
immunity and otherwise fails along with the predicate
fraud claim ........................................................................................ 25

C.    Finally, Yan does not state a cognizable Minnesota
common law claim .............................................................................. 26

CONCLUSION ........................................................................................................ 27

CERTIFICATE OF SERVICE ................................................................................. 28

## **TABLE OF AUTHORITIES**

### **Federal Cases**

*Abraham v. Singh*,
    480 F.3d 351 (5th Cir. 2007) ........................................................................15, 19

*Ackerson v. Bean Dredging LLC*,
    589 F.3d 196 (5th Cir. 2009) ..................................................................................27

*Adams v. Alcolac, Inc.*,
    974 F.3d 540 (5th Cir. 2020) ..................................................................................25

*Aloe Crème Laboratories, Inc. v. Francine*,
    425 F.2d 1295 (5th Cir. 1970) ................................................................................11

*Armadillo Hotel Grp., L.L.C. v. Harris*,
    84 F.4th 623 (5th Cir. 2023) ...................................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................10

*Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*,
    No. 3:17-cv-1147-D, 2019 WL 329545 (N.D. Tex. Jan. 25, 2019)........................25

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................10

*Carrington v. Maye*,
    707 F. App'x 847 (5th Cir. 2018) ...........................................................................13

*Clyce v. Farley*,
    836 F. App'x 262 (5th Cir. 2020) ...........................................................................11

*D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*,
    98 F.4th 198 (5th Cir. 2024) ........................................................................15, 18, 19

*Dennis v. Sparks*,
    449 U.S. 24 (1980)..................................................................................................20

*Ebrahimi v. United States*,
    No. 3:23-CV-02229-G-BH, 2023 WL 7423932 (N.D. Tex. Oct. 16, 2023),
    *rec. adopted*, 2023 WL 7420225 (N.D. Tex. Nov. 9, 2023)...................................13

*Ellis v. Thea LNU*,
    No. 4:23-CV-1156-O, 2024 WL 2141970 (N.D. Tex. May 13, 2024)....................14

*Ellis v. United States*,
    No. 4:19-CV-1026-O, 2021 WL 260428 (N.D. Tex. Jan. 26, 2021)................11, 13

*Enochs v. Lampasas County,*
    641 F.3d 155 (5th Cir. 2011) ........................................................................22

*Euristhe v. Beckmann,*
    No. 4:23-CV-00653-O-BP, 2024 WL 2019769 (N.D. Tex. Apr. 22, 2024), *rec.*
    *adopted*, 2024 WL 2141966 (N.D. Tex. May 13, 2024) ...............................15, 16

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,*
    565 F.3d 200 (5th Cir. 2009) .................................................................17, 23

*Gabriel v. Outlaw,*
    No. 22-10314, 2023 WL 2645549 (5th Cir. Mar. 27, 2023).....................16, 17, 18

*Garcia-Lopez v. Waste Mgmt. of Tex., Inc.,*
    No. 22-20112, 2022 WL 17547458 (5th Cir. Dec. 9, 2022)..................................15

*Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.,*
    533 F. Supp. 3d 367 (N.D. Tex. 2020) (O'Connor, J.)...........................................26

*Gordon v. Neugebauer,*
    No. 1:14-cv-0093-J, 2014 WL 12819902 (N.D. Tex. Nov. 12, 2014) ...................20

*H.J. Inc. v. Nw. Bell Tel. Co.,*
    492 U.S. 229 (1989)...............................................................................18

*Hanson v. Town of Flower Mound,*
    679 F.2d 497 (5th Cir. 1992) ......................................................................10

*HCB Fin. Corp. v. McPherson,*
    8 F.4th 335 (5th Cir. 2021) .......................................................................14

*Hey v. Irving,*
    161 F.3d 7, 1998 WL 723819 (5th Cir. 1998) ...................................................21

*In re Burzynski,*
    989 F.2d 733 (5th Cir. 1993) ......................................................................18

*Jones v. Baptist Cmty. Servs.,*
    No. 2:24-cv-144-Z, 2024 WL 4673932 (N.D. Tex. Nov. 4, 2024)........................10

*Klaxon v. Stentor Electric Mfg. Co.,*
    313 U.S. 487 (1941)...............................................................................25

*Lakiesha v. Bank of New York Mellon,*
    No. 3:15-cv-0901-B, 2015 WL 5934439 (N.D. Tex. Oct. 9, 2015) .........................23

*Link v. Wabash R.R. Co.,*
    370 U.S. 626 (1962)...............................................................................24

*MacMillan Bloedel Ltd. v. Flintkote Co.*,
    760 F.2d 580 (5th Cir. 1985) ............................................................11

*Malvino v. Delluniversita*,
    840 F.3d 223 (5th Cir. 2016) ............................................................17

*McReynolds v. Bell Textron, Inc.*,
    No. 4:22-cv-00194-O-BP, 2022 WL 2759848 (N.D. Tex. June 29, 2022), *rec.*
    *adopted*, 2022 WL 2757631 (N.D. Tex. July 14, 2022) .........................................10

*MLM Express Courier & Freight Serv. LLC v. Enopoly Automation LLC*,
    No. 3:23-cv-0368-G, 2023 WL 3313592 (N.D. Tex. May 5, 2023).......................................24

*Molina-Aranda v. Black Magic Enters., L.L.C.*,
    983 F.3d 779 (5th Cir. 2020) ............................................................16

*Nolen v. Nucentrix Broadband Networks Inc.*,
    293 F.3d 926 (5th Cir. 2002) ............................................................19

*Parker & Parsley Petroleum Co. v. Dresser Indus.*,
    972 F.2d 580 (5th Cir. 1992) ............................................................21

*Pennie v. Obama*,
    255 F. Supp. 3d 648 (N.D. Tex. 2017) ...............................................21, 22

*Pittman v. Moore*,
    980 F.2d 994 (5th Cir. 1993) ...........................................10, 11, 13, 27

*Resendez v. United States*,
    841 F. App'x 741 (5th Cir. 2021) ....................................................11, 13

*Smith v. Ayer*,
    101 U.S. 320 (1979)...................................................................24

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
    833 F.3d 512 (5th Cir. 2016) ............................................................17

*St. Paul Mercury Ins. Co. v. Williamson*,
    224 F.3d 425 (5th Cir. 2000) ............................................................19

*Test Masters Educ. Servs., Inc. v. Singh*,
    428 F.3d 559 (5th Cir. 2005) ............................................................13

*Thomas v. Esquivel*,
    959 F. Supp. 396 (N.D. Tex. 1997) .....................................................11

*Troice v. Proskauer Rose, LLP*,
    816 F.3d 341 (5th Cir. 2016) ............................................................22

*United Mine Workers of America v. Gibbs*,
    383 U.S. 715 (1966)....................................................................................................21

*Van Velzer v. Amegy Bank*,
    713 F. App'x 377 (5th Cir. 2018) ........................................................................16, 17

*Varela v. Gonzales*,
    773 F.3d 704 (5th Cir. 2014) ...............................................................................27, 28

*West v. Atkins*,
    487 U.S. 42 (1988).......................................................................................................20

*Yan v. State Bar of Texas*,
    2023 WL 9659175 (N.D. Tex. Dec. 28, 2023), *rec. adopted in part*, 2024 WL
    1739368 (N.D. Tex. Apr. 23, 2024) (appeal pending)...............................9, 11, 12

*Zastrow v. Hous. Auto Imports Greenway Ltd.*,
    789 F.3d 553 (5th Cir. 2015) ....................................................................................18

## State Cases

*Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*,
    580 S.W.3d 136 (Tex. 2019)......................................................................................24

*Cantey Hanger, LLP v. Byrd*,
    467 S.W.3d 477 (Tex. 2015)......................................................................................23

*Davis v. Re-Trac Mfg. Corp.*,
    276 Minn. 116, 149 N.W.2d 37 (1967)....................................................................26

*Red Roof Inns, Inc. v. Murat Holdings, L.L.C.*,
    223 S.W.3d 676 (Tex. App.—Dallas 2007, pet. denied).........................................26

*Stevenson v. Ford Motor Co.*,
    608 S.W.3d 109 (Tex. App.—Dallas 2020, no pet.).................................................25

*Youngkin v. Hines*,
    546 S.W.3d 675 (Tex. 2018)......................................................................................23

## Federal Statutes and Rules

18 U.S.C. § 1343...........................................................................................................15, 16

18 U.S.C. § 1956...........................................................................................................15, 16

18 U.S.C. § 1961...........................................................................................................15, 16

18 U.S.C. § 1962.......................................................................................................... *passim*

28 U.S.C. § 1367 ...................................................................................................21

31 U.S.C. § 5324 ...........................................................................................15, 16, 17

42 U.S.C. § 1983 ............................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1) .................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) .................................................................................. *passim*

Fed. R. Civ. P. 9(b) ........................................................................................ *passim*

## **<u>Miscellaneous</u>**

Restatement (Second) of Conflicts of Laws .........................................................25, 26

## INTRODUCTION AND SUMMARY OF RELIEF SOUGHT

The Second Amended Complaint (the "Complaint") duplicates claims previously asserted against Barrows by Yan in Case No. 4:23-cv-758-P ("*Yan I*"). An appeal from the Court's dismissal of the claims asserted in *Yan I* is currently pending before the Fifth Circuit Court of Appeals. *See Yan v. State Bar of Texas*, 2023 WL 9659175 (N.D. Tex. Dec. 28, 2023), *rec. adopted in part*, 2024 WL 1739368 (N.D. Tex. Apr. 23, 2024) (appeal pending) (hereinafter "*Yan I*"). The claims in each case revolve around a common nucleus of operative facts arising from Yan's Tarrant County divorce litigation in which Barrows represented Yan's ex-wife. In each case, Yan alleges common RICO and Section 1983 claims against Barrows. This Court should dismiss all of Yan's claims against Barrows in *Yan II* because they are duplicative of prior claims made in this Court and are precluded under *res judicata*. Alternatively, the Complaint should be dismissed because the claims are legally infirm, inadequately pleaded, and the Court otherwise lacks jurisdiction over them.

## FACTUAL BACKGROUND

Like *Yan I*, the Complaint concerns Yan's Tarrant County divorce suit with his ex-wife Fuyan Wang ("Wang"). *See Yan I*, 2023 WL 9659175, at *1 ("This lawsuit arises out of an ongoing state court divorce proceeding between Yan and his wife."). Barrows, an attorney, represented Wang (also a defendant here) in the divorce. *See* ECF No. 9 at 6 ¶ 6, 8 ¶ 27. There are six other defendants including William Pigg ("Pigg"), who was, for a period of time, Yan's attorney in the divorce proceeding, *see id.* at 14 ¶ 64, 21 ¶ 120, and Associate Judge Lori DeAngelis, who presided over the proceeding, *see id.* at 13 ¶¶ 58–59, 61; *see also Yan I*, 2024 WL 1739368, at *5 (referring to "Judge DeAngelis" as the "associate judge of the 324th District Court").

The focus of the complaint is a June 2022 temporary restraining order (the "TRO" or "Temporary Orders"). ECF No. 9 at 3 ¶ 2. Yan alleges that Pigg forged Yan's signature on the

TRO and that Pigg, Barrows, and Judge DeAngelis colluded in securing entry of the order. *Id.* at 4 ¶ 3, 104. Yan claims the TRO "led to the issuance of a writ of garnishment withholding [Yan's] income for child support." *Id.* at 4 ¶ 4. The live pleading—Yan's Second Amended Complaint (ECF No. 9)—asserts two federal claims arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and 42 U.S.C. § 1983, and three state law claims against Barrows.

## ARGUMENTS AND AUTHORITIES

### I.     Governing Standards.

A complaint is subject to dismissal under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Court accepts as true all well-pleaded facts but is not required to accept legal conclusions. *Id.* at 664. Though courts liberally construe *pro se* pleadings when considering Rule 12 motions, the "liberal construction does not require that the Court create causes of action where there are none." *Jones v. Baptist Cmty. Servs.*, No. 2:24-cv-144-Z, 2024 WL 4673932, at *2 (N.D. Tex. Nov. 4, 2024) (internal quotation marks and ellipsis omitted). Moreover, *pro se* plaintiffs "must allege facts, not legal conclusions." *McReynolds v. Bell Textron, Inc.*, No. 4:22-cv-00194-O-BP, 2022 WL 2759848, at *2 (N.D. Tex. June 29, 2022) (quoting *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir. 1992)), *rec. adopted*, 2022 WL 2757631 (N.D. Tex. July 14, 2022).

### II.    The Court should dismiss all claims asserted against Barrows in *Yan II*, which duplicates *Yan I* and is barred by *res judicata.*

"A district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff." *Pittman v.*

*Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *accord Resendez v. United States*, 841 F. App'x 741, 742 (5th Cir. 2021). "Complaints filed by pro se litigants may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous suit remains pending." *Ellis v. United States*, No. 4:19-CV-1026-O, 2021 WL 260428, at *3 (N.D. Tex. Jan. 26, 2021) (citing *Pittman*, 980 F.2d at 955). Also, "principles of res judicata serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus." *Id.* Dismissing under Rule 12 is proper where the face of the pleadings reveals a *res judicata* bar. *Clyce v. Farley*, 836 F. App'x 262, 267 (5th Cir. 2020).

### A.    Barrows requests the Court take judicial notice of the pleadings in *Yan I*.

Barrows respectfully requests that the Court take judicial notice of its own record of the pleadings and orders in *Yan I* (Civil Action No. 4:23-cv-758-P). *Aloe Crème Laboratories, Inc. v. Francine*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take judicial notice of its own files and records."); *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985); *Thomas v. Esquivel*, 959 F. Supp. 396, 398 (N.D. Tex. 1997) (taking judicial notice of related proceedings and dismissing duplicative claims).

### B.    *Yan II* duplicates *Yan I*.

*Yan I* "originate[d] from allegations against certain DFW family court attorneys/judges implicated in his 2021 divorce proceeding." *Yan I*, 2024 WL 1739368, at *1. Yan "allege[d] that key players within the Texas State Bar and Texas judiciary conspired against him with other public and private persons/entities." *Id.* He claimed that DeAngelis "injured him through the issuance of various orders in his divorce proceeding." *Id.*, 2023 WL 9659175, at *3 (citing the complaint). Specifically, Yan complained about an Associate Judge's Report, signed November 10, 2021,

based on a hearing on November 8-9, 2021.[1] Significantly, the November 10, 2021 Associate Judge's Report was converted to the Temporary Orders (TRO), signed June 21, 2022.[2] ECF No. 30-1, DA 001, 037. From Yan's perspective, "the state court illegally ordered him to pay attorneys' fees and spousal support from certain funds under his control." *Id.* at *1 (same). *Yan I* also targeted defendants Barrows and Pigg against whom Yan advanced "ill-defined allegations of racketeering and chicanery" and conspiracy involving DeAngelis. *Id.*, 2024 WL 1739368, at **6-8. As in this matter, Yan's live Complaint in *Yan I* only offered conclusory allegations that Barrows secured court orders by fraud and perjury, engaged in money laundering, wire and mail fraud, and deprived Yan of constitutional rights. *Id.*, 2023 WL 9659175, at **7-8. Yan asserted "numerous constitutional and civil-rights deprivations, an antitrust claim, and claims for fraud and civil conspiracy (among other more nebulous causes of action)." *Id.* at *1.

Just as in *Yan I*, here Yan similarly assails the validity of court orders (the TRO and garnishment orders) during the divorce. *Id.* at 3, 12-15. In *Yan I*, and now *Yan II*, he targeted a garnishment order as being "fraudulently revised" and made under "aggravated perjury." *E.g., id.*, at ¶ 55. In *Yan II*, he claims the TRO is "fraudulent" with a "forged signature," lacks notice, and resulted from collusion between Barrows, Pigg, and Judge DeAngelis. *See id.* at 12-14, ¶¶ 54-55,

---

[1] Third Amended Complaint for Civil RICO, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand at Ex. 7, *Yan v. The State Bar of Tex.*, No. 4:23-cv-00758-P-BJ, 2024 WL 17399368 (N.D. Tex. Apr. 23, 2024) (No. 60).

[2] In support of her Motion to Dismiss (ECF No. 29), Defendant Associate Judge Lori DeAngelis filed a copy of the relied upon and referenced July 21, 2022 Temporary Orders. ECF No. 30-1, DA 001-38. As pointed out in Judge DeAngelis' Motion to Dismiss, the Court is permitted to rely upon documents referred, and central, to in Yan's Complaint. ECF No. 29, pp. 1-2, n.2 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). However, to the extent the Court determines consideration of the July 21, 2022 Temporary Orders or the November 10, 2021 Associate Judge's Report would convert this 12(b)(6) and (1) motion into a motion for summary judgment, Barrows respectfully requests the Court disregard these documents for the purpose of ruling on this Motion.

61. Yan also complains in *Yan II* about the writ of garnishment at issue in *Yan I*. In both cases, Yan contends that his money obtained pursuant to the orders is being used for various wire-fraud and money-laundering conspiracies involving Defendants. *See id.* at 7-10. In each case, Yan asserted federal claims, including under 42 U.S.C. § 1983 and RICO. *See* 2024 WL 1739368. The Complaint here adds claims for common-law fraud and conspiracy. *See* ECF No. 9.

Yan's claims against Barrows are subject to dismissal as duplicative because all are similarly confined in scope to the common subject-matter of his Tarrant County divorce litigation. *See Ellis*, 2021 WL 260428, at *3. The addition of new defendants or claims in *Yan II* does not transform this case into a proper vehicle for the re-litigation of claims previously asserted against Barrows. *See Ebrahimi v. United States*, No. 3:23-CV-02229-G-BH, 2023 WL 7423932, at *2 (N.D. Tex. Oct. 16, 2023) ("The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case. Nor will new causes of action prevent a finding that a case is duplicative where the new claims grow out of the same allegations as were presented in the prior or pending suits." (internal quotation marks omitted)), *rec. adopted*, 2023 WL 7420225 (N.D. Tex. Nov. 9, 2023). Accordingly, the Court should dismiss all claims against Barrows in *Yan II* as duplicative. *Pittman*, 980 F.2d at 995; *Resendez*, 841 F. App'x at 742; *Ellis*, 2021 WL 260428, at *3.

### C.    *Res judicata* also bars *Yan II.*

*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata has four elements: (1) identical parties; (2) a judgment was rendered in the prior action; (3) the judgment concluded the prior action on its merits; and (4) the same claims are involved in both actions. *Id.* However, the Fifth Circuit applies a different test when the prior suit remains pending on appeal "because, by definition, no final judgment from the prior suit exists."

13

*Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023) (discussing the rule against claim splitting, which is based on "principles of *res judicata*"). In this context, *res judicata* requires only elements (1) and (4)—identical parties and common claims. *Id.*

Here, Plaintiff Yan and Defendant Barrows (along with Pigg and Judge DeAngelis) are the same parties from *Yan I*. The inclusion of additional defendants does not affect the identity of parties analysis. *Carrington v. Maye*, 707 F. App'x 847, 849 (5th Cir. 2018) ("Res judicata would be a feeble doctrine if plaintiffs could evade its reach by adding or subtracting defendants. . . . [I]t is sufficient that both Carrington and Maye were involved in the previous case."). The common claims requirement is also met because the claims (which include identical Section 1983 and RICO causes of action) all arise from the same nucleus of operative facts—the November 10, 2021 Associate Judge's Report and June 21, 2022 TRO. *See also, e.g.*, *Ellis v. Thea LNU*, No. 4:23-CV-1156-O, 2024 WL 2141970, at *3 (N.D. Tex. May 13, 2024) (dismissing as duplicative and under *res judicata* where the instant case involved "repetitive litigation of the same claims" and "new claims against that party which could have been asserted in the prior lawsuit," which featured "the same common nucleus of operative facts"). Additionally, the TRO was signed in June of 2021 (ECF 9, at ¶ 2), more than a year prior to the initial filing of *Yan I*. *See Yan I*, Case No. 4-23cv-758-P, at ECF 1 (dated July 21, 2023). Accordingly, Yan could have addressed the TRO in *Yan I* but did not. *Res judicata* bars his attempt at a second bite of the apple here.

## III.    Alternatively, the Court should dismiss all claims against Barrows for failure to state a claim and for want of jurisdiction.

In the alternative to dismissal based on *res judicata* principles, the Court should dismiss Yan's claims for failure to state a claim and for lack of jurisdiction pursuant to Rules 12(b)(6), 12(b)(1), or both. First, Yan's federal claims (RICO and Section 1983) are fundamentally and irreparably riddled with legal defects and are supported only by speculative conclusions and not

by any well-pleaded facts. Accordingly, the federal claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Second, following dismissal of the federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims, which should be dismissed under Rule 12(b)(1). Finally, if the Court nevertheless exercises supplemental jurisdiction over the state common-law claims, the Court should dismiss them on separate jurisdictional or plausibility grounds.

### A.    Yan fails to state cognizable RICO claims.

"Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute, 18 U.S.C. § 1962, and (2) an injury to the plaintiff's business or property by reason of a violation of section 1962." *Euristhe v. Beckmann*, No. 4:23-CV-00653-O-BP, 2024 WL 2019769, at *3 (N.D. Tex. Apr. 22, 2024) (quoting *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021)), *rec. adopted*, 2024 WL 2141966 (N.D. Tex. May 13, 2024).

### 1.    Yan does not plausibly allege the commission of any RICO predicate crime.

Yan alleges violations of 18 U.S.C. § 1962(a), (c), and (d). ECF No. 9 at 7 ¶ 21. Each subsection "shares three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 204–05 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). Each subsection thus requires pleading and proof of a *pattern* of racketeering activity. *Id.* A pattern "requires two or more predicate criminal acts, which are listed in 18 U.S.C. § 1961(1)." *Garcia-Lopez v. Waste Mgmt. of Tex., Inc.*, No. 22-20112, 2022 WL 17547458, at *3 (5th Cir. Dec. 9, 2022).

Yan lists three predicate criminal acts: wire fraud, 18 U.S.C. § 1343; money laundering, 18 U.S.C. § 1956; and "structuring tactics," 31 U.S.C. § 5324. ECF No. 9 at 7 ¶ 20; *see also* 18

U.S.C. §1961(1) (listing "any act which is indictable under the Currency and Foreign Transactions Reporting Act").

### a. Yan does not plead the elements of money laundering and wire fraud.

"A plaintiff must plead the elements of the criminal offenses that constitute the predicate acts." *See Gabriel v. Outlaw*, No. 22-10314, 2023 WL 2645549, at *2 (5th Cir. Mar. 27, 2023). *see also Van Velzer v. Amegy Bank*, 713 F. App'x 377, 378 (5th Cir. 2018) (holding that Rule 9(b)'s particularity pleading requirement applies to mail fraud allegations). Yan does not identify and plead the elements for money-laundering, wire-fraud, or structuring claims, much less allege facts satisfying each element.

Yan advances only conclusory allegations that Barrows engaged in the alleged in the predicate acts. For example, Yan's conclusory allegations include:

- Barrows "laundered no less than **$10,800** in <u>CASH</u>, using account under attorney's possession, without disclosing the true source of the income." ECF No. 9 at 8 ¶ 27.

- "[B]etween 2021 to 2022, [Yan's wife] under the instruction of Defendant Leslie Starr Barrows, opened no less than 3 new bank accounts in 2021, committed no less than thirty counts of money laundering (18 U.S.C. § 1956) and wire fraud (18 U.S.C. § 1343) by deposition of <u>CASH</u> into her account." *Id.* at 9 ¶ 31.

- The cash deposits were "in an amount no less than $30,000, under structuring tactics (31 U.S.C. § 5324) to avoid detection and financial regulations." *Id.* at 9 ¶ 31.

Without further factual support, Yan concludes "[a]ll of these acts constituted violation of 18 U.S.C. § 1962(a)(c)(d)." *Id.*

Yan pleads no facts regarding the source or disposition of the funds or regarding Barrows' alleged role in the scheme. There are simply no well-pleaded facts permitting the reasonable inference that the opening of a bank account or deposit of funds therein constitutes a criminal act of money laundering or wire fraud. Yan's conclusory and fanciful allegations are not entitled to a presumption of truth. *See, e.g.*, *Euristhe*, 2024 WL 2019769, at *3 ("[T]he Amended Complaint

consists of only bald assertions and allegations unsupported by facts, none of which plausibly state a claim under RICO." (internal quotation marks omitted)).

Moreover, Yan's wire fraud allegations are subject to Rule 9(b) heightened pleading requirements for fraud. *Van Velzer*, 713 F. App'x at 378. Rule 9(b) requires Yan to "describe, in short, the who, what, when, and where supporting [his] fraud allegations." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) (internal quotation marks omitted); *see also Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" (internal quotation marks omitted)). Yan does not pinpoint what fraudulent acts or omissions Barrows allegedly committed or how such alleged acts caused injury to Yan.

The structuring allegations are similarly deficient. Yan pleads no facts supporting any reasonable inference that structuring transactions occurred at all, much less at Barrows' direction. 31 U.S.C. § 5324. The Complaint is also wholly devoid of factual matter supporting any inference that Barrows caused a business or financial institution to violate federal reporting requirements for any financial transactions. Yan does not identify a single instance in which any federal reporting requirement was violated. Yan's conspiratorial speculations are not well-pleaded facts.

    **b.**  **Adversarial litigation conduct is an improper foundation for RICO claims.**

Finally, all of Yan's allegations against Barrows are confined to the subject matter of adversarial litigation conduct that cannot support a RICO claim. *See, e.g.*, *Gabriel v. Outlaw*, No. 22-10314, 2023 WL 2645549, at *2 (5th Cir. Mar. 27, 2023) ("The Plaintiffs' claims against Nation and Frick amount to complaints about their actions as attorneys in the underlying state court proceedings and cannot form the basis for civil RICO liability."); *Snow Ingredients, Inc. v.*

*SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016) (holding that even bad-faith litigation tactics will not support civil RICO claims in the absence of corruption). The Court should dismiss Yan's RICO claims on this basis alone.

> **2.    Yan's RICO claims fail because he does not plead facts establishing continuity.**

Even if Yan had properly alleged two or more predicate crimes (he did not), the Complaint nevertheless fails to establish the necessary continuity to maintain any RICO claim. The RICO plaintiff must "show both a relationship between the predicate offenses . . . and the threat of continuing activity." *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016). This latter "continuity" requirement is a "temporal concept." *D&T Partners*, 98 F.4th at 205. To effectuate Congress's intent to address "*continuing* racketeering activity," the Supreme Court has explained a plaintiff may satisfy the continuity requirement by showing "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). Yan does not allege such continuity.

First, Yan only alleges one victim—himself. *See id.* at 206–07 ("Though by no means conclusive, courts (including this one) have found the absence of multiple targeted victims relevant to the continuity inquiry."). Second, Barrows' alleged misconduct—conspiring with Pigg and Judge Deangelis regarding the fraudulent TRO—is temporally confined to the state-court divorce proceeding. *See, e.g.*, *Gabriel*, 2023 WL 2645549, at *2 (no continuity where all of defendant's alleged acts "were taken as part of her defense of the underlying state lawsuit, which has now ended"); *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 561 (5th Cir. 2015) (rejecting RICO claims premised on alleged predicate acts confined to the defense of a lawsuit); *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) ("All of the alleged predicate acts took place as

part of the *Burzynski I* litigation, which has ended. . . . The conduct did not constitute or threaten long-term criminal activity.").

Yan does not allege facts permitting any inference that Barrows' alleged misconduct in connection with representing Yan's wife in the state-court divorce proceeding would continue beyond that proceeding's context. Thus, even if the Court credited Yan's conclusory allegations of criminality, a "single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities is not the type of racketeering pattern RICO seeks to prohibit." *D&T* Partners, 98 F.4th at 207. Consequently, even if Yan pleads cognizable predicates, Yan's RICO claims still fail for the separate reason of non-continuity.

### 3. Yan's 1962(d) claim fails because Yan failed to plead sufficient factual matter in support of the claimed conspiracy.

Subsection 1962(d)—one of the three substantive statutory RICO violations Yan alleges—makes it unlawful for a person to "conspire" to violate any other subsection in § 1962. Again, every subsection in § 1962 requires a "pattern of racketeering activity." *Supra* at 15. Because Yan has not sufficiently pleaded such a pattern, it follows that his conspiracy claim under § 1962(d) falls short. Moreover, "because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Abraham*, 480 F.3d at 357. Nowhere does Yan allege with any specificity that Defendants, including Barrows, agreed to engage in a pattern of racketeering activity, much less what the nature of any agreement was. There is thus no basis for a RICO conspiracy claim against Barrows. This is an independent basis for dismissal of Yan's Section 1962(d) claim.

### 4. Yan's 1962(a) claim fails because Yan has not pleaded any injury resulted from the use or investment of racketeering income.

A § 1962(a) plaintiff must allege an injury that flows "from the *use or investment of racketeering income*." *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir.

2002) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)). Accordingly, § 1962(a) claims cannot be based on injuries flowing from alleged racketeering activities because § 1962(a) does not prohibit such acts. *Id.* As mentioned, Yan makes conclusory allegations of RICO predicate acts, namely wire fraud and money laundering. Yan does not explain how the money referenced for these predicates was used and invested *and* how he was subsequently injured thereby. This deficiency is a separate reason for dismissing his § 1962(a) RICO claim.

### 5.    Conclusion

As set forth above, each of Yan's civil RICO causes of action against Barrows should be dismissed for the independent reasons that: (1) Yan failed to plead sufficient facts to show the occurrence of two or more predicate crimes; and (2) the alleged racketeering scheme lacks continuity necessary to maintain a civil RICO claim. Separately, Yan's § 1962(d) conspiracy claim should be dismissed because Yan's allegations of conspiracy consist of mere conclusory and speculative assertions unsupported by facts. Finally, Yan's § 1962(a) claim fails for the independent reason that Yan does not plead any injury resulted from the use or investment of alleged racketeering income. The RICO causes of action against Barrows should be dismissed.

### B.    Yan fails to state cognizable § 1983 claim against Barrows because she is a private actor.

"To state a claim under § 1983, a plaintiff must allege [1] the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The latter requirement is known as the "state action" requirement. *Gordon v. Neugebauer*, No. 1:14-cv-0093-J, 2014 WL 12819902, at *4 (N.D. Tex. Nov. 12, 2014).

Yan alleges that Judge DeAngelis, Barrows, and Pigg violated Yan's procedural due process rights under the 5th and 14th Amendments by colluding to enter the fraudulent TRO, which resulted in a garnishment order withholding his income for child support. ECF No. 9 at 12 ¶¶ 54-55. Yan "alleges that this fraudulent TRO was entered meets zero element of minimum Procedural Due Process requirements, because there was no notice of a TRO ever being filed, nor was there a hearing on same, nor even a ruling pronounced in open court." *Id.* at 3 ¶ 3. Yan's attorney, Pigg, "never informed [Yan] about this signed order." *Id.* at 14 ¶ 61.

Barrows is a private family-law attorney, not a state actor. And she cannot be a state actor under § 1983 for the acts or omissions of a third party like Pigg, who is also not a state actor. A private actor is amenable to suit pursuant to Section 1983 only by conspiring with a state actor. *See Dennis v. Sparks*, 449 U.S. 24, 29 (1980) ("Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983.").

Yan's conclusory allegations of collusion with Judge DeAngelis are woefully insufficient. *Hey v. Irving*, 161 F.3d 7, 1998 WL 723819, at *2 (5th Cir. 1998) ("General conclusory charges of conspiracy with no specific allegation of facts tending to show a prior agreement cannot survive a motion to dismiss." (internal quotation marks omitted)). Rather, "[t]he complaint must include specific factual allegations showing a prior agreement, plan or meeting of the minds between the defendants and a state actor. *Id.* Yan's allegation that Barrows acted "under the color of law and without due process" is a mere conclusion. ECF No. 9 at 13 ¶ 56. Likewise, Yan's assertion that Barrows, Pigg, and Judge DeAngelis engaged in a "conspiracy" in procuring the TRO, *id.* at 14 ¶ 65, is unsupported by any facts specifying the nature or circumstance of any such agreement. The Court should dismiss Yan's § 1983 claims as to Barrows.

**IV.   The Court should decline to exercise supplemental jurisdiction over the common-law claims.**

As set forth above, Yan's RICO and § 1983 claims—over which this Court has original jurisdiction—should be dismissed under Rule 12(b)(6). Yan's remaining claims against Barrows are state common law claims for which this Court's jurisdiction is supplemental. *See Pennie v. Obama*, 255 F. Supp. 3d 648, 672 (N.D. Tex. 2017) ("Because the court has dismissed the federal claims over which it had original jurisdiction, the court must decide whether to retain jurisdiction over the remaining state law claims." (discussing 28 U.S.C. § 1367)). "Supplemental jurisdiction over state law claims is a 'doctrine of discretion, not of plaintiff's right.'" *Id.* (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). This Court may properly "decline to exercise supplemental jurisdiction over a claim" if the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

This Court should decline to exercise supplemental jurisdiction here for four reasons. *First*, the remaining state law claims will predominate over future proceedings. *See* 28 U.S.C. § 1367(c)(2); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). *Second*, the litigation is at its infancy. *Pennie*, 255 F. Supp. 3d at 672 ("[W]hen the federal claims are dropped at an early stage of the litigation, the district court has a 'powerful reason to choose not to continue to exercise jurisdiction.'" (quoting *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011)). *Third*, "retaining jurisdiction would disrupt the balance of congressionally approved federal and state judicial responsibilities." *Id.* at 673. *Finally*, there is no indication of prejudice. *Enochs*, 641 F.3d at 160 ("[I]t was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court.")

Consequently, the Court need not—and should not—exercise supplemental jurisdiction over Yan's remaining state-law claims. However, the remaining analysis assumes the Court exercises supplemental jurisdiction.

**V.    If the Court exercises jurisdiction over the common-law claims, they should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1).**

    **A.    The doctrine of attorney immunity deprives the Court of jurisdiction over the common-law fraud claim and the claim is otherwise insufficiently pleaded.**

To state a plausible fraud claim under Texas law, plaintiffs must allege: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumrine*, 565 F.3d at 212. Plaintiffs must allege these elements with particularity. *See* Fed. R. Civ. P. 9(b).

The attorney-immunity doctrine deprives this Court of jurisdiction. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016). Under Texas common law, attorneys are generally "immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (internal quotation marks omitted); *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). Yan is a non-client as to Barrows, and he challenges Barrows' conduct regarding the allegedly fraudulent TRO. But Yan only labels Barrows' relevant conduct as fraudulent and as part of a conspiracy without pleading any factual basis for these labels. "Merely labeling an attorney's conduct fraudulent does not and should not remove it from the scope of client representation or render it foreign to the duties of an attorney." *Cantey Hanger*, 467 S.W.3d at 483 (internal quotation marks omitted). Accordingly, Barrows remains immune from Yan's fraud claim, which the Court should dismiss for want of jurisdiction. *See Yan I*, 2024 WL 1739368, at *6 (dismissing under Rule 12(b)(1) because of attorney immunity).

Even assuming jurisdiction, the fraud claim is not cognizable. Rule 9(b)'s heightened pleading requirement applies to fraud claims. Fed. R. Civ. P. 9(b). Yan does not allege with particularity facts suggesting Barrows made any affirmative misrepresentation to him, and that Barrows intended for Yan to rely—and Yan did in-fact rely—on the misrepresentation. *See MLM Express Courier & Freight Serv. LLC v. Enopoly Automation LLC*, No. 3:23-cv-0368-G, 2023 WL 3313592, at *4 (N.D. Tex. May 5, 2023) (requiring an "affirmative misrepresentation"); *see also Lakiesha v. Bank of New York Mellon*, No. 3:15-cv-0901-B, 2015 WL 5934439, at *6 (N.D. Tex. Oct. 9, 2015) ("A plaintiff lacks standing to assert a fraud claim based only on alleged misrepresentations to a third party.").

Yan's sole allegation of misrepresentation is that Barrows, Pigg, and Judge DeAngelis "jointly colluded to enter a fraudulent TRO, which was a material misrepresentation made recklessly and with knowledge of its falsity." ECF No. 9 at 17 ¶ 89. The submission of an agreed order, signed by Yan's counsel, is not a "material misrepresentation" by Barrows. Yan was represented by counsel and is charged with the knowledge possessed by his agent, Pigg, who also signed it. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1979)) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"). The Complaint further facially negates the reliance element because Yan claims he had no knowledge of the TRO until nearly two years later: "Plaintiff did not become fully aware of this fraudulent TRO until March 2024." *Id.* at 3 ¶ 2. Yan did not rely on any alleged misrepresentation on the part of Barrows.

Yan fails to state a plausible fraud claim, which the Court should dismiss under Rule 12(b)(6).

**B.    The common law conspiracy claim is barred by attorney immunity and otherwise fails along with the predicate fraud claim.**

As with the fraud claim, the doctrine of attorney immunity bars Yan's conspiracy claim because it is similarly predicated on the actions taken by opposing counsel during the course of the underlying divorce litigation. *Supra* at 23.

Even if the conspiracy claim could survive the attorney immunity doctrine, the claim necessarily fails in the absence of a plausibly pleaded predicate tort. A "civil conspiracy is a derivative tort that depends on participation in some underlying tort." *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 138 (Tex. 2019) (internal quotation marks omitted). Civil conspiracy claims require pleading and proof of: "(1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages [] as a proximate result." *Adams v. Alcolac, Inc.*, 974 F.3d 540, 544 (5th Cir. 2020). "Civil conspiracy claims should be dismissed where plaintiffs fail to allege a predicate tort." *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, No. 3:17-cv-1147-D, 2019 WL 329545, at *7 (N.D. Tex. Jan. 25, 2019).

The predicate tort for Yan's conspiracy claim is fraud. Yan similarly alleges that Barrows, Pigg, and Judge DeAngelis "jointly conspired to enter a fraudulent TRO." ECF No. 9 at 21 ¶ 104. As discussed above, the Court lacks jurisdiction over Yan's fraud claim due to the attorney-immunity doctrine, and the claim is otherwise not cognizable. Yan's civil conspiracy claim necessarily fails along with the claim.

**C.    Finally, Yan does not state a cognizable Minnesota common law claim.**

The Complaint provides no basis for application of Minnesota common law governing fraud claims. ECF No. 9 at 23-24. Yan is a Texas resident, Barrows is a Texas resident, and the allegedly tortious misconduct is a TRO entered in a Texas state court. As set forth below, Texas law governs the alleged fraud claim. But, even if Minnesota law applied, Yan has failed to state a fraud claim for which relief could be granted.

Federal courts follow the choice-of-law rules of the state in which they sit. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d 367, 381-82 (N.D. Tex. 2020) (O'Connor, J.). Texas courts apply the "most significant relationship" test following the Restatement (Second) of Conflicts of Laws to resolve choice of law issues and determine what state's substantive law governs a particular case. *Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 116-17 (Tex. App.—Dallas 2020, no pet.) (collecting cases); *Red Roof Inns, Inc. v. Murat Holdings, L.L.C.*, 223 S.W.3d 676, 685 (Tex. App.—Dallas 2007, pet. denied) (applying "most significant relationship" test to fraud claims). In determining which state has the most significant relationship to the alleged tortious conduct, Texas courts consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (citing Restatement (Second) of Conflicts of Laws, § 145).

Here, all of the factors weigh in favor of Texas being the state with the most significant relationship to the alleged tortious conduct. Though Yan pleads that his employer is a Minnesota company, Yan is not suing for injuries suffered by his employer, whether in Minnesota or elsewhere. Yan is the sole alleged victim of the fraud, and he too resides and works in the state of Texas. And all of the parties and all of the events occurred in the context of the Tarrant County

Texas divorce. Accordingly, Texas law governs the alleged fraud claim. As previously set forth, Yan has failed to state a fraud claim upon which relief could be granted under Texas law and the fraud claim should be dismissed. *Supra* at 23-25.

However, even if Minnesota law applied to the fraud cause of action, the claim still fails because Yan does not state with particularity the facts upon which the fraud allegations are based. Fed. R. Civ. Proc. 9(b). Under Minnesota law, a fraud plaintiff must still plead and prove the existence of a material misrepresentation, made with knowledge of falsity and intent to induce others to act, and that the plaintiff "was induced to act by the representation." *Davis v. Re-Trac Mfg. Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38-39 (1967). Yan pleads that his own attorney, not Barrows, signed his name to the TRO. ECF No. 9 at ¶ 104. Yan does not plead the existence of any material misrepresentation by Barrows nor does he plead facts from which it may reasonably be inferred that Yan was induced to act by any such representation.

## CONCLUSION

The Court should **dismiss** all claims against Barrows because the Complaint duplicates earlier litigation in this Court and presents claims barred by *res judicata*. The dismissal should be without prejudice to Yan's ongoing appeal rising from *Yan I. See Pittman*, 980 F.2d at 995 ("Because of the basis of the dismissal, it should have been without prejudice to Pittman's prosecution of the duplicative pending suit."). However, Yan should be precluded from repleading or filing additional claims against Barrows related to his divorce proceeding. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) ("[A] district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., 'if the complaint as amended would be subject to dismissal.'").

Alternatively, the Court should **dismiss** the Complaint against Barrows under Rule 12(b)(6) and 12(b)(1). The RICO and § 1983 claims are subject to dismissal **with prejudice** under

Rule 12(b)(6). The Court should decline to exercise supplemental jurisdiction over the remaining state law claims, which should be dismissed **without prejudice** under Rule 12(b)(1).

If the Court exercises supplemental jurisdiction over the remaining state law claims, then the Court should **dismiss** the fraud and conspiracy claims **without prejudice** under Rule 12(b)(1) because of the attorney-immunity doctrine or alternatively under Rule 12(b)(6) **with prejudice**.

Whether dismissed with or without prejudice, Barrows requests that the dismissal be without leave to amend. Yan has already filed three iterations of his Complaint. Further amendment cannot cure the many substantive defects, which include the duplication of prior claims and the legal bar interposed by res judicata. *Varela*, 773 F.3d at 707.

Dated: December 20, 2024.　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　 */s/ Caroline M. Cyrier*
　　　　　　　　　　　　　　　　Roland K. Johnson
　　　　　　　　　　　　　　　　State Bar No. 00000084
　　　　　　　　　　　　　　　　rolandjohnson@hfblaw.com
　　　　　　　　　　　　　　　　Caroline M. Cyrier
　　　　　　　　　　　　　　　　State Bar No. 24097558
　　　　　　　　　　　　　　　　ccyrier@hfblaw.com
　　　　　　　　　　　　　　　　**Harris, Finley & Bogle, P.C.**
　　　　　　　　　　　　　　　　777 Main Street, Suite 1800
　　　　　　　　　　　　　　　　Fort Worth, Texas 76102
　　　　　　　　　　　　　　　　Telephone:　　817-870-8700
　　　　　　　　　　　　　　　　Facsimile:　　817-332-6121

　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT
　　　　　　　　　　　　　　　　LESLIE STARR BARROWS**


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Federal Rules of Civil Procedure on this 20th day of December, 2024.

　　　　　　　　　　　　　　　　 */s/ Caroline M. Cyrier*
　　　　　　　　　　　　　　　　Caroline M. Cyrier

1482703.6

28