IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:24-CV-579-O |
| | § | |
| THE STATE TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S
RESPONSE TO PLAINTIFF'S FIRST AMENDED EMERGENCY MOTION TO
STRIKE FILINGS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT.:

**I. Introduction and Summary of Relief Requested**

Plaintiff filed an emergency motion to strike filings associated with Defendant DeAngelis's motion to dismiss.[1] ECF No. 40. The Court then ordered expedited briefing to address Plaintiff's motion. ECF No. 41. The complained of record within DeAngelis's appendix is a certified copy of a Texas district court record and is therefore exempt from the procedural rules governing privacy protection of filings made with the court. *See generally*, Fed. R. Civ. P. 5.2(b)(4). For this reason, the Court should deny Plaintiff's first amended emergency motion to strike filings.

Although there are sound and objective reasons to deny Plaintiff's motion and for this Court to maintain the specified exhibits in their current state within this proceeding's record, Defendant DeAngelis remains (in good faith and with deference to this Court) amenable to either

---

[1] It is unclear whether Plaintiff asks this Court to strike the entirety of Defendant DeAngelis's motion to dismiss or just the appendix. ECF No. 40. For the reasons outlined within this brief, Defendant De Angelis asks this Court to deny Plaintiff's motion and therefore allow the entirety of ECF 29-30 and the associated appendix intact and in the same form as they were filed on December 13, 2024. *See generally* ECF 29-30, app. at Exhs. 1-2, DA1.

1

redacting certain information from the record or sealing the appendix, so long as this Court gives said records the same force and effect they currently possess as certified copies. These less restrictive alternatives are contemplated in the Court's December 17, 2024 order. ECF No. 41.

## II. Procedural Facts

On December 13, 2024, Defendant DeAngelis filed a motion to dismiss and brief in support pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 29. Within the motion to dismiss, Defendant DeAngelis attempted to provide clarification for this Court as to certain deficiencies within Plaintiff's Second Amended Compliant. *See* ECF No. 29 at FN 2. Specifically, Plaintiff intentionally avoided mentioning that the basis of the present suit arises from Temporary Orders (on which his signature appears) and a Writ of Garnishment in a Texas family district court case. *Id.* Instead, Plaintiff incorrectly refers to these pleadings collectively as a "fraudulent TRO" throughout his Second Amended Complaint without further context or specificity. *See* ECF 9, ¶¶ 2-5. To demonstrate to this Court the true nature of the family district court proceedings of which Plaintiff complains, Defendant DeAngelis attached an appendix that included certified copies of the family district court records referenced in her motion to dismiss. *See* ECF 39, app. at Exhs. 1-2, DA 1.

On December 16, 2024, Plaintiff filed his First Amended Emergency Sealed Motion to Strike Defendant Lori DeAngelis'[sic] Filing. ECF No. 40. Within this motion, Plaintiff complains of the appearance of a child's name within Exhibit 1 of the appendix. ECF No. 40 at PageID 393. He also alleges that Defendant DeAngelis "abused [her] official capacity" by obtaining "non-public information," i.e. Defendant DeAngelis used her position as an associate judge to secure records not accessible to the public. ECF No. 40 at PageID 395-96.

## II. DeAngelis's Brief in Response

A.  **Arguments and Authorities**

1. ***The record in question is exempt from the redaction requirements of Fed. R. Civ. P. 5.2(a).***

Plaintiff alleges that Defendant DeAngelis should have redacted the child's name that appears within Exhibit 1 to her December 13, 2024 motion to dismiss, more specifically described as June 21, 2022 Temporary Orders. *See* ECF 39, app. at Exh. 1, DA 1. Plaintiff cites the redaction requirements of Fed. R. Civ. P. 5.2(a) as his authority for this position. While it is true that Rule 5.2(a)(3) requires that a filing include only "the minor's initials," Plaintiff fails to address the number of exemptions that apply to this rule. *See generally* Fed. R. Civ. P. 5.2(b)(1-6).

Here, Defendant DeAngelis sought to apprise this Court of the true nature of the original Texas family district court dispute that Plaintiff complains of in the current suit. It is true that the name of a minor child appears in the certified copy, but for Defendant DeAngelis to redact such information would negate the integrity and certified nature of the copy.[2] Defendant DeAngelis did not act recklessly by filing this record with this Court in the same state as it appears in the original court's record. Rather, she relied on the exemption outlined in Fed. R. Civ. P. 5.2(b)(4), which exempts "the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed." *See* Fed. R. Civ. P. 5.2(b)(4).

As an order of a Texas district court, Exhibit 1 was not subject to the Federal Rules of Civil Procedure when it was executed and recorded with the Tarrant County District Clerk. Further, the record of the original family district court dispute was never sealed, and regardless, as an order of

---

[2] Counsel for Defendant DeAngelis obtained the certified copies of these records from the Tarrant County District Clerk's Office in the same method, manner, and means available to the public. This fact is memorialized by the Tarrant County District Clerk seal affixed to each page of the records in question. *See* ECF 39, app. at Exhs. 1-2, DA 1.

3

the court, Exhibit 1 is publicly available. *See generally* Tex. R. Civ. P. 76a(1)(stating, "[n]o court order or opinion issued in the adjudication of a case may be sealed.").

Because the complained of record within DeAngelis's appendix is a certified copy of a Texas district court record, it is exempt from the procedural rules governing privacy protection of filings made with the court. *See generally*, Fed. R. Civ. P. 5.2(b)(4). On this basis alone, the Court should deny Plaintiff's motion. *See id.*; ECF 39, app. at Exhs. 1-2, DA 1.

2. ***Even if this Court decides the records in question should be redacted, there are less restrictive options available than striking Defendant DeAngelis's appendix.***

This Court's December 17, 2024 order suggests two alternatives to striking Defendant DeAngelis's appendix. ECF No. 41. Should the Court determine that redaction was necessary, counsel for Defendant DeAngelis will agree to redact her filings or refile under seal.

### V. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Associate Judge Lori DeAngelis prays that this Court deny Plaintiff's motion to strike. In the alternative, Defendant DeAngelis prays that this Court allow for a less restrictive alternative to striking the motion to dismiss or any of its associated evidence, and instead allow Defendant DeAngelis to redact her filings or refile under seal. Defendant further prays that she be granted such other and further relief, both general and special, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

*/s Katherine E. Owens*
**KATHERINE E. OWENS**
State Bar No. 24081683
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: keowens@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
ASSOCIATE JUDGE LORI DEANGELIS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on December 23, 2024.

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092


/s/ Katherine E. Owens
**KATHERINE E. OWENS**

5