# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN,<br>THE UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>v.<br>THE STATE OF TEXAS,<br>LESLIE STARR BARROWS, in individual capacity,<br>WILLIAM ALBERT PIGG in individual capacity,<br>LORI L DEANGELIS in individual capacity,<br>　　and official capacity as associated judge,<br>PANOPYRA PLLC, a private company,<br>FUYAN WANG in individual capacity,<br>YUANLI TANG in individual capacity,<br>JIAYIN ZHENG in individual capacity,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. [4:24-cv-00579-O-BP]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REPLY TO DEFENDANT LORI L DEANGELIS' FIRST AMENDED EMERGENCY MOTION TO STRIKE FILINGS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE REED C. O'CONNOR:

Come Now, Plaintiff Conghua Yan (hereinafter "Mr. Yan", "Plaintiff") respectfully submits this reply to the Defendant Lori Deangelis' Response to Plaintiff's First Amended Emergency Motion to Strike Filing.

Plaintiff filed his original motion to strike on December 13 [Dkt. 32] and filed a first amended motion [Dkt. 40] on December 16.

On December 17, this Court explicitly ordered [Dkt. 41]: "Defendants **should state** whether they will voluntarily redact the names of any minors from their filings and amend those filings **or will agree** to seal any filings that include the names of minors." (emphasis added).

On December 23, the Defendant responded [Dkt. 49]. The Defendant was <u>offered only two options</u>, but they did <u>not</u> respond as the Court ordered. They <u>neither stated</u> whether they would voluntarily redact the names <u>nor agreed</u> to seal any filings. Instead, their entire response argued why their filings containing non-redacted minor names were proper and essentially told the Court: "[You, the Court] either let us do what we want, or choose your own action. ([Dkt. 49] at 4)

This Court's order <u>did not</u> "suggest two alternatives"; it <u>directed the Defendant to choose one</u>. Instead, the Defendant asked the Court to <u>either accept their filing as is or take an action on itself</u>.

## I. Authority

*Tex. R. Civ. P. 76a(2)(a)(3).*

**Court Records**. For purposes of this rule, **court records** means:

(a) **all documents** of any nature filed in connection with any matter before any civil court, **except**:

>(1) documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents;
>
>(2) documents in court files to which access is otherwise restricted by law;
>
>(3) **documents filed in an action originally arising under the Family Code**.

*Tex. R. App. P. 9.9*

Rule 9.9 - **Privacy Protection for Documents Filed in Civil Cases**

**(a)** Sensitive Data Defined. Sensitive data consists of:

>**(1)** a driver's license number, passport number, social security number, tax identification number or similar government-issued personal identification number;
>
>**(2)** a bank account number, credit card number, or other financial account number; and

>   **(3)** a birth date, home address, and the name of **any person who was a minor** when the underlying suit was filed.

## II. Argument

      A.      Texas Family Court filing is not Court Records per Texas law

In Texas, to govern privacy concern, documents filed in actions originally arising under the Family Code are not considered general "Court Records" for public access purposes, pursuant to Tex. R. App. P. 9.9.

In contrast, federal court filings are well-established as public records, using Rule 5.2 to govern privacy concern.

The Defendant, Lori Deangelis, merely holds a judicial role as the current associate judge of the 324th Associate Judge Court. In Texas, judges perform a ministerial role in managing case dockets. She is essentially gauging that any document accessible under her official capacity—regardless of privacy or security concerns—can subsequently be exposed in federal court filings as public records.

      B.      These records are unnecessary and irrelevant

At the Motion to Dismiss stage, all facial allegations must be assumed true. Mr. Yan has already alleged that there was a forged signature on an unlawful TRO rendered in the state court. The truthfulness of the existence of that TRO does not need to be proven at this stage. It is unnecessary to establish the existence of the TRO at this point.

Defendant Lori Deangelis submitted a Motion to Dismiss, asserting judicial immunity, which is an affirmative defense. Affirmative defense is a stand-alone defense, regardless the factual allegation that means proving the existence of the TRO does not support or aid her affirmative defense position.

      C.    *Fed. R. Civ. P. 5.2(b)* does not offer unconditional exemption as Defendant argued.

Lori Deangelis argued that her filing is exempt because ***Fed. R. Civ. P. 5.2(b)(3)*** exempts the official record of a state-court proceeding. Therefore, she contends that any appendix she files—without being cross-examined or providing an affidavit to prove authentication—can immediately be **treated as the official record** of a state-court proceeding, despite the privacy and security concerns governed under this provision. The minor child's privacy could suffer irreparable damage even if the authentication of that official record is later challenged.

If that argument is sound, does it not mean that Mr. Yan, or any individual in this nation, as a pro se litigant, could file a document containing every judge's Social Security number and date of birth without redaction because ***Fed. R. Civ. P. 5.2(b)(6)*** similarly provides an exemption for a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255?

      D.    Deangelis submitted a Texas government document containing private information that was unlawfully obtained through an abuse of official capacity.

Mr. Yan has argued that this document was obtained through an abuse of official capacity, in violation of Texas Penal Code § 39.06, **Misuse of Official Information**.

Defendant Lori L. Deangelis was appointed as an associate judge of the 325th court prior to January 2023. Her position was terminated at the end of December 2022. Defendant Lori L. Deangelis was subsequently reappointed through a new ministerial appointment process, obtaining a new position as an associate judge of the 324th court, which is in the same building. However, she has no official functions to manage the docket records outside of the 345th court, without specific assignment, pursuant to Texas Family Code. Because an associate judge is a creature of state statute, with limited function defined by Texas Family Code, a positions which does not possess general jurisdiction, as Texas constitution Article V defined.

Mr. Yan would not raise this argument if the document had been submitted by the State of Texas, which defends Lori L. Deangelis in her official capacity. However, as this specific court action involves Lori L. Deangelis in her personal capacity, and she is using "information that has not been made public," as defined by *Tex. Penal Code § 39.06*, for her own legal advantage, Mr. Yan must preserve this legal issue as stated in his earlier motion.

What makes Deangelis and Tarrant Count DA office believe that, just because that "information that has not been made public" is a mouse click away on her official PC in the office, a Tarrant county employee, can extract it using internal system access and government equipment and submit it for public record purposes in a suit involving her personal capacity?

Mr. Yan does not dispute that the Tarrant County DA's office might have access to government records for the purpose of a criminal proceeding. However, in a civil suit involving personal capacity, what makes the Tarrant County DA's office believe that the state executive branch can access the state judicial branch's records outside the scope of a criminal proceeding, without subpoena, simply because this "information that has not been made public" is a mouse click away? The State of Texas, acting in an official capacity, has already appeared in the suit.

> E.   The outcome of this motion reveals the truth about the ethical standards of the judiciary and attorneys.

The legal profession and judiciary have always claimed that their personnel uphold the highest ethical standards.

Having worked in the retail financial industry for 30 years, Mr. Yan understands that his profession requires upholding the highest ethical standards. This means that, even though he has access to millions of financial records—just a mouse click away, including Social Security numbers and other sensitive

data—he never thought he can use that work-function accessible information for his own benefit in any civil suit. In fact, even under court orders, the government cannot subpoena him or an individual to surrender these records because such records are accessed under official capacity. The government must subpoena the financial institution, not its personnel.

We—the retail financial industry—safeguard consumers' financial information at all costs. If Mr. Yan had used these records for any personal purpose, he would be subject to termination from his employment for abusing his official capacity. Neither Mr. Yan nor any of his coworkers would dispute such a decision, as it aligns with the highest ethical standards they have upheld for decades.

In contrast, the Tarrant County DA's office, a division responsible for criminal proceedings, and Lori Deangelis, a county employee, obtained family court civil proceeding records without a subpoena, abusing their official capacity. These records were then used in a suit under personal capacity, and they continue to argue that they are not required to redact the minor child's name as mandated by FRCP privacy provisions. Concerning these actions, Mr. Yan and the Texas public find it difficult to believe that these individuals are still upholding the highest ethical standards, especially when a higher standard is clearly attainable.

They appear to have little to no concern for safeguarding the public's private information in their daily work, as they face no accountability for wrongdoing under the current framework. Demonstrating care requires extra effort—something their mindset, seemingly overoccupied by ego, does not prioritize.

This Court should take action to demonstrate its commitment to matters that Tarrant County staff have neglected, within the function of case record management.

### III. Conclusion and Prayer for Relief

The Defendant should understand plain English. This Court ordered, "A or B, ordering you choose one before December 23," the Defendant responded back, "C! Or the Court choose one from A and B."

The Defendant's reckless response prejudices the Plaintiff and burdens this Court.

Mr. Yan should not have to reply and waste this Court's resources by requiring the review of yet another filing. However, since the Defendant has failed to choose one of the options ordered by this Court, Mr. Yan has no choice but to reply and argue why this Court should not accept their filing as-is—an option that this Court did not offer.

Subsequently, this Court has to made a ruling or maybe a FCR to address this urgent privacy matter in this holiday season. If the Defendant had complied with the Court's order to simply chose one of the two options as the ordered, this issue would not have arisen.

The Court's action addressing privacy concerns is not injunctive relief, and there is no less restrictive alternative legal theory available. If this Court chooses to strike the Motion to Dismiss, such action would not be merit-based. The Court has discretion to strike any filing that violates the civil rules of procedure for case docket management purposes, whether derived from its inherent power or ministerial function under the civil rules of procedure.

This Court should take immediate action today, as any delay in addressing the minor child's privacy would cause further irreparable harm. Once a minor's privacy is leaked to the public, there is no adequate remedy.

For the reasons set forth above and in alignment with the privacy protection objectives embodied in FRCP Rule 5.2, Plaintiff respectfully requests that this Court grant the relief requested in his motion.

Additionally, this Court should take its own action pursuant to the FRCP, the E-Government Act of 2002, or any other applicable statute governing this minor child's privacy matter, and grant such other and further relief as the Court deems just and proper.

`/s/ Conghua Yan`

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]

## CERTIFICATE OF SERVICE

On (December 23, 2024) I, Conghua Yan, hereby certify that I have served the forgoing document on Defendant Lori DeAngelis in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

`/s/ Conghua Yan`

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]