IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-579-O-BP |
| | § | |
| THE STATE BAR OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE REED O'CONNOR:

### I. Introduction and Summary of Relief

Plaintiff Conghua Yan responds to Judge DeAngelis's motion to dismiss in furtherance of his frivolous, conspiratorial claims. ECF No. 59. Plaintiff, however, has not overcome the grounds for dismissal in Judge DeAngelis's motion. ECF No. 29. Accordingly, this Court should grant the motion to dismiss and should dismiss all of Plaintiff's claims against Judge DeAngelis. *See id*. Additionally, Judge DeAngelis reurges her request for a pre-filing injunction against Yan. *See* ECF 29.

### II. Arguments in Reply

**A.    Judge DeAngelis relies upon and reurges all of her grounds for relief.**

Yan has not overcome the grounds for dismissal in Judge DeAngelis's motion to dismiss. ECF No. 29.  Plaintiff's response further outlines that his complaint is nothing more than an improper collateral attack on state family law court Associate Judge Lori DeAngelis's judicial rulings. ECF No. 59. Rather than rehash what she has already pleaded in detail, Judge DeAngelis

restates her reliance upon her grounds for relief under rules 12(b)(1) and (6). *Id.* Plaintiff's action should be dismissed for any or all of the following reasons:

(1) Plaintiff lacks standing to sue the state court associate judge, who is presiding over his ongoing family law proceeding;

(2) This Court should abstain under the Younger abstention doctrine;

(3) Plaintiff's claims are barred by judicial immunity;

(4) Plaintiff's official capacity claims against Associate Judge DeAngelis are barred by Eleventh Amendment immunity;

(5) Plaintiff has not stated a claim under either section 1983 or other law; and

(6) Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity.

In sum, this Court should dismiss Plaintiff's claims against Associate Judge DeAngelis in their entirety for the reasons set forth in Plaintiff's motion. ECF No. 29.

**B.    Judge DeAngelis reurges her request for prefiling injunction against Yan.**

In response to Judge DeAngelis's motion to dismiss, Yan argues the elements of a temporary injunction. But DeAngelis does not seek common law injunctive relief. She asks the Court for a prefiling order under the All Writs Act. *See* ECF No. 29 at PageID183-885. Yan fails to address—let alone contest—that argument. In fact, his response presents the precise reason the Fifth Circuit contemplated prefiling injunctive relief.[1]

---

[1] The Fifth Circuit instructs that, in determining whether to impose a pre-filing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:

> (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). Further, "the traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." Id. (quoting *Martin–Trigona*, 737 F.2d at 1262). However, "[n]otice and a hearing are required if the district court sua sponte imposes a pre-filing injunction … to deter vexatious filings." *Id.*

In sum, Yan does not have a good faith basis to pursue this action against Defendants, and this lawsuit is only designed to harass Defendants. Yan's filings have resulted in a waste of this Court's time and resources, as well as the Defendants' time and the taxpayers' resources. Alternative sanctions, such as monetary sanctions or the award of attorneys' fees, will likely not dissuade Yan, who appears to be undeterred in pursuing frivolous lawsuits, and who is also gainfully employed with financial resources. Judge DeAngelis would reurge her request that this court issue a prefiling injunction against Plaintiff as outlined in her motion to dismiss.[2]

---

[2] In addition to issuing a prefiling injunction against Yan, this Court has inherent power to dismiss Plaintiff's frivolous and malicious claims. *See Pope v. Mountcastle Mortg. Corp.*, No. 3-11-CV-1689-B, 2011 WL 4986927, at *1 (N.D. Tex. Oct. 18, 2011) (collecting cases); *Est. of Hamilton v. Trump*, No. 1:20-CV-266, 2020 WL 5499329, at *2 (E.D. Tex. Aug. 24, 2020), R. & R. adopted, 2020 WL 5439284 (E.D. Tex. Sept. 9, 2020) (same); *Smith v. Osborne*, No. 4:18-CV-906-ALM-CAN, 2019 WL 4383337, at *3 n.8 (E.D. Tex. Aug. 18, 2019), R. & R. adopted, 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019) (same); *Benavides v. Trump*, No. SA19CA440DAEHJB, 2019 WL 8273464, at *2 (W.D. Tex. Nov. 21, 2019), R. & R. adopted sub nom. *Benavides v. United States*, 2019 WL 8273463 (W.D. Tex. Dec. 9, 2019), aff'd sub nom. *Benavides v. Barr*, 797 F. App'x 886 (5th Cir. 2020) (same).

To the extent that the Court has the power to screen this case sua sponte on the basis of it being frivolous and/or malicious, Judge DeAngelis asks the Court to do so and to dismiss this action. *See, e.g., Krempp v. Dobbs*, 775 F.2d 1319, 1321-22 (5th Cir. 1985) (affirming dismissal of antitrust and constitutional claims against lawyers, the State Bar of Texas, and judges arising out of a family court proceeding); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1993) (stating that a court may dismiss claims as factually frivolous if the allegations are "fanciful," "fantastic," and "delusional").

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Associate Judge Lori DeAngelis prays that this Court grant her motion to dismiss and dismiss all of Plaintiff's claims against Judge DeAngelis. *See* ECF No. 29.

Respectfully submitted,

*/s Katherine E. Owens*
**KATHERINE E. OWENS**
State Bar No. 24081683
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: keowens@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
ASSOCIATE JUDGE LORI DEANGELIS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on January 13, 2025:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092

*/s/ Katherine E. Owens*
**KATHERINE E. OWENS**
