## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONGHUA YAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-579-O-BP** |
| | § | |
| **THE STATE OF TEXAS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Motions to Dismiss filed by the State of Texas ("the State") on November 6, 2024 (ECF No. 15 and 16); the response filed by Conghua Yan ("Yan") on November 25, 2024 (ECF No. 25); the State's reply filed on December 6, 2024 (ECF No. 28); Motion to Dismiss and Appendix filed by Judge DeAngelis ("Judge DeAngelis") on December 13, 2024 (ECF Nos. 29, 30); Yan's response filed on January 1, 2025 (ECF No. 59); Motion to Dismiss, Brief in Support, and Appendix filed by William Pigg ("Pigg") on December 15, 2024 (ECF Nos. 33, 34, 35); Yan's response filed on December 19, 2024 (ECF No. 45); Pigg's reply filed on December 20, 2024 (ECF No. 46); Motion to Dismiss filed by Leslie Barrows ("Barrows") on December 20, 2024 (ECF No. 47); and Yan's response filed on January 6, 2025 (ECF No. 61). Defendants Panopyra LLC, Fuyan Wang, and Yuanli Tang have filed answers in the case. ECF Nos. 52,53. Defendant Jiayin Zheng has not yet appeared.

After considering the pleadings, the Findings, Conclusions, and Recommendations and Judgment entered in Yan's prior case in this Court filed against many of the same defendants in the pending case, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor (1) **GRANT** the Defendants' Motions to Dismiss (ECF No.

16, 29) and **DISMISS** Plaintiff's claims against the State and Judge DeAngelis **WITHOUT PREJUDICE**; (2) **GRANT** Pigg's Motion to Dismiss (ECF No. 33) and **DISMISS** Plaintiff's claims against him **WITH PREJUDICE**; (3) **GRANT** Barrow's Motion to Dismiss (ECF No. 47) and **DISMISS** Plaintiff's claims against her **WITH PREJUDICE**; (4) **ABSTAIN** from exercising jurisdiction over the remaining Defendants Panopyra LLC, Fuyan Wang, Jiayin Zheng, and Yuanli Tang and **DISMISS** Plaintiff's claims against them **WITHOUT PREJUDICE**; (5) and **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims, and **DISMISS** those claims **WITHOUT PREJUDICE**.

## I.    FACTUAL BACKGROUND

Yan sues the State, various lawyers involved in his previous divorce suit, and others involved in an alleged conspiracy to conceal money laundering, violate his rights secured under the United States Constitution, and miscellaneous claims regarding fraud under Texas and Minnesota law. *See* ECF No. 9 at 7, 12, 17, 19, 20, 23. These claims arise out of Yan's disagreements with an underlying state divorce action. *See Id*. at 10. Like a previous case that Yan filed in this Court and which United States District Judge Mark T. Pittman heard, *Yan v. State Bar of Texas*, No. 4:23-cv-758-P-BJ ("Judge Pittman's case"), Yan contends that the state court illegally ordered him to pay attorneys' fees and spousal support in his divorce case in state court, and that various defendants colluded against him in that case. *Id*. at 9, 12.

Yan's first alleges that Barrows, Wang, Zheng, Tang, and Panopyra conspired to conceal "cash transactions during the whole disclosure and discover [sic] stage," of his previous suit. *Id*. at 9. In his Second Amended Complaint, Yan alleges that these actions constituted violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") caused him more than "$150,000 in unnecessary attorney fees and expenses," and that "Wang succeeded in falsely

claiming and portraying herself of being a victim of financial abuse and control." *Id*. at 10. Yan claims that because of this, he was expelled from his marital home and lost possession of all community property. *Id*.

Next, Yan alleges that Barrows, Pigg, Judge DeAngelis, and the State through Judge DeAngelis in her official capacity, "colluded to enter a fraudulent temporary restraining order (TRO) with forged signature of his." *Id* at 12. Further, he alleges that the same parties "colluded to enter a writ of garnishment to his case under the alleged fraudulent TRO… [and that] this writ of garnishment violated Procedural Due Process of Fifth and Fourteenth Amendment…." *Id*. He alleges that because of this unlawful garnishment, the harm is ongoing. *Id* at 14. Yan acknowledges concedes that "[t]his writ of garnishment is used to withhold his income for child support." *Id*. at 12. Yan asks the Court to hold Barrows, Pigg, and Judge DeAngelis liable for monetary relief. He further asks the Court for an injunction to enjoin the State from a litany of actions including changing the procedure followed in Texas family courts. *Id* at 15-16.

Finally, Yan alleges that Barrows, Pigg, and Judge DeAngelis are liable under Texas and Minnesota law for common law fraud, conspiracy, and claims relating to Pigg's brief representation of Yan. *See Id*. at 17-24. Many of these claims are the state equivalent to the violations he alleges under § 1983 and RICO.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen*, 511 U.S. at 377; *Howery*, 243 F.3d at 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332 (2024). Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject-matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a

claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

### B.    Judicial Immunity

Judicial immunity is an absolute immunity from suit, not just from the ultimate assessment

of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption

do not overcome judicial immunity. *Id*. Judicial immunity is inapplicable only when: (1) a judge

takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions

"taken in the complete absence of all jurisdiction." *Id*. Courts must construe jurisdiction broadly

for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

### C.    Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal

of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Rules require that a pleading stating a claim for relief contain "a short and plain statement of

the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must

include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts

must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff

. . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible

on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing

*Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

### D.   Res Judicata

The doctrine of res judicata dictates that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.2004)).  The doctrine bars subsequent claims if "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Courts must evaluate whether the cases "are based on the same nucleus of operative facts." *Id.* at 569; *see also United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

To "trigge[r] the doctrine of res judicata or claim preclusion" a judgment must be "on the merits." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). Prior dismissals with prejudice are considered a "final judgment on the merits" such that they preclude subsequent litigation of the case. *Brooks v. Raymond Dugat Co. LC*, 336 F.3d 360, 362 (5th Cir. 2003); *see also* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (3d ed. 2018) ("Nor can preclusion be defeated . . . by arguing that the first court should not have decided the issue on motion to dismiss."). Further, "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed

on appeal." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir.1975) (per curiam)).

### E.    RICO

RICO provides civil liability for activities that violate 18 U.S.C. § 1962 and harm the plaintiff. To bring an action under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). The threshold requirement for stating a civil cause of action under RICO is that that the plaintiff must be "'injured in his business or property by reason of a violation' of the [RICO]'s substantive restrictions." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006) (quoting 18 U.S.C. § 1964(c)); *see also Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001). Thus, "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation." *Anza*, 547 U.S. 451 at 453. Pecuniary consequences are not compensable claims under RICO. *See, e.g., Fisher v. Halliburton*, H-05-1731, 2009 WL 5170280 at *5 (S.D. Tex. Dec. 17, 2009) (holding that plaintiffs' alleged loss of "continued compensation" directly was not a cognizable injury under RICO).

### F.    42 U.S.C. § 1983

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied,* 572 U.S. 1087 (2014). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person

acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

In considering motions to dismiss section 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because a heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the issue now before the Court "is not whether a plaintiff will ultimately prevail but whether [they are] entitled to offer evidence to support [their] claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

### G.    *Younger* Abstention Doctrine

Federal courts generally must decide cases within their jurisdiction. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*. at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may raise the issue sua sponte. *Lawrence v. McCarthy*,

344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

### H.    Supplemental Jurisdiction Standard

When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367). But, a district court may "decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." *Alford v. State Parking Servs.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D. Tex. Dec. 10, 2014) (*see also* 28 U.S.C. § 1367(c)(3)).

### I.    *Pro Se* Standard

Courts must liberally construe the pleadings of parties appearing without counsel, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). If the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792

(5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III.    ANALYSIS

#### A.    Sovereign immunity bars Yan's claims against the State.

Under the Eleventh Amendment of the Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Because the State has not consented and Congress has not abrogated the State's immunity, the Eleventh Amendment bars Yan's claims against the State.

However, there are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 364 (2001).

*Young* allows only the granting of "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). "Determining if the exception applies involves 'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020) (quoting *Va. Off. for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up)). Yan has alleged that there is an ongoing violation of his Fifth and Fourteenth Amendment rights through the garnishment of his income every two weeks. ECF No. 9 at 14. However, this garnishment results from a previous state court child support case, and he seeks retrospective relief in the form of injunctions against

the State. *See* ECF No 9 at 15-16. Any violations are a result of the state court's order. The state court disposed of that case, and there is no potential for ongoing federal law violations. The Fifth Circuit has refused to extend the reasoning of *Young* to claims for retrospective relief. *See Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (quoting *Green v. Mansour*, 474 U.S. 64, 426 (1985)). Thus, the exception to Eleventh Amendment immunity under *Ex Parte Young* is unavailable to Yan on all claim under § 1983 against the State.

Yan neither pleaded nor directed the Court to authority showing that the State has waived immunity or consented to suit for Texas state law claims. Moreover, the State has not waived its Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983. *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009). The Supreme Court has expressly held that § 1983 does not abrogate a state's Eleventh Amendment immunity. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States[.]"); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Accordingly, the Eleventh Amendment bars Yan's claims under § 1983 against the State.

Sovereign immunity is a jurisdictional bar. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Because the Court lacks subject matter jurisdiction over Yan's claim against the State, the undersigned does not address the substantive points of the State's Motion under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

**B.    Yan does not have standing to bring claims against Judge DeAngelis.**

The Court must address standing before evaluating any argument on the merits or any attack on the pleadings' sufficiency. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992); *United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022) ("Standing is a matter of jurisdiction, and courts must assess their jurisdiction before turning to the merits."). The Court then first considers whether Yan has standing to bring the claims he has made against Judge DeAngelis. A plaintiff in federal court must have standing before the court can exercise subject matter jurisdiction. *Arbraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2002) (emphasis added). In ruling on motions to dismiss, the court is free to weigh evidence and satisfy itself that subject matter jurisdiction exists. Fed. R. Civ. P. 12(b)(l). "Article III's case-or-controversy requirement imposes an 'irreducible constitutional minimum of standing.'" *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quoting *Lujan*, 504 U.S. 555, 560-561 (1992). To satisfy Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. U.S. Const. art. 3, § 2, cl. 1; *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

As to showing injury in fact, a plaintiff must "implicate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Gabriel v. Outlaw*, No. 3:20-cv-60-K-BK, 2002 WL 617628, * 1 (N.D. Tex. Feb. 14, 2022) (quoting *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted)). Next, the causation prong requires the injury to be "fairly traceable to the defendant's allegedly unlawful conduct." *Nat'l Park Hosp. Ass 'n v. Dept. of Interior*, 538 U.S. 803 (2003) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Finally, "redressability requires that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. Notably, "the party invoking federal subject matter jurisdiction bears the burden of

establishing each element [of the standing requirement]." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

After reviewing the pleadings, the Court concludes that Yan has failed to establish standing for any of his claims against Judge DeAngelis. As in Judge Pittman's case, Yan's claims against Judge DeAngelis fail to satisfy the case or controversy requirement. Yan argues that the continued garnishment of his wages constitutes an ongoing harm that gives him standing. ECF No. 59 at 16. However, Yan has no case or controversy with Judge DeAngelis. *See Collins,* 2020 WL 4296376 at *4; *Bailey*, 2018 WL 3321461 at *5. If Yan disagrees with a ruling over his ongoing disputes with his former wife, he can appeal any such ruling in state court. However, he does not have a remedy in federal court directly against a state judge for damages or injunctive relief. *See Machetta v. Moren*, 726 F. App'x 219, 219-20 (5th Cir. 2018) ("no case or controversy exists between 'a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'" (quoting *Bauer v. Texas*, 341 F.3d 352, 361 (5th Cir. 2003)).

While Yan's pleadings include an amalgam of exceptional allegations, his arguments are predicated on the untenable position that he has standing to sue in federal court for unfavorable outcomes in a state court proceeding. Fifth Circuit precedent is clear that he does not. *See, e.g., Machetta,* 726 F. App'x at 219-20 (5th Cir. 2018) (internal citation omitted) (providing that a disgruntled family court litigant lacked standing to sue the family law judge in federal court for an unfavorable decision); *see also Stewart v. Wells*, No. 4:19-cv-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020) (recommending that a state family litigant's claims against Judge

DeAngelis be dismissed for lack of standing), *rec. adopted*, No. 4:19-cv-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020).

Consequently, the Court finds that there is no case or controversy as to Yan's claims against Judge DeAngelis arising from her application of law and issuance of orders that were unfavorable to Yan. Because there is no "case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Machetta*, 726 F. App'x at 220 (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)). Judge O'Connor should dismiss Yan's claims against Judge DeAngelis without prejudice. *See Ehm v. San Antonio City Council*, 269 F. App'x 375, *1 (5th Cir. 2008) (dismissing without prejudice a pro se plaintiff for lack of standing).

### C.    Judge DeAngelis is entitled to judicial immunity.

Even if Yan had standing to bring his claims against Judge DeAngelis, dismissal is proper because she enjoys judicial immunity from civil actions for any judicial act over which her court has jurisdiction. *Stump*, 435 U.S. at 356 (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11. Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id*. Repeatedly, district courts have stated that judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Ramirez v. Abdal Khallaq*, 4:17-cv-093-Y, 2019 WL 764420, *3 (N.D. Tex. Feb. 21, 2019); *Morgan v. City of Fort Worth, Tex.*, 4:13-cv-004-Y, 2013 WL 3196580, *2 (N.D. Tex. June 25, 2013) (involving, among others, a Tarrant County associate family law judge); *see Mireles*, 502 U.S. at 11 (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988) & *Stump*, 435 U.S. at 360); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

A plaintiff can overcome absolute judicial immunity only if he shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Judicial immunity applies to a civil RICO action. *See e.g., Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well-established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.") (citing *Sparks v. Duval Ranch Co*., 604 F.2d 976 (5th Cir. 1979); *see also Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989 (5th Cir. 1993) (judicial and quasi-judicial immunity apply in a civil RICO action).

Yan does not allege that Judge DeAngelis's actions were nonjudicial in nature or that she took them in the complete absence of all jurisdiction. Rather, he uses conclusory labels like "*ultra vires*" to assume that immunity does not apply because "DeAngelis outsourced Barrows to perform a judicial act…" ECF Nos. 9 at 13, 49 at 26. However, Yan even admits that Judge DeAngelis issued the orders that are the subject of his complaint. *See* ECF No. 9 at 13. Simply claiming that issuing orders was an *ultra vires* act does not make it so. Because the complained-of conduct by Judge DeAngelis was judicial in nature and was undertaken pursuant to the jurisdiction of the 325th Judicial District Court of Tarrant County, Texas, Judge DeAngelis is entitled to absolute judicial immunity. *See* Tex. Gov't Code Ann. § 24.633 (West 2024) (creating the 325th Judicial District Court in Tarrant County, Texas); Tex. Fam. Code Ann. § 201.005 (West 2024) (concerning nature of cases that can be referred to an associate family law judges); *Id.*, § 201.017 ("An associate judge … has the judicial immunity of a district judge.").

## D.     *Res judicata* bars Yan's § 1983 and RICO claims.

*Res judicata* bars Yan's claims under RICO and § 1983. Ordinarily, *res judicata* is an affirmative defense that cannot be brought in a motion to dismiss, but instead must be pleaded in an answer. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, dismissal under Rule 12(b)(6) is appropriate if "*res judicata* is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citation omitted). It is apparent that Yan's claims repeat what he asserted in his earlier cases filed against the Defendants in Judge Pittman's case and which were dismissed there.

Federal *res judicata* rules control the preclusive effect of a federal court judgment. *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994). Under those rules, *res judicata* bars a subsequent action if: 1) the parties to both actions are identical or in privity; 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citation omitted).

Yan made nearly identical allegations against Barrows and Pigg in Judge Pittman's case, which claims were dismissed. *See* ECF Nos. 60 at 2, 148 in Judge Pittman's case. Specifically, Judge Pittman dismissed Yan's §1983 claims against Tarrant County without prejudice for lack of standing; claims against Judge DeAngelis, who is judicially immune, without prejudice for lack of standing; and RICO claims against the State Bar and attorney defendants, including Barrows, with prejudice for failing to state a claim on which the court may draw a reasonable inference of an alleged violation. ECF No. 148 in Judge Pittman's case. Yan appealed this case to the Fifth Circuit,

16

where it is currently pending. *See Yan v. State Bar of Texas*, No. 4:23-cv-758-P-BJ, 2024 WL 1739368 (N.D. Tex. 2024), *appeal docketed*, No. 24-10543 (5th Cir. June 17, 2024). In the Second Amended Complaint in the pending case, Yan again sues Barrows and Pigg for allegedly violating RICO and violating his constitutional rights. Thus, these two defendants are identical to those in Judge Pittman's case.

This Court, a court of competent jurisdiction, entered final judgment against him on the merits of his RICO and § 1983 claims against Barrows and Pigg. *See* ECF No. 148 at 18 in Judge Pittman's case. As in the pending case, Yan's Complaint in Judge Pittman's case only offered conclusory allegations that Barrows secured court orders by fraud and perjury, engaged in money laundering, wire and mail fraud, and deprived Yan of constitutional rights. See ECF No. 148 at 15 in Judge Pittman's case. Yan also asserted "numerous constitutional and civil-rights deprivations, an antitrust claim, and claims for fraud and civil conspiracy (among other more nebulous causes of action)." *Id*. at 148 at 2.

In both cases, Yan uses the same claims to attack previous unfavorable divorce orders. In Judge Pittman's case, he alleged that defendants engaged in RICO and § 1983 violations when the state court ordered him to pay fees and spousal support. *See* ECF No. 60 at 2, 37-49, 62-81  in Judge Pittman's case. His Second Amended Complaint here asserts RICO and § 1983 claims under the theory that various defendants concealed cash income to achieve a more favorable divorce order under the guise of financial abuse. *See* ECF No. 9 at 19. He alleges that these divorce orders were the product of fraud and that "[Barrows], [Pigg], and [Judge DeAngelis] colluded to enter a writ of garnishment to his case under the alleged fraudulent TRO" in violation of the Fifth and Fourteenth Amendment. *Id*. at 12. Likewise, Yan asserts in both cases violations of § 1983 and RICO to attack the validity of previous court orders in his divorce case. *Compare Yan*, ECF No.

17

60 at 25 in Judge Pittman's case with ECF No. 9 at 3-4, and 12-15. In both cases, he claims that Judge DeAngelis' orders are "fraudulent." *Compare* ECF No. 60 at 25 in Judge Pittman's case with ECF No. 9 at 12 here.

Though there are slight differences in the pleadings, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013). Moreover, "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000). Finally, a complaint is subject to dismissal "when it raises claims arising out of a common nucleus of operative fact that could have been brought in the prior litigation." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Because Yan's claims under § 1983 and RICO in Judge Pittman's case and the pending case arise from the common subject matter of his Tarrant County divorce litigation and subsequent state court orders, res judicata precludes him from raising them in the pending case.

Judge Pittman's case involved the same claims and shared many defendants with this action, thus satisfying prong (1) and (4) as to defendants Barrows and Pigg. Prong (2) is satisfied because a court of competent jurisdiction rendered that judgment, and prong (3) is satisfied because dismissals with prejudice are considered "on the merits" for claim preclusive purposes. *Brooks*, 336 F.3d at 362. As a result, res judicata bars this lawsuit against Barrows and Pigg, and Judge O'Connor should dismiss those claims accordingly.

The only defendants in the pending case that Yan did not name in Judge Pittman's case are Panopyra LLC, Fuyan Wang, Jiayin Zheng, and Yuanli Tang. Yan's claims against these defendants should be dismissed because they also arise from Yan's Tarrant County divorce

litigation. *See Ellis,* 2021 WL 260428 at *3. In the pending case, Yan alleges that Wang, Zheng, and Tang violated various RICO statutes by concealing cash transactions through tax evasion, money laundering, and impermissible structuring tactics. ECF No. 9 at 8. As discussed above, the common nucleus of operative fact in both cases revolves around the validity of previous Tarrant County family court orders. However, the addition of new defendants or claims does not transform this case into a proper vehicle for the re-litigation of claims previously asserted against any defendants. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Federal courts have inherent power to dismiss frivolous lawsuits. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-08 (1989). "District Courts have the inherent authority to dismiss a pro se litigant's frivolous or malicious complaint sua sponte even when the plaintiff has paid the required filing fee." *Pope v. Mountcastle Mortg. Corp.*, No. 3-11-cv-1689-B, 2011 WL 4986927 (N.D. Tex. Oct. 18, 2011). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (stating the standard for determining frivolity under Section 1915(d))). The Court has considerable discretion in determining whether a claim is factually frivolous. *See id*. Here, the Court should dismiss with prejudice all claims against Barrows, Pigg, Panopyra, Wang, Zheng, and Tang as duplicative. *See Pittman*, 980 F.2d at 995 (5th Cir. 1993); *Ellis*, 2021 WL 260428 at *3.

Yan is proceeding *pro se*, and the Court affords him latitude in his pleadings as required by *Estelle v. Gamble*. However, given Judge Pittman's dismissal of Yan's previous federal suit, and the extensive pleadings filed in the pending case, it appears that Yan has pleaded his best, albeit meritless, case against the Defendants here. He has amended his Complaint and responded to Defendants' Motions to Dismiss. Nevertheless, he has failed to state a claim that survives the

motions to Dismiss. Judge O'Connor should dismiss Yan's claims under RICO and § 1983 against the defendants discussed above without leave to amend his pleadings.

### E. The Court should abstain from considering Yan's claims against the remaining defendants.

Yan's case implicates the third "exceptional circumstance" of the *Younger* abstention *doctrine* concerning "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73. Federal courts previously have abstained from ruling on cases that are inextricably connected to the important state interest of child support. *See*, *e.g.*, *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, *1 (5th Cir. 2004) (abstaining under *Younger* from ruling on father's challenge to a California state action that affected custody and child support).

When one of the three exceptional circumstances applies, "the *Younger* doctrine requires that federal courts decline to exercise jurisdiction when three conditions are met: '(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Marlett*, 2018 WL 5723163, at *2 (quoting *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012)). If these conditions are met, the court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982).

Here, the Court should abstain because all three conditions are met. Continuation of this case would interfere with ongoing state court proceedings because the very relief Yan requests interferes with the state's custody decree and subsequent enforcement actions. ECF No. 9 at 15-16. Moreover, family and child custody and support issues are important state interests. *See Moore*

20

*v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (holding that federal courts traditionally refuse to exercise diversity jurisdiction in domestic relations cases because of "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts"). Finally, the pending state court action, and the right to appeal adverse judgments to the applicable state appellate court, afford Yan an adequate opportunity to litigate his claims. *See Middlesex Cty.*, 457 U.S. at 435.

Even though Yan asks this Court to issue preliminary and permanent injunctions in seemingly unrelated issues, the effect of these inunctions would effectively rule on the validity of an ongoing state child support order that requires Yan to make child support payments. *See* ECF No. 9 at 15-16. Therefore, any constitutional questions regarding the validity of his child support payments must be brought in state court as the Court should abstain from ruling under the *Younger* doctrine. On the facts presented here, and because Yan has not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining his claims under *Younger* and dismiss his claims against Panopyra, Wang, Zheng, and Tang without prejudice. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) (stating that "[u]nder *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."); *see also Foster v. City of El Paso*, 308 F. App'x 811, 1 (5th Cir. 2009) (dismissal under *Younger* abstention without prejudice).

**F.    The Court should decline to exercise supplemental jurisdiction over Yan's state law claims.**

Finally, Yan asserts that Barrows, Pigg, and DeAngelis committed fraud and conspiracy under Texas and Minnesota law and that Pigg committed malpractice, breached his fiduciary duty, and negligently misrepresented facts to him. ECF No. 9 at 17, 19, 20, 23. Although the Court has federal question jurisdiction over Yan's claims for violation of § 1983 and RICO, the Court has only supplemental jurisdiction over Yan's state law claims because the parties are not of diverse citizenship and no other ground of subject matter jurisdiction exists on the facts alleged. Yan's state law claims do not raise any issues of federal law. Accordingly, the Court should decline to exercise supplemental jurisdiction over these claims and instead dismiss them without prejudice to Yan's right to bring them in an appropriate state court. *See Pennie*, 225 F. Supp. 3d at 677 n.5.

## IV.    CONCLUSION

After considering the pleadings in the pending case, the Findings, Conclusions, and Recommendations, and Judgment entered in Judge Pittman's case against many of the same defendants before the Court now, and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor (1) **GRANT** the Defendants' Motions to Dismiss (ECF No. 16, 29) and **DISMISS** Plaintiff's claims against the State and Judge DeAngelis **WITHOUT PREJUDICE**; (2) **GRANT** Pigg's Motion to Dismiss (ECF No. 33) and **DISMISS** Plaintiff's claims against him **WITH PREJUDICE**; (3) **GRANT** Barrow's Motion to Dismiss (ECF No. 47) and **DISMISS** Plaintiff's claims against her **WITH PREJUDICE**; (4) **ABSTAIN** from exercising jurisdiction over the remaining Defendants Panopyra LLC, Fuyan Wang, Jiayin Zheng, and Yuanli Tang and **DISMISS** Plaintiff's claims against them **WITHOUT PREJUDICE**; (5) and **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims, and **DISMISS** those claims **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 16, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE