IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CONGHUA YAN**<br>*Plaintiff*,<br><br>v.<br><br>**THE STATE OF TEXAS**, *et al.*<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§   Case No. 4:24-cv-00579<br>§<br>§<br>§<br>§<br>§ |

**STATE OF TEXAS RESPONSE TO PLAINTIFF'S OBJECTION RE REPORT AND RECOMMENDATION FOR DISMISSAL**

TO THE HONORABLE JUDGE REED C. O'CONNOR:

COMES NOW Defendant, the State of Texas, and files this Response to Yan's (Plaintiff) Objections to the Report and Recommendation (R&R) of the United States Magistrate Judge. Dkt. 63. Because Plaintiff fails to raise any meritorious objections to the Magistrate Judge's R&R, the Court should accept the recommendations of the Magistrate Judge and dismiss Plaintiff's claims in its entirety against the State of Texas.

**I.   STANDARD OF REVIEW**

"The district judge must determine do novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also 28* U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . ."). When parties do not file written objections, courts apply a "clearly erroneous, abuse of

1

discretion and contrary to law" standard of review to a report and recommendation." *Martinez v. Kijakazi*, No. EP-22-CV-135-KC-ATB, 2023 WL 3028103, at *1 (W.D. Tex. Apr. 20, 2023) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.")).

## II.     ARGUMENTS AND AUTHORITIES

### A. Specific Objections Related to The State of Texas.

In his Response, Plaintiff objects to the dismissal of his claims against the State of Texas regarding the following legal determination: 1) that the Findings, Conclusions, and Recommendation (FCR) erred by finding the wrong facts of the case and disregarded Yan's factual allegations (Dkt. 64 at 8); 2) the FCR abandoned the principle of stare decisis (*Id*. at 10); 3) "the FCR erroneously concluded that sovereign immunity bars 1983 claim against the state because *Young* does not apply" (*Id*.); and 4) the Magistrate Judge and this Court "should abstain from entertaining [Plaintiff's] . . . claims under *Younger* . . . ." Dkt. 64 at 18. Each of these objections should be overruled, and the Court should adopt the FCR in its entirety.

### 1. The Magistrate Judge Did Not Err in His Factual Findings.

In his Objections, Plaintiff fails to establish how the Court has jurisdiction over the State of Texas. Dkt. 64 at 8. Instead of addressing this fundamental issue, Plaintiff states that the Magistrate Judge erred by finding the wrong facts of the case. *Id*. The Magistrate Judge correctly notes that "Yan sues the State, various lawyers involved in his previous divorce suit, and others involved in an alleged conspiracy to conceal money laundering, violate his rights secured under the United States Constitution, and miscellaneous claims regarding fraud under Texas and Minnesota law." Dkt. 63 at 2. The Magistrate Judge further noted that "these claims arise out of

Yan's disagreements with an underlying state divorce action." *Id*. In his Objection, Plaintiff states that "the divorce action actually arose from Yan's attempt to expose Defendant Fuyan Wang's money laundering activities." Dkt. 64 at 8.

Plaintiff's objection fails to refute these findings with any new or compelling evidence. Instead, he merely reiterates his prior assertion that "the divorce action actually arose from Yan's attempt to expose Defendant Fuyan Wang's money laundering activities." *Id*. However, Plaintiff's characterization of the events does not alter the Magistrate Judge's well-reasoned conclusion that his claims stem from state court proceedings. Plaintiff offers no factual basis to suggest that the Magistrate Judge misrepresented the underlying facts, nor does he present any new evidence that would warrant reconsideration of the court's findings.

Accordingly, Plaintiff's objection should be disregarded, as it does not establish any factual or legal error in the Magistrate Judge's analysis.

### 2. The Magistrate Judge Did Not Abandoned The Principle of Stare Decisis.

In his Objection, Plaintiff states, "Sovereign immunity is in place to bar action seeking recovery of money from the state." Dkt. 64 at 10. "Yan never sought to seek recovery of money from the State." *Id*. However, the issue before this Court is not a factual dispute regarding Plaintiff's prior divorce proceedings or money damages, but whether the Court has jurisdiction— an essential threshold requirement that Plaintiff has failed to satisfy. The Magistrate Judge correctly concluded that:

> Under the Eleventh Amendment of the Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Because the State has not consented and Congress has not abrogated the State's immunity, the Eleventh Amendment bars Yan's claims against the State.

Dkt. 63 at 10.  The Magistrate Judge also correctly concluded that "because Yan's claims under § 1983 . . . in Judge Pittman's case and the pending case arise from the common subject matter of his Tarrant County divorce litigation and subsequent state court orders, res judicata precludes him from raising them in the pending case." Dkt. 63 at 18.

Plaintiff also asserts that "Yan never sought to seek recovery of money from the State." Dkt. 64 at 10. Yet, he simultaneously acknowledges that "the Court should reward Plaintiff compensatory damages pursuant to the claims herein, in an amount of no less than $350,000 . . . ." Dkt. 9 at 11.

This argument ignores the well-established doctrine of sovereign immunity, which does not merely protect against monetary liability but serves as a bar to suit. Courts have recognized that sovereign immunity encompasses both immunity from liability and immunity from private suits. As the Fifth Circuit has explained, "The presupposition or concept of state sovereign immunity 'has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Meyers v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005) (citing *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 634 (1999) (quoting *Hans v. Louisiana*, 134 U.S. 1, 13 (1890))). Therefore, contrary to Plaintiff's erroneous assertion that the Magistrate Judge disregarded the principle of stare decisis, the Magistrate Judge properly adhered to established precedent. The doctrine of sovereign immunity unequivocally bars Plaintiff's claims.

Accordingly, Plaintiff's attempt to circumvent sovereign immunity by framing his claims as requests for declaratory or injunctive relief is unavailing.

### 3. The Magistrate Judge Properly Determined That *Ex parte Young* is Inapplicable.

In his Objection, Plaintiff states that "the most erroneous part is that neither Yan nor the State has pleaded that the state court disposed of that case, and the State never argued that there is no potential for ongoing federal law violations." Dkt. 64 at 12.

The Magistrate Judge correctly indicated that "there are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001)." Dkt. 63 at 10. None of these exceptions apply here.

Plaintiff is attempting to sue the State of Texas itself, as well as Tarrant County family court Judge DeAngelis in her official capacity.[1] The Magistrate Judge indicated that "[T]he exception to Eleventh Amendment immunity under *Ex Parte Young* is unavailable to Yan on all claim under § 1983 against the State." Dkt. 63 at 11. That is appropriate because the State of Texas is not a person within the meaning of § 1983. Dkt. 63 at 7-8.

### 4. The Magistrate Judge Properly Determined That Abstention is Warranted.

Plaintiff states that "these Defendants never pleaded *Younger* abstention under the RICO claim. The FCR advocated on behalf of the Defendants, departing from the party presentation principle." (cleaned up) Dkt. 64 at 18.

---

[1] Any claim against the State through Judge DeAngelis in her official capacity is barred for the reasons thoroughly set forth in Judge DeAngelis's Motion to Dismiss. *See* Dkt. 29. Plaintiff's claims fail under well-established principles of sovereign immunity, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.

The Magistrate Judge correctly indicated "Yan's case implicates the third exceptional circumstance of the *Younger* abstention doctrine concerning civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Dkt. 63 at 20. (internal quotation omitted).

Plaintiff's assertion that Defendants never invoked the *Younger* doctrine is incorrect. Dkt. 64 at 18. Defendant Judge DeAngelis explicitly argued that the Court should abstain from interfering in state divorce proceedings. Dkt. 29 at 13. *See Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *2 (N.D. Tex. Oct. 23, 2018) ("But, even if jurisdiction exists, 'a federal court should abstain from interfering in an ongoing child support proceeding under *Younger v. Harris*, 401 U.S. 37 (1971).") (citing *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007); *Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009)).

Moreover, even if no Defendant had raised the *Younger* doctrine, the Court has a non-discretionary, ongoing duty to assess its own jurisdiction. Federal courts must independently ensure jurisdiction exists at all stages of litigation and may raise the issue sua sponte when necessary. "This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (citing *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019) (per curiam)).

The Magistrate Judge rightfully notes that "even though Yan asks this Court to issue preliminary and permanent injunctions in seemingly unrelated issues, the effect of these inunctions would effectively rule on the validity of an ongoing state child support order that requires Yan to make child support payments." *Id*. at 21. It is well-settled that this Court lacks jurisdiction to issue orders directing a state trial court to take specific actions. Dkt. 63 at 8-9, 20-21. The state trial court retains continuing, exclusive jurisdiction over the domestic relations and child

custody/support proceedings that are the crux of Yan's current complaint, and dismissal of his suit on abstention grounds is warranted. *Id*.

### III.   CONCLUSION

This Court should overrule Plaintiff's Objections and adopt the Report and Recommendation of the Magistrate Judge. Dkt. 63.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General
Texas Bar No. 24133175
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
roy.adams@oag.texas.gov
**LEAD COUNSEL FOR DEFENDANT THE STATE OF TEXAS**

### CERTIFICATE OF SERVICE

I certify that on February 12, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record. Also, a certified copy of this Motion was mailed to Plaintiff. Tracking number: 9589 0710 5270 0480 2437 10

**Conghua Yan**
2140 E Southlake Blvd Suite L-439
Southlake, TX 76092
214-228-1886
Email: arnold200@gmail.com

**PLAINTIFF PRO SE**


*/s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General