IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. [4:24-cv-00579-O-BP] |
| THE STATE OF TEXAS et al., | ) |
|     Defendants. | ) |

**MOTION TO ALTER OR AMEND A JUDGMENT AND TO REVISE AN ORDER**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

    This matter is before the Court on Plaintiff's motion to alter or amend a judgment, [ECF No. 67] (aka "the Judgment") pursuant to Federal Rule of Civil Procedure 59(e) and to revise an order, [ECF No. 66] (aka "the Order") pursuant to Federal Rule of Civil Procedure 54(b).

    This Court's Judgment dated March 6, 2025 [ECF No. 67] and its preceding order dated March 6, 2025 [ECF No. 66] erred by dismissing this case.

## I.    FACTS

### A. Procedural History

1. On June 20, 2024, Plaintiff filed an original complaint to this Court.
2. On October 10, Plaintiff filed second amended complaint (aka "the Complaint") to this Court. Summons were issued on October 16. All Defendants were served after October 16.
3. Defendant Panopyra PLLC, Fuyan Wang and Yuanli Tang filed answers represented by a counsel, but their counsel has not appeared to the Court as of today.
4. Defendant Panopyra PLLC failed to file a mandatory corporate disclosure statement to comply with Fed. R. Civ. P. 7.1 as of today.
5. Defendant Jiayin Zheng has not responded to the Complaint as of today.

6. Defendant Willaim Pigg, Leslie Barrows, Lori DeAngelis and the State of Texas filed Motion to Dismiss.

7. On Jan 5, 2025, the magistrate issued FINDINGS, CONCLUSIONS, AND RECOMMENDATION ("FCR"). [ECF No. 63]

8. On Jan 29, 2025, Plaintiff timely filed objection to FCR. [ECF No. 64]

9. On Feb 12, 2025, the State of Texas filed Response to the Objection. [ECF No. 65]

10. On March 6, 2025, this Court rendered an order [ECF No. 66] adopted all Findings, Conclusions, and Recommendation and ORDERED to dismiss without prejudice federal claims against the State of Texas and Lori DeAngelis, to dismiss with prejudice federal claims against the Leslie Barrow and William Pigg, to dismiss without prejudice federal claims against Panopyra LLC, Fuyan Wang, Jiayin Zheng, and Yuanli Tan, and to dismiss without prejudice all state claims.

11. Pursuant to FRCP Rule 58 and the preceding order, this Court issued the judgement [ECF No. 67] and ORDERED, ADJUDGED, and DECREED entire referring civil action.

## II.     This Order/Judgment omitted controlling fact

   A. **Defendant Lori DeAngelis is a state statutory associate judge, not a state-elected judge, pursuant to Article III of the Texas Constitution.**

12. In the Complaint, Plaintiff has pleaded Defendant Lori DeAngelis as a former associate judge of 325th associate judge's court.

13. The FCR erred by identifying Defendant Lori DeAngelis as a judge of the 325th District Court. This overlooked fact is dispositive to the motion to dismiss because the jurisdiction subject matter in the Lori DeAngelis's associate judge's court determines a controlling issue of law—judicial immunity—raised under the 1983 claim.

14. Whether Defendant Lori DeAngelis was a former associate judge of the 325th Associate Judge's Court or a former district judge of the 325th District Court is a question of fact, not a question of law. Determining a question of fact requires evidence and does not involve

14.     the exercise of judicial discretion. At the Rule 12 motion to dismiss stage, Plaintiff's facial allegations must be presumed true, and Plaintiff has correctly and facially alleged that Defendant Lori DeAngelis was a former associate judge of the 325th Associate Judge's Court.

15.     The FCR and Order/Judgment erred by committing a manifest injustice in falsely finding that Defendant Lori DeAngelis is a district judge of the 325th District Court—a claim that appears nowhere in the briefing.

### B. The Order/Judgment overlooked the fact that the state judicial action arose from a fraudulent order issued without any pleading filed and without a hearing held.

16.     In the Complaint, Plaintiff has alleged that he was deprived of due process because the court entered a fraudulent restraining order by exploiting an irregular backdoor filing process, without an actual pleading or hearing on that cause of action.

17.     The FCR erred by overlooking the fact of "without an actual pleading or hearing on that cause of action". This overlooked fact is dispositive to the motion to dismiss because it determines a controlling issue of law—structural error—argued in the objection to the motion to dismiss all 1983 claims.

18.     Whether there was a pleading or hearing is a question of fact, not a question of law. Determining a question of fact requires evidence and does not involve the exercise of judicial discretion. At the Rule 12 motion to dismiss stage, Plaintiff's facial allegations must be presumed true, and Plaintiff has correctly and facially alleged that there was no pleading or hearing for the civil cause of action of the fraudulent restraining order.

19.     The FCR and Order/Judgment erred by ignoring the fact.

## III. The judge has no discretion to proceed in the ignorance of lacking mandatory corporate disclosure statement.

20.     It is evident that Defendant Panopyra PLLC failed to file a mandatory corporate disclosure statement to comply with Fed. R. Civ. P. 7.1 as of today. "The language of the Rules is mandatory." *Stewart v. Screen Gems-EMI Music, Inc.*, Case No. 14-cv-04805-JSC, 3 (N.D. Cal. Jan. 13, 2015).

21. The Committee Notes on Rule 7.1 is very clear,

    "**COMMITTEE NOTES ON RULES-2002** Rule 7.1 is drawn from Rule 26.1 of the Federal Rules of Appellate Procedure…The information required by Rule 7.1(a) reflects the "financial interest" standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support **properly informed disqualification** decisions in situations that call for **automatic disqualification** under **Canon 3C(1)(c).** … Although the disclosures required by Rule 7.1(a) may seem limited, they are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect."

22. This case is a RICO claim involving Defendant Panopyra PLLC, an alleged RICO enterprise engaged in approximately $100,000 in cash money laundering through financial institutions, real estate acquisitions, and legal fee payments. Rule 7.1 is mandatory. In the absence of a mandatory corporate disclosure statement, this Court and all parties are not **properly informed** about concerns related to disqualification decisions under the judicial canon. There is no presumed basis permitting a judge of this Court to assess the likelihood of disqualification based on financial information the judge may not know or recall.

23. Canon 1 of the Code of Conduct for United States Judges states: "A judge should uphold the integrity and independence of the judiciary." Judicial independence cannot endure without judicial integrity.

24. Proceeding to dismiss this case, knowing that the mandatory corporate disclosure statement was not proper informed will cause an appearance of impropriety and erode public confidence in judicial impartiality.

## IV. The Order/Judgment prejudices Plaintiff by dismissing his claims against Defendants who have not answered the pleading or formally appeared.

25. "As a general rule, an issue is "actually litigated" only when it is properly raised by the pleadings, submitted for a determination, and actually determined." Matter of Gober, 100 F.3d 1195, 1203 (5th Cir. 1996).

26. "A motion to dismiss that has been briefed and ruled upon satisfies the "actually litigated" burden." *Kelly v. First NBC Bank*, Civil Action 24-91, 6 (E.D. La. Mar. 8, 2024).

27. Defendant Jiayi Zheng was granted a dismissal without prejudice without answering to this Court. As of today, Defendant Jiayi Zheng was proper served but she has not appeared to the court and performed any actual responsive litigation. This Court granted Defendant Jiayi Zheng a gifted dismissal without prejudice. Since this dismissal issue was not briefed, Plaintiff had no idea what rule or authority this dismissal was decided upon.

28. It is unprecedented and an error breaching of fundamental litigation principles that a Plaintiff may sue a Defendant in a subsequent proceeding for the same cause of action, but not in the present case, in the absence of Defendant's responsive pleading.

29. The same error applies to the dismissal without prejudice of Panopyra LLC, Fuyan Wang, and Yuanli Tan, who never appeared, pleaded and briefed any reason for dismissal. Yet, this Court arbitrarily and capriciously granted a dismissal without prejudice, allowing Plaintiff to sue these Defendants in a subsequent proceeding for the same cause of action, but not in the present case. Since this dismissal issue was not briefed, Plaintiff had no idea what rule or authority this dismissal was decided upon.

30. Public confidence in judicial impartiality will be harmed if the appearance of the Fort Worth judiciary is that a Plaintiff may not proceed with a case if the co-Defendant includes a resourceful lawyer or judge, but may proceed if no such individual is involved.

31. The Order/Judgment additionally erred by creating this type of impression to the public.

## V.   Whether this act is structural error is a controlling issue.

32. A state court restraining order entered without a pleading or hearing constitutes structural error and is a controlling constitutional issue in this case. The FCR and the Order/Judgment erred by circumventing the need to make a determination.

## VI.   Conclusion

33. The errs in the Order/Judgment is facial. The Supreme Court emphasized, "errors affecting the fairness, integrity, or public reputation of judicial proceedings" warrant relief (*Rosales Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018)).

34. Justice SCALIA has pointed out, "[w]hat above all else is eroding public confidence in the Nation's judicial system is the perception that litigation is just a game, that the party with the most resourceful lawyer can play it to win, [pro se always lose] that our seemingly interminable legal proceedings are wonderfully self-perpetuating but incapable of delivering real-world justice." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 903 (2009).

## VII.   Prayer for Relief

35. Based on the foregoing, Plaintiff prays for the following relief:

    A.   Revoke and/or vacate the March 6, 2025, judgment [ECF. No. 67].

    B.   Revoke and/or vacate the March 6, 2025, order [ECF. No. 66].

Respectfully submitted,

/s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]

## **CERTIFICATE OF SERVICE**

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (April 1, 2025).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]
