IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONGHUA YAN** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:24-cv-00579 |
| | § | |
| **THE STATE OF TEXAS,** *et al.* | § | |
| *Defendants.* | § | |

**STATE OF TEXAS' MOTION OPPOSING PLAINTIFF'S MOTION TO MODIFY FINAL JUDGMENT (DOCKET NO. 68)**

TO THE HONORABLE JUDGE REED C. O'CONNOR:

Defendant, the State of Texas, files this Response in Opposition to Plaintiff's Motion to Modify this Court's Dismissal Order pursuant to Federal Rules of Civil Procedure 59(e) and 54(b). *See* FED. R. CIV. P. 59(e), 54(b). The State of Texas respectfully requests that the Court deny Plaintiff's Motion to Modify the Final Judgment (Dkt. 67) because Plaintiff has not presented *any* newly discovered evidence and has failed to address the arguments raised in the State's Motion to Dismiss. *See* Dkt. 16.

**I.    BRIEF BACKGROUND**

Plaintiff filed suit against the State of Texas and various individuals involved in his prior divorce proceedings, alleging a conspiracy to conceal money laundering, violate his constitutional rights, and commit fraud under Texas and Minnesota law. Dkt. 63 at 2. His claims stem from disputes over a state court divorce proceeding, including allegations that the court improperly ordered him to pay attorneys' fees and spousal support and that defendants colluded against him.

1

*Id*. Plaintiff further asserts that Judge DeAngelis, in her official capacity, participated in issuing a fraudulent temporary restraining order (TRO) and a writ of garnishment that allegedly violated his due process rights. *Id*. at 3. The Court adopted the Magistrate Judge's *Report and Recommendation* and dismissed the case based on slew of jurisdictional doctrines and barriers to suit: Sovereign Immunity, Lack of Standing, Judicial Immunity, *Res Judicata*, and the *Younger* Abstention Doctrine. Dkt. 63 at 10, 12, 14, 16, 20. Plaintiff now moves to modify the Final Judgment based on arguments that were previously raised and rejected by this Court – precisely that this Court erred in its findings to dismiss the case. Dkt. 68.

## II.  STANDARD OF REVIEW

### A.  Rule 59(e) Motion

A Rule 59(e) motion titled "New Trial; Altering or Amending a Judgment," is considered when there is (1) an intervening change in controlling law, (2) newly discovered evidence previously unavailable, or (3) a need to correct a manifest error of law or fact. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). This motion is a one-time effort to allows a district court to correct its own errors and avoid unnecessary appeals. *Banister v. Davis*, 590 U.S. 504, 508, 516, 508 (2020). However, the motion is not a vehicle for rearguing evidence, legal theories, or presenting issues that could have been raised earlier. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Courts grant Rule 59(e) relief sparingly, as it is an extraordinary remedy. *Id*.

B.    **Rule 54(b) Motion**

The court need only enter an interlocutory order because motions to reconsider pursuant to Federal Rule of Civil Procedure 54(b) are interlocutory. *Lee v. Choudhri (In re Briar Bldg. Hous. LLC )*, 645 B.R. 896, 903 (Bankr. S.D. Tex. 2022).

### III.    ARGUMENTS AND AUTHORITIES

A.    **The Court Should Deny Plaintiff's Motion to Modify the Final Judgment Because It Raises No New Arguments.**

This Court has recognized that Plaintiff's claims are precluded by multiple jurisdictional doctrines and barriers to suit: Sovereign Immunity, Lack of Standing, Judicial Immunity, *Res Judicata*, and the *Younger* Abstention Doctrine. Dkt. 63 at 10, 12, 14, 16, 20.

Plaintiff's motion does not meet any of the recognized grounds for relief under Rule 59(e): an intervening change in controlling law, newly discovered evidence that was previously unavailable, or the need to correct a manifest error of law or fact. *Alexander*, 867 F.3d at 597. Instead, Plaintiff merely rehashes arguments previously raised (Dkt. 64) and rejected before the Court issued its Final Judgment. *See* Dkt. 68; Dkt. 67. This is impermissible. *See Templet*, 367 F.3d at 478–79.

Plaintiff devotes only minimal attention to the State of Texas in the Motion. *Id.* Aside from the case caption and limited procedural references, the State is mentioned only a few times across the seven-page filing. *Id.* Such cursory treatment does not establish a manifest error of law or fact, and is insufficient to support relief under Rule 59(e). *Alexander*, 867 F.3d at 597.

Significantly, Plaintiff does not address the State of Texas' sovereign immunity arguments raised in its Motion to Dismiss. Dkt. 16. As this Court previously held, "Yan neither pleaded nor directed the Court to authority showing that the State has waived immunity or consented to suit

for Texas state law claims. Moreover, the State has not waived its Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983." Dkt. 63 at 11. Plaintiff's Motion does not cure these defects, nor does it cite any legal basis to overcome sovereign immunity. *See generally* Dkt. 68.

Additionally, Plaintiff's Motion to Modify reasserts arguments regarding judicial immunity and the status of Defendant Lori DeAngelis (Dk5. 64 at 14-16), stating she is a "state statutory associate judge, not a state-elected judge," and contends the Court erred by identifying her as a judge of the 325th District Court. Dkt. 68 at 2. However, these factual allegations, even if true, are immaterial to the Court's legal analysis. Dkt. 67. Whether Defendant DeAngelis served as an associate judge or district judge does not affect the applicability of judicial immunity. *See generally* Dkt. 68.

Also, Plaintiff's arguments regarding the alleged lack of a hearing or pleading in the state court proceedings are also misplaced. Dkt. 68 at 3-5. These claims amount to a collateral attack on a state court judgment, which is beyond the jurisdiction of this Court. Dkt. 63 at 10, 12, 14, 16, 20.

Similarly, Plaintiff's concerns regarding the corporate disclosure statement of Defendant Panopyra PLLC are irrelevant to the dispositive legal issues in this case. Dkt. 68 at 1, 3, 4. They do not constitute newly discovered evidence nor do they show legal error justifying reconsideration. *Id*.

Finally, the Supreme Court has emphasized that Rule 59(e) does not provide litigants with a second opportunity to present arguments already considered and rejected. *Banister*, 590 U.S. at 508. That is precisely what Plaintiff seeks to do here. Because Plaintiff has not identified any intervening change in controlling law, newly discovered evidence, or manifest error of law or fact, the Motion to Modify the Final Judgment should be denied.

### B. Rule 54(b) Does Not Apply Because There is a Final Judgment.

Rule 54(b) governs interlocutory orders and applies only where a court adjudicates fewer than all claims or fewer than all parties. *Lee*, 645 B.R. at 903. "The Court's [] Order did not dispose of all parties and all claims, it is not a final judgment, and is thus interlocutory." *Id*. at 904. In contrast, the Court in this case entered a Final Judgment (Dkt. 67) that dismissed all claims against all parties. Because no claims or parties remain pending, the judgment constitutes a final disposition of the case. *Id*. Accordingly, Rule 54(b) does not apply.

## IV.   CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiff's attempt to modify the Final Judgment in Docket 68.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief General Litigation Division

       */s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General
Texas Bar No. 24133175

Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
roy.adams@oag.texas.gov
**LEAD COUNSEL FOR DEFENDANT THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

      I certify that on April 9, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record. Also, a certified copy of this Motion was mailed to Plaintiff. Tracking number: 9589 0710 5270 0480 2438 95

**Conghua Yan**
2140 E Southlake Blvd Suite L-439
Southlake, TX 76092
214-228-1886
Email: arnold200@gmail.com

**PLAINTIFF PRO SE**

       */s/ Roy Adams*
**ROY ADAMS**
Assistant Attorney General

6