IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONGHUA YAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-579-O |
| § | |
| THE STATE OF TEXAS, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are Plaintiff's Motion to Alter or Amend Judgment and to Revise an Order (ECF No. 68), filed April 1, 2025; Defendant the State of Texas's Response (ECF No. 69), filed April 9, 2025; and Plaintiff's Reply (ECF No. 70), filed April 18, 2025. Plaintiff's Motion does not articulate any ground under Federal Rules of Civil Procedural 59(e) or 54(b) that would allow for reconsideration. Having considered the Motion and the applicable law, this Court summarily **DENIES** Plaintiff's Motion.

Beginning with Rule 59(e), it provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A court may do so under Rule 59(e) "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation omitted). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citation omitted). Evidence does not amount to "newly discovered evidence" under Rule 59(e) where a plaintiff could have pursued discovery earlier by proper

diligence or asked the court for additional time but did not. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–65 (5th Cir. 2003).

Importantly, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citation omitted).  Parties cannot use a Rule 59(e) motion to advance their disagreement with the Court's prior analysis in an effort to relitigate issues previously resolved against them. *Assariathu v. Lone Star HMA LP*, No. 3:11-cv-99-O, 2012 WL 12897342, at *3 (N.D. Tex. June 5, 2012) (O'Connor, J.) ("Plaintiffs are essentially attempting to relitigate issues previously resolved against them by advancing their disagreement with the Court's analysis. Such arguments are insufficient to warrant granting the extraordinary relief available under Rule 59(e).").

Having reviewed Plaintiff's Motion, the Court concludes that Plaintiff points to no manifest errors of law or fact, newly discovered evidence, or other reason that reconsideration is warranted under the circumstances.  In fact, Plaintiff's Motion rehashes similar arguments previously rejected by the Court.  The Court identifies no such manifest errors of law or fact in need of correction. Nor is the Court able to identify any reference to newly discovered evidence or some change in controlling law.

As a result, the Court concludes that Plaintiff is merely attempting to relitigate issues previously resolved against him by advancing disagreement with the Court's analysis.  *See Assariathu*, 2012 WL 12897342, at *3.

Turning to Rule 54(b), it does not apply to final judgments, but instead interlocutory orders. *See Ryan v. Phillips 66*, 838 F. App'x 832, 836 (5th Cir. 2020) (explaining that Rule "54(b) governs

review of *interlocutory orders*" (emphasis added)).  So, because the Court issued a Final Judgment in this case, Plaintiff's Motion under Rule 54(b) must fail.

In sum, the Court concludes that Plaintiff does not carry his burden under Rule 59(e) or Rule 54(b) and summarily **DENIES** Plaintiff's Motion. This case remains **CLOSED**.

**SO ORDERED** on this **11th day** of **June, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE